UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci

Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Phillip J. Shefferly

Thomas T. Ritter

Plaintiff,

v.

Joseph G. DuMouchelle and Melinda J. Adducci

Defendants.
_____/

Adversary Pro. No. 20-04381-pjs

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Thomas T. Ritter ("Plaintiff"), by and through his undersigned counsel, provides these Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RESERVATIONS

1. These disclosures are based upon information reasonably available to

Plaintiff as of this date. Continuing investigation and discovery may alter these disclosures. Accordingly, Plaintiff reserves the right to supplement the information disclosed below if additional information becomes available.

2. By making these disclosures, Plaintiff does not represent that any particular document exists within his possession, custody or control.

3. These initial disclosures are made without waiver of, or prejudice to, any objections that Plaintiff may have. Plaintiff expressly reserves all evidentiary and other objections, including, but not limited to, objections on the grounds of (a) relevance, (b) attorney-client privilege, (c) the attorney work-product doctrine, (d) any other applicable privilege or protection under federal or applicable state law, (e) undue burden, (f) immateriality, and (g) overbreadth.

4. Plaintiff reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when he obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

5. Plaintiff expressly reserves the right to identify and call as witnesses additional persons other than those listed below if, during the course of discovery and investigation relating to this adversary proceeding, Plaintiff learns that such additional persons have knowledge of relevant matters.

6. These initial disclosures are made subject to and without limiting any of the foregoing reservations.

## INITIAL DISCLOSURES

1. In accordance with Rule 26(a)(1)(A)(i), the following persons may have discoverable information that Plaintiff may use to support his claims:

a) Plaintiff Thomas A. Ritter

Plaintiff, who may be contacted through his undersigned counsel, has knowledge and information concerning the parties' relationship, the Note that Defendants executed on or about February 19, 2014, The Yellow Rose Purchase Agreement dated January 31, 2019, communications between Plaintiffs and Defendants, Defendants' false and fraudulent representations to Plaintiff, the proceedings and Judgment entered against Defendants in Williams County District Court, Northwest Judicial District, State of North Dakota, and Plaintiffs' damages, among other things.

b) Custodian of Records
MB Financial Bank

The Custodian of Records has knowledge of the Highland Wealth Management account (Account Number ending in 79802), the owner of said account, and the attempted February 1, 2019 wire transfer from Plaintiff to said account.

c) Custodian of Records
   FineMark Bank & Trust

   The Custodian of Records has knowledge of the Fine & Estate Appraisers, LLC account (Account Number ending in 46380), the owner of said account, and the February 4, 2019 attempted wire transfer from Plaintiff to said account.

d) Custodian of Records
   Bank of America

   The Custodian of Records has knowledge of the Fine & Estate Appraisers, LLC account (Account Number ending in 60585), the owner of said account, and the $12 million wire transfer from Plaintiff to said account.

e) William Noble Jewelers

   William Noble Jewelers has knowledge of The Yellow Rose and its disposition.

f) Representatives of the Defendants including, but not limited to, Joseph DuMouchelle and Melinda Adducci, and any record keepers or professionals retained by the Defendants, who may have knowledge regarding the claims and defenses in this adversary proceeding. Plaintiff presumes that such parties are in possession of information that is relevant to the claims and defenses at issue in this proceeding, including, without limitation, knowledge and information related to the Note, The Yellow Rose, including the purported

acquisition thereof and any records related thereto, Defendants' financial records, the false and fraudulent misrepresentations made to Plaintiff, and Defendants' scheme to defraud Plaintiff.

g) Any individuals whose identity may become known during the discovery process.

h) Any experts who become apparent or necessary through the discovery process.

i) Any necessary and appropriate rebuttal witnesses.

2. In accordance with Rule 26(a)(1)(A)(ii), the categories of documents in Plaintiff's possession, custody or control that he may use to support his claims primarily include, but are not necessarily limited to, the Note, the Letter Agreement dated January 31, 2019, the Letter Agreement dated April 12, 2019, written communications between Plaintiff and Defendants, the wire transfer records, the Judgment entered against Defendants in the case styled as *Thomas T. Ritter v. Joseph DuMouchelle, Melinda Adducci a/k/a Melinda DuMouchelle and Joseph DuMouchelle Fine & Estate Jewelers, LLC*, Case No. 53-2019-CV-01186 in the Williams County District Court, Northwest Judicial District, State of North Dakota, all pleadings and other contents of documents of record in the North Dakota court proceeding, the proofs of claim of record, and other documents attached as Exhibits to the Complaint (Defendants are in possession of all of these documents). If

necessary as further investigation and discovery continue, Plaintiff will supplement this disclosure in accordance with the Rules.

3.  In accordance with Rule 26(a)(1)(A)(iii), Plaintiff is entitled to $16,413,214.61, representing the original $12 million that Plaintiff transferred to Defendants for the purchase of The Yellow Rose, plus costs, commission and interest (the "North Dakota Yellow Rose Judgment Amount"), plus $725,817.01, representing the principal and interest unpaid and owing under the Note, as of September 11, 2019 (the "North Dakota Note Judgment Amount," together with the North Dakota Yellow Rose Judgement Amount, the "Judgment Amount"), which was awarded by the Williams County District Court, Northwest Judicial District, State of North Dakota. Plaintiff seeks the full Judgment Amount, plus all costs and attorney's fees incurred by Plaintiff after September 11, 2019.

4.  In accordance with Rule 26(a)(1)(A)(iv), Plaintiff is unaware of any insurance agreements relevant to this action.

Dated: November 24, 2020		Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Hailey R. Kimball (P81031)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@jaffelaw.com
hkimball@jaffelaw.com