# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

    Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Thomas T. Ritter

    Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

    Defendants.
_____/

Adv. Pro. No. 20-04381-lsg

## PLAINTIFF'S SECOND AMENDED INITIAL DISCLOSURES

Plaintiff Thomas T. Ritter ("Plaintiff"), by and through his undersigned counsel, provides these Second Amended Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RESERVATIONS

1. These disclosures are based upon information reasonably available to

Plaintiff as of this date. Continuing investigation and discovery may alter these disclosures. Accordingly, Plaintiff reserves the right to supplement the information disclosed below if additional information becomes available.

2. By making these disclosures, Plaintiff does not represent that any particular document exists within his possession, custody or control.

3. These initial disclosures are made without waiver of, or prejudice to, any objections that Plaintiff may have. Plaintiff expressly reserves all evidentiary and other objections, including, but not limited to, objections on the grounds of (a) relevance, (b) attorney-client privilege, (c) the attorney work-product doctrine, (d) any other applicable privilege or protection under federal or applicable state law, (e) undue burden, (f) immateriality, and (g) overbreadth.

4. Plaintiff reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when he obtains supplemental information, to the extent required by the Rules and the Bankruptcy Rules.

5. Plaintiff expressly reserves the right to identify and call as witnesses additional persons other than those listed below if, during the course of discovery and investigation relating to this adversary proceeding, Plaintiff learns that such additional persons have knowledge of relevant matters.

6. These initial disclosures are made subject to and without limiting any of the foregoing reservations.

## INITIAL DISCLOSURES

1. In accordance with Rule 26(a)(1)(A)(i), the following persons may have discoverable information that Plaintiff may use to support his claims:

a) Plaintiff Thomas T. Ritter

Plaintiff has knowledge and information concerning the parties' relationship, the crimes perpetrated on Plaintiff, the Note that Defendants executed on or about February 19, 2014, together with all amendments, communications and emails related to the same, The Yellow Rose transaction, including, but not limited to, all documents and communications between Plaintiffs and Defendants, Defendants' false and fraudulent representations to Plaintiff, the proceedings and Judgment entered against Defendants in Williams County District Court, Northwest Judicial District, State of North Dakota, and Plaintiffs' damages, among other things.

b) Custodian of Records
MB Financial Bank

The Custodian of Records has knowledge of the Highland Wealth Management account (Account Number ending in 79802), the owner of said account, and the attempted February 1, 2019 wire transfer from Plaintiff to said account.

c)   Custodian of Records
     FineMark Bank & Trust

The Custodian of Records has knowledge of the Fine & Estate Appraisers, LLC account (Account Number ending in 46380), the owner of said account, and the February 4, 2019 attempted wire transfer from Plaintiff to said account.

d)   Custodian of Records
     Bank of America

The Custodian of Records has knowledge of the Fine & Estate Appraisers, LLC account (Account Number ending in 60585), the owner of said account, and the $12 million wire transfer from Plaintiff to said account.

e)   Custodian of Records
     Brinks US

The Custodian of Records has knowledge of whether Defendants ever conducted storage and transfer business with it, including with respect to The Yellow Rose.

f)   William Noble Jewelers

William Noble Jewelers has knowledge of all transactions with Defendants, including but not limited to, all communications and documents related to The Yellow Rose and its disposition.

g)   Representatives of Defendants including, but not limited to, Joseph DuMouchelle and Melinda Adducci, and any record keepers or professionals

retained by Defendants, who may have knowledge regarding the claims and defenses in this adversary proceeding. Plaintiff presumes that such parties are in possession of information that is relevant to the claims and defenses at issue in this proceeding, including, without limitation, knowledge and information, documents, emails and other written and oral communications related to the Note and all amendments thereto, The Yellow Rose, including the purported acquisition and sale thereof and any records related thereto, Defendants' financial records, the false and fraudulent misrepresentations made to Plaintiff, and Defendants' scheme to defraud Plaintiff.

h)   Richard Drucker and Gemworld International, Inc.

Richard Drucker will have knowledge of all transactions with Defendants, including, but not limited to all documents and communications, including the ownership of any accounts he may hold at Finemark Bank or Bank of America.

i)   Sam Haggar and the Jennifer H. Rands Trust.

This person and entity were identified by Defendants as the purchaser of The Yellow Rose. To the extent not fictitious, each would have knowledge of the fact that each had no involvement, whatsoever, in The Yellow Rose transaction.

j) Any individuals whose identity may become known during the discovery process.

k) Any experts who become apparent or necessary through the discovery process.

l) Any necessary and appropriate rebuttal witnesses.

2. In accordance with Rule 26(a)(1)(A)(ii), the categories of documents in Plaintiff's possession, custody or control that he may use to support his claims primarily include, but are not necessarily limited to, all documents and emails that passed between Plaintiff and Defendants, including the following:

1) $350,000 Note, the $430,000 Note, the May 16, 2107 Renewed and Extended Promissory Note, the November 16, 2017 Renewed and Extended Promissory Note and all other amendments, emails and other documents related thereto;

2) January 31, 2011 Yellow Rose appraisal;

3) Correspondence forwarding information on The Yellow Rose, including but not limited emails dated January 25, January 28 and January 31, 2019;

4) Letter Agreement dated January 31, 2019 and emails related thereto;

5) January 31, 2019 "Wire Information" email from Joseph DuMouchelle;

6) February 1, 2019 "Wire Information" email from Joseph DuMouchelle;

7) Proofs of wire attempts or transfers by Plaintiff.

8) February 6, 2019 Joseph DuMouchelle International Auctioneers Yellow Rose Purchase Receipt;

9) February 5-28, 2019 Bank of America Checking Account Statement for Joseph DuMouchelle Fine & Estate Jewelers, LLC Account Ending 0585;

10) Bank of America $39,000.00 Counter Withdrawal signed by Melinda Adducci dated February 7, 2019;

11) Bank of America $1,091,769.44 Counter Withdrawal signed by Melinda Adducci dated February 7, 2019;

12) Bank of America $4,041,925.00 Counter Withdrawal signed by Melinda Adducci dated February 7, 2019;

13) "Brinks correspondence" dated February 7, 2019;

14) Draft Letter Agreement dated March 20, 2019;

15) Letter Agreement for Purchase and emails dated March 24, 2019;

16) Letter Agreement dated April 12, 2019 and emails related thereto;

17) Yellow Rose email dated May 13, 2019;

18) Yellow Rose email dated June 10, 2019;

19) Yellow Rose email dated June 14, 2019;

20) Yellow Rose email dated June 21, 2019;

21) Yellow Rose email dated July 2, 2019;

22) North Dakota District Court Affidavit of Thomas T. Ritter dated August 30, 2019;

23) North Dakota District Court Findings of Fact and Conclusions of Law, and Order for Judgment dated September 16, 2019;

24) United States District Court for the Eastern District of Michigan Information dated June 16, 2020;

25) United States District Court for the Eastern District of Michigan Rule 11 Plea Agreement dated September 17, 2020;

26) Judgment and Sentence of Joseph DuMouchelle dated July 28, 2022;

27) All pleadings, transcripts and documents in the criminal proceedings before the United States District Court for the Eastern District of Michigan and in Defendants' bankruptcy cases; and

28) All other written communications between Plaintiff and Defendants, wire transfer records, and other documents attached as Exhibits to the Complaint, all other documents that may be released or become unsealed related to Defendants' criminal proceedings, including any proceedings which may be initiated against Defendant Melinda Adducci DuMouchelle. If necessary, as further investigation and discovery continue, Plaintiff will supplement this disclosure in accordance with the Rules.

3. In accordance with Rule 26(a)(1)(A)(iii), Plaintiff is entitled to $16,413,214.61, representing the original $12 million that Plaintiff transferred to Defendants for the purchase of The Yellow Rose, plus costs, commission and interest (the "North Dakota Yellow Rose Judgment Amount"), plus $725,817.01, representing the principal and interest unpaid and owing under the Note, as of September 11, 2019 (the "North Dakota Note Judgment Amount," together with the North Dakota Yellow Rose Judgement Amount, the "Judgment Amount"), which was awarded by the Williams County District Court, Northwest Judicial District, State of North Dakota. Plaintiff seeks the full Judgment Amount, plus all costs and attorney's fees incurred by Plaintiff after September 11, 2019.

4. In accordance with Rule 26(a)(1)(A)(iv), Plaintiff is unaware of any insurance agreements relevant to this action.

Dated: October 7, 2022                Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@jaffelaw.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph G. DuMouchelle and Melinda J. Adducci | Case No. 19-54531-lsg |
| | Honorable Lisa S. Gretchko |
| Debtors. _____/ | |
| Thomas T. Ritter | |
| Plaintiff, | |
| v. | Adv. Pro. No. 20-04381-lsg |
| Joseph G. DuMouchelle and Melinda J. Adducci | |
| Defendants. _____/ | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, my office caused to be served a copy of the *Plaintiff's Second Amended Initial Disclosures* by ECF notification to all parties who have filed an appearance in the above-captioned adversary proceeding.

Dated: October 7, 2022	Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@jaffelaw.com