UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

      Debtors.
_____/

Thomas T. Ritter

      Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

Adversary Pro. No. 20-04381

      Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS

Plaintiff Thomas T. Ritter ("Ritter") through his undersigned counsel, serves the following *First Set of Interrogatories and Document Requests* (collectively, the "Discovery Requests") upon each of defendants Joseph DuMouchelle and Melinda Adducci, pursuant to Fed. R. Bankr. P. 7033/Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7034/Fed. R. Civ. P. 34 (the "Applicable Rules"). Defendants shall each submit their responses within 30 days of the date hereof pursuant to the Applicable Rules.

1

These Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

## INSTRUCTIONS AND DEFINITIONS

1. In answering the following Discovery Requests, produce all of the requested information and documents in either of the Defendants' possession, custody, or control.

2. These Discovery Requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response, which information or documents were not included in your response, such information or documents must be promptly furnished to the undersigned.

3. The term "including" means including without limitation.

4. The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

5. The term "explain" means provide a comprehensive, accurate, and

detailed explanation of information requested in the propounded interrogatory.

6. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

7. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing from one person or entity to another, or to oneself or to any file, archive or system,

including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication.

8. The term "Adversary Proceeding" shall mean the above captioned adversary proceeding.

9. The term "Complaint" shall mean and refer to Plaintiff's First Amended Complaint at Dkt. 54 in this matter.

10. The term "Interrogatories" shall mean and refer to these Interrogatories.

11. The term "Answer" shall mean and refer to the Defendants' Answer to Plaintiff's First Amended Complaint in this matter.

12. The term "Defendant Joseph" shall mean and refer to Defendant Joseph DuMouchelle.

13. The term "Defendant Melinda" shall mean and refer to Defendant Melinda Adducci.

14. The term "Defendants" shall mean and refer to Joseph DuMouchelle and Melinda Adducci collectively.

15. The term "Plaintiff" means the plaintiff in this adversary proceeding, Thomas T. Ritter.

16. The terms "you," "your," "yours" shall mean and refer to both Defendants or each Defendant specifically addressed in the particular Interrogatory.

17. The Term "$350,000 Note" shall mean and refer to the promissory note Defendants executed in Plaintiff's favor dated for February 12, 2014 in the principal amount of $350,000 and identified as Exhibit 1 in Plaintiff's Complaint.

18. The Term "$430,000 Note" shall mean and refer to the Promissory Note Defendant Joseph executed in the principal amount of $430,000 executed on November 7, 2014 in Plaintiff's favor and identified as Exhibit 2 in Plaintiff's Complaint.

19. The Term "$430,000 Note Extensions" shall mean the note extensions described in Plaintiff's Complaint as the extensions granted by Plaintiff extending the $430,000 Note due dates on May 16, 2017 and January 17, 2018 respectively.

20. The term "DuMouchelle Jewellers" shall mean and refer to Joseph DuMouchelle Fine & Estate Jewellers, LLC, its affiliated entities, as well as its current and former agents, officers, directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

21. The "Bank of America Account" shall mean and refer to the checking account titled to DuMouchelle Jewellers ending in 0585.

22. "The Yellow Rose" shall mean and refer to a 77.2 carat yellow

diamond ring and as further described in Exhibit 5 to Plaintiff's Complaint.

23. "$12 Million" shall mean and refer to the proceeds belonging to Plaintiff that were paid to the Bank of America Account.

24. The term "North Dakota Judgment" shall mean and refer to Plaintiff's judgment against Defendants entered on September 16, 2019 in Plaintiff's suit against Defendants in the amount of $725,817.01 in the Williams County District Court, Northwest Judicial District, State of North Dakota styled as *Thomas T. Ritter v. Joseph DuMouchelle, Melinda Adducci a/k/a Melinda DuMouchelle and Joseph DuMouchelle Fine & Estate Jewellers, LLC*, Case No. 53-2019-CV01186.

25. The term the "North Dakota Yellow Rose Judgment Amount" shall mean and refer to Plaintiff's judgment against Defendants in the amount of $16,413,214.61 entered on September 16, 2019 in Plaintiff's suit against Defendants in the Williams County District Court, Northwest Judicial District, State of North Dakota styled as *Thomas T. Ritter v. Joseph DuMouchelle, Melinda Adducci a/k/a Melinda DuMouchelle and Joseph DuMouchelle Fine & Estate Jewellers, LLC*, Case No. 53-2019-CV01186.

26. "Initial Disclosures" shall mean the initial disclosure statement you filed on October 10, 2022 pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26 at Dkt. 49.

27. "Supplemental Initial Disclosures" shall mean the supplemental

disclosure you filed on October 14, 2022 at Dkt. 50.

28. The term "identify" with respect to a person means to provide, to the fullest extent possible, the person's full name, present (or last known) home and business address, home and business telephone and cell phone number, and last known place of employment.

29. The term "identify" with respect to a document means to provide, to the fullest extent possible, the (1) type; (2) general subject matter; (3) date; (4) author(s); (5) addressee(s); and (6) any other recipient(s).

30. The term "identify" with respect to an inspection, communication or other event, means (1) to state the date of such inspection, communication or other event; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such inspection, communication or other event, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such inspection, communication or other event; and (5) if such documents exist, to identify each such document and each person having custody of the document.

31. If you consider any document or communication to be privileged, separately with regard to each such document or communication, provide the following information:

(a) Describe the contents generally and the date of the document or communication;

(b) Explain fully the basis for the claimed privilege;

(c) Identify the author or maker and all signatures on the document or communication;

(d) Identify all persons or entities who have, or have had, access to any such matter referred to or involved in such document or communication; and

(e) Identify the custodian of the original and all copies of the document.

32. If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

33. The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable.

34. The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests information which might otherwise be construed to be outside the scope of Discovery Requests.

35. All electronic data created by Defendants from January 1, 2014, through present must be preserved. Please ensure that all current back-up tapes, disks or drives are not rewritten. Stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data

8

relating to the issues in this lawsuit. Do not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter. Do not conduct any maintenance such as defragging, reformatting or upgrading any hard drives that may contain data relevant to this litigation. Do not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

36. All such electronically stored information must be produced in "native format," including all metadata.

## INTERROGATORIES

1. Provide the names of all current and prior members and officers (including their titles) of DuMouchelle Jewellers, the date of admission of each member and the term of each officership.

2. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such recipient and the assets received or the liability paid in exchange therefor), utilizing the proceeds received from Plaintiff with respect to the $350,000 Note and the alleged $80,000 profit realized on such proceeds.

3. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such

recipient and the assets received or the liability paid in exchange therefor), utilizing the $12 Million.

4. For each of the expenditures, transfers and/or withdrawals identified in your response to Interrogatory Nos. 2 and 3, identity which of Defendants initiated, caused, signed for or otherwise participated in each and which Defendants had contemporaneous and/or after the fact knowledge of each.

5. Provide the names and last known addresses of each employee of DuMouchelle Jewellers from January 1, 2017 through present date, including Lauren Tobin, Olivia Rosema, Morgan Lynch, and Kevin Lynch, the term of their employment and a summary of their job responsibilities.

6. Identify all documents to which you referred, or will rely upon at the time of trial, in support of any denials contained in your answer to Plaintiff's Amended Complaint.

7. Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and any family members of Defendants (including children, in-laws, sisters, brothers and parents) related to or touching upon the transactions by and between either of Defendants and Plaintiff.

8. Identify the exact location, description and value of all assets of Defendants and of DuMouchelle Jewellers not within the custody of the trustees in

10

Defendants' or DuMouchelle Jewellers bankruptcy cases, in existence as of the date of filing of Defendants' and DuMouchelle Jewellers' bankruptcy proceedings, including all cash, certificates of deposit, jewelry, gems, gemstones, real property, personal property, stocks, bonds, mutual funds, cash, debit cards, crypto currencies, gift cards, and/or other cash equivalents and safety deposit boxes and safes.

9. State the complete name and address of the person who affixed the signature of Sam Haggin to the document containing the alleged signature of Sam Haggin.

## REQUESTS TO PRODUCE

1. Produce the Operating Agreement and all amendments to the same of DuMouchelle Jewellers.

2. Produce all personal diaries of either of Defendants for the calendar years 2018-2022.

3. Produce all physical calendars, daytimers or other writings evidencing the activities of either of Defendants for the calendar years 2018-2022.

4. Produce copies of all handwritten correspondence from either of Defendants to any third party for the calendar years 2018-2022.

5. Produce all documents referenced in the "briefcase" of documents Defendant Joseph intended to share with his criminal counsel, but never reviewed, alleged to have existed in the filings may by Joseph in his criminal proceeding.

6. Produce the signature cards to the Bank of America Account.

7. Produce all documents you intend to rely upon at the time of trial.

8. Produce all communications in Defendant's possession between Plaintiff and either of Defendants.

9. Produce all documents referenced or relied upon in preparing your responses to the Interrogatories.

Respectfully submitted by:

**JAFFE, RAITT, HEUER & WEISS, P.C.**

Dated: December 13, 2022   By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@jaffelaw.com
kclayson@jaffelaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

Debtors.
_____/

Thomas T. Ritter

    Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

    Defendants.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Adversary Pro. No. 20-04381

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, my office caused to be served a copy of the ***Plaintiff's First Set Of Interrogatories And Document Requests To Defendants*** and this ***Certificate of Service*** by email on Counsel for the Defendants, Patrick A. Foley at pafoley@jrfpc.net, and by using the Court's electronic filing system which will send notice to all ECF participants registered to receive notice.

1

Respectfully submitted by:

**JAFFE, RAITT, HEUER & WEISS, P.C.**

Dated: December 13, 2022   By:   /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@jaffelaw.com
kclayson@jaffelaw.com