DocuSign Envelope ID: 272B38F3-978C-489B-A973-0599729C90D1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| IN THE MATTER OF:<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br><br>*Debtors.* | Bankruptcy Case No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| THOMAS T. RITTER,<br>*Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>*Defendants.* | Adv. Pro. No. 20-04381-pjs<br>Hon. Lisa S. Gretchko |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS

**NOW COME** the Defendants, JOSEPH G. DUMOUCHELLE ("Joe") and MELINDA J. ADDUCCI ("Melinda") (collectively "Defendants"), by and through their counsel, JOHN R. FOLEY, P.C., who, in response to the Discovery Requests propounded by the Plaintiff, THOMAS T. RITTER, hereby state as follows:

## PRIVILEDGE / OBJECTIONS

Joe and Melinda are both the subject of actual or potential criminal proceedings. Joe has actually been prosecuted, but that litigation continues, and therefore, he asserts his Fifth Amendment Privilege in response to all requests made by Plaintiff herein. Further, with respect to any request that may call for documents or communication between he and Melinda (his wife), Joe asserts Marital/Spousal

DocuSign Envelope ID: 272B38F3-978C-489B-A973-0599729C90D1

Privilege, and with respect to any request that may call for documents or communications between he and his attorney, Joe asserts Attorney-Client Privilege.

Melinda has sought assurances, through her counsel, repeatedly, that she is not being pursued for prosecution. Melinda asserts her Fifth Amendment Privilege, and does not waive the same by answering these requests. Further, with respect to any request that may call for documents or communication between her and Joe (her husband), Melinda asserts Marital/Spousal Privilege, and with respect to any requests that may call for documents or communications between she and her attorney, Melinda asserts Attorney-Client Privilege. However, in an effort to be responsive, to move this case along, and to show that she did not participate in any fraudulent conduct as alleged, Melinda has provided responsive answers and documents. These responses are provided without wavier of her Fifth Amendment Privilege, her Attorney-Client Privilege, or her Marital/Spousal Privilege. and specific preservation of the same.

## INTERROGATORIES

1. Provide the names of all current and prior members and officers (including their titles) of DuMouchelle Jewellers, the date of admission of each member and the term of each officership.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

    b. **Melinda Response**: Joe was always a 90% member and I was a 10%

member. Joe served as President. Melinda served as VP. I do not recall what date this was established on.

2. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such recipient and the assets received or the liability paid in exchange therefor), utilizing the proceeds received from Plaintiff with respect to the $350,000 Note and the alleged $80,000 profit realized on such proceeds.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   b. **Melinda Response**: I have no knowledge of these things. All funds would have gone in and out the bank account, and those statements, which can be obtained from the business case trustee, provide this information.

3. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such recipient and the assets received or the liability paid in exchange therefor), utilizing the $12 Million.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   b. **Melinda Response**: All funds would have gone in and out the bank account, and those statements, which can be obtained from the business case trustee, provide this information. Further, I have attached hereto

the copies of the counter-checks that were issued to certain clients/customers/vendors following the referenced deposit.

4. For each of the expenditures, transfers and/or withdrawals identified in your response to Interrogatory Nos. 2 and 3, identity which of Defendants initiated, caused, signed for or otherwise participated in each and which Defendants had contemporaneous and/or after the fact knowledge of each.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

    b. **Melinda Response**: I did negotiate or have knowledge of the reasons or details of any of the transfers made. Joe negotiated/calculated/effectuated any transfers. My only involvement was one day, while I was already in Tuscon, Arizona, for the AGA Gem Conference (*Attachments 8 & 9*) and Joe had missed the closing of the banks in Michigan, and the banks in Arizona were still open due to the time zone difference, Joe emailed the bank and setup the counter-checks/transfers (*Attachments 1, 2, & 3*) and called me and asked that I go to the bank and sign for them. (*Attachments 4, 5, & 6*). Joe simply asked me to go to the bank and sign if needed, as the only other signer on the account. Again, I had no knowledge of what these transfers were for, why they were being made, etc. And none of that money came to me.

        i. Per Exhibit 12 of your Complaint, the BOA bank statement

(**Attachment 5**) there are three "Customer Withdraw Transactions" on 2/7/2019:

| Date | Description | Amount |
|---|---|---|
| 2/7/2019 | Customer Withdrawal Image | $ (4,041,925.00) |
| 2/7/2019 | Customer Withdrawal Image | $ (1,091,769.44) |
| 2/7/2019 | Customer Withdrawal Image | $ (39,000.00) |

    ii. Also per Exhibit 13 of your Complaint, (**Attachment 6**) my signature are on these three withdraws.

    iii. The attached photos of the counter-checks (**Attachment 4**) show exactly where this money went:

| Payee | Check |
|---|---|
| Merrill Wood Collection | $ 6,000.00 |
| Peter Indorf | $ 1,500.00 |
| JB International | $ 678,000.00 |
| John Ragard | $ 848,500.00 |
| Diamond Opportunities | $ 33,500.00 |
| Kwiat | $ 204,225.00 |
| Abbotts Corp | $ 1,104,750.00 |
| Aron Rescources | $ 236,450.00 |
| Candaian Gemmological Ass. | $ 1,500.00 |
| Gene Kazlow | $ 450,000.00 |
| Howard Derman | $ 200,000.00 |
| FEI | $ 277,500.00 |
|  | $ 4,041,925.00 |
| Paul Haig | $ 39,000.00 |
| David L. Husman | $ 1,091,769.44 |

    iv. As I said, I had no idea of the reasons why these transfers were being made. Rather, I did these at Joe's request, and as I said, NONE of the money came to me.

5. Provide the names and last known addresses of each employee of DuMouchelle Jewellers from January 1, 2017 through present date, including Lauren Tobin, Olivia Rosema, Morgan Lynch, and Kevin Lynch, the term of their employment and a summary of their job responsibilities.

   i. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   ii. **Melinda Response**:

   1. Lauren Tobin, 1290 Roslyn Rd., Grosse Pointe Woods, MI 48236, Phone: 313-310-4516, who was employed at Joseph Dumouchelle Fine & Estate Jewellers LLC, during time periods relevant to the facts of the situation giving rise to the Complaint, and can testify to the same.

   2. Olivia Rosema, Phone: 313-770-7225, who was employed at Joseph Dumouchelle Fine & Estate Jewellers LLC, during time periods relevant to the facts of the situation giving rise to the Complaint, and can testify to the same.

   3. Morgan Lynch, 25545 Packard St., Roseville, MI 48066, Phone: 313-404-1316, who was employed at Joseph Dumouchelle Fine & Estate Jewellers LLC, during time periods relevant to the facts of the situation giving rise to the Complaint, and can testify to the same.

4. With respect to Kevin Lynch: Kevin was, to the best of my recollection, never an "employee" of DuMouchelle Jewelers. Rather, on various, very limited occasions, Kevin would help his uncle (Joe) by assisting with auctions and moving boxes. I do not know if he was even paid for this, and if he was, it likely less than the $600 1099 requirement.

5. Additional Employees: I recall that DuMouchelle Jewellers had several additional employees, years ago; however, I do not have access to the records, and therefore, cannot recall the names of these people.

6. Identify all documents to which you referred, or will rely upon at the time of trial, in support of any denials contained in your answer to Plaintiff's Amended Complaint.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   a. **Melinda Response**: All such documents are in possession of the bankruptcy trustees of the two (2) bankruptcy cases (our personal case and the business case), or the FBI. My attorney will need to obtain these through discovery. I intend to use any documents attached to pleadings in this case, (which are all accessible via CM/ECF), and/or any

produced during initial disclosures, and/or any produced in response to these discovery requests (which I have attached), or later, if I locate any further responsive or relevant documents or obtain any such documents via discovery.

7. Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and any family members of Defendants (including children, in-laws, sisters, brothers and parents) related to or touching upon the transactions by and between either of Defendants and Plaintiff.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

    b. **Melinda Response**: Melinda objections to this request as Overly broad, Vague, Ambiguous, and unduly burdensome as it is not limited in time scope. Subject to and without waiving her objections, Melinda states: None that I can recall or currently have in my possession. Except that I know I spoke to, and or texted/emailed with Joe, regarding having me sign for the transfers/counter-checks that in s Tucson. I have attached emails that are evidence of this.

8. Identify the exact location, description and value of all assets of Defendants and of DuMouchelle Jewellers not within the custody of the trustees in Defendants' or DuMouchelle Jewellers bankruptcy cases, in existence as of

Page 8 of 16

the date of filing of Defendants' and DuMouchelle Jewellers' bankruptcy proceedings, including all cash, certificates of deposit, jewelry, gems, gemstones, real property, personal property, stocks, bonds, mutual funds, cash, debit cards, crypto currencies, gift cards, and/or other cash equivalents and safety deposit boxes and safes.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

    b. **Melinda Response**: All of my assets, and I believe all of those of Joe as well, and of the company (DuMouchelle Jewellers) were laid out in the bankruptcy case schedules and statements. Some were taken as non-exempt by the trustees of the 2 cases. All of the business assets were taken by the trustee in that case. I believe all real property was sold. I currently have minimal personal property that I own, including miscellaneous items of clothing, costume jewelry, and the standard household items like furnishing and kitchen wares, at the home where I live, which were either exempt in our personal bankruptcy case, or which we settled with the Trustee to allow us (now just me) to have, or which I have acquired since the bankruptcy filing, from my own earning.

9. State the complete name and address of the person who affixed the signature of Sam Haggin to the document containing the alleged signature of Sam

DocuSign Envelope ID: 272B38F3-978C-489B-A973-0599729C90D1

Haggin.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   b. **Melinda Response**: Objection: this interrogatory is overly broad, vague, and ambiguous, since the Plaintiff fails to attach the document in question. Subject to and without waiving her objection(s), Melinda states: I do not know what document you are referencing. I have no knowledge about this. However, if there is a document that has Sam Haggin's signature, my first presumption would be that she signed it. If the implication of this question is that she did not sign it, I truly have no idea about this.

## RESPONSES TO REQUESTS TO PRODUCE

1. Produce the Operating Agreement and all amendments to the same of DuMouchelle Jewellers.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   b. **Melinda Response**: Any such documents would currently be in the possession of the Trustee of the bankruptcy case of that entity.

2. Produce all personal diaries of either of Defendants for the calendar years 2018-2022.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege and Spousal Privilege.

    b. **Melinda Response**: Melinda asserts Spousal Privilege but, without waiving said objection states: None exist.

3. Produce all physical calendars, daytimers or other writings evidencing the activities of either of Defendants for the calendar years 2018-2022.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege and Spousal Privilege.

    b. **Melinda Response**: Melinda asserts Spousal Privilege but, without waiving said objection states: None exist. Further, the office computers had a app called ACT that kept track of these things, but these computers were taken by the business case trustee.

4. Produce copies of all handwritten correspondence from either of Defendants to any third party for the calendar years 2018-2022.

    a. **Joe Response**: Joe asserts his Fifth Amendment Privilege and Spousal Privilege.

    b. **Melinda Response**: Melinda asserts Spousal Privilege but, without waiving said objection states: None exist.

5. Produce all documents referenced in the "briefcase" of documents Defendant Joseph intended to share with his criminal counsel, but never reviewed, alleged to have existed in the filings made by Joseph in his criminal proceeding.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege and Attorney-Client Privilege.

   b. **Melinda Response**: Melinda states: I do not know anything about this.

6. Produce the signature cards to the Bank of America Account.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege.

   b. **Melinda Response**: I do not have any of these. They can be obtained from Bank of America.

7. Produce all documents you intend to rely upon at the time of trial.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege, and also relies on Melinda's response.

   b. **Melinda Response**: All such documents are in possession of the bankruptcy trustees of the two (2) bankruptcy cases (our personal case and the business case), or the FBI. My attorney will need to obtain these through discovery. I intend to use any documents attached to pleadings in this case, (which are all accessible via CM/ECF), and any produced during initial disclosures, and any produced in response to these discovery requests (***Attachments 1 – 9 hereto***), or later, if I locate any further responsive documents or documents relevant to my defense or obtain any such documents via discovery.

8. Produce all communications in Defendant's possession between Plaintiff and

either of Defendants.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege. Joe further objects to this request as Overly broad, Vague, Ambiguous, and unduly burdensome as it is not limited in scope of time.

   b. **Melinda Response**: Melinda objects to this request as overly broad and unduly burdensome as it is not limited in scope of time. However, subject to and without waiving her objections, Melinda states: To the best of my current knowledge, I do not have any access to any emails between Plaintiff and me. However, I do not believe, using the time frame 2018-2022 (as limited in other requests), that I had any direct communication between me and Plaintiff, other than the email attached to your Complaint.

9. Produce all documents referenced or relied upon in preparing your responses to the Interrogatories.

   a. **Joe Response**: Joe asserts his Fifth Amendment Privilege and Attorney-Client Privilege and Marital/Spousal Privilege, to the extent that any communication between her and her attorney, or her and her husband, could be deemed to have been "relied on" in preparation of these responses.

   b. **Melinda Response**: Melinda asserts Attorney-Client Privilege and

DocuSign Envelope ID: 272B38F3-978C-489B-A973-0599729C90D1

Marital/Spousal Privilege to the extent that any communication between her and her attorney, or her and her husband, could be deemed to have been "relied on" in preparation of these responses. Subject to and without waiving those privileges, Melinda states: All relevant business documents were taken by the Trustee of the Business Case. The minimal documents I do have, to the extent responsive hereto, or relevant to this case (and to the extent not yet obtained from other third parties), I have produced either in my initial disclosures, or attached to pleadings in this case, or I have attached them to these responses.

## VERIFICATION

By signing below, I swear and affirm that the foregoing responses to discovery are true and accurate to the best of my knowledge, information, and belief.

*[DocuSigned by: 863CED7389DE460...]*

Melinda ADDUCCI
*as to her answers/responses only.*

1/26/2023
Date

                                       Respectfully submitted,
                                       **JOHN R. FOLEY, P.C.**
                                       *Counsel for Defendants*

                                       By: /s/Patrick A. Foley
                                       Patrick A. Foley (P74323)
                                       18572 W. Outer Drive
                                       Dearborn, MI 48128
                                       Phone: (313) 274-7377
**Dated**: January 26, 2023           Email: pfoley@jrfpc.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| **IN THE MATTER OF:**<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br><br>*Debtors*. | Bankruptcy Case No. 19-54531<br>Hon. Phillip J. Shefferly<br>Chapter 7 |
| THOMAS T. RITTER,<br>*Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>*Defendants*. | Adv. Pro. No. 20-04381-pjs<br>Hon. Phillip J. Shefferly |

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on January 26, 2023 he did serve a copy of the foregoing discovery responses, upon counsel for the Plaintiff, THOMAS R. RITTER by emailing a copy of the same, via the Court's CM/ECF e-Filing System to:

Attorney Jay L. Welford - Email: jwelford@jaffelaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

By: /s/Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pfoley@jrfpc.net

**Dated**: January 26, 2023