# EXHIBIT 1

February 12, 2014 Promissory Note

[See Attached]

## PROMISSORY NOTE

$350,000                                         Date: February 12, 2014

FOR VALUE RECEIVED, the undersigned, Joseph DuMouchelle and Melinda Adducci, aka Melinda DuMouchelle , (hereinafter referred to as "Borrower"), whose address is 17 Kercheval Ave., Gros Point, I 48230 promises to pay to the order of Thomas T. Ritter whose mailing address is P.O. Box 2138, Williston, ND 58802-2138 and whose physical address is 320 East 11th Street, Williston, ND 58801 (hereinafter referred to as "Note Holder"), the principal sum of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) (hereinafter referred to as the "Loan") together with any accrued and unpaid interest thereon in the manner described below. This Promissory Note is hereinafter referred to as the "Note".

1. **Repayment:** The outstanding principal amount of the Loan and any accrued interest shall be due and payable to Note Holder on August 18th, 2014, six (6) months from the date of this Note as set forth above. Provided, however, that the Borrower and Note Holder may extend the date of repayment by mutual written agreement.

2. **Interest:** The annual interest rate on the outstanding principal amount of the Loan from the date of the Loan until payment of the Loan in full shall be twenty percent (20%) or the maximum rate permissible by law, whichever is less.

3. **Prepayment:** Borrower may prepay this Note in whole or in part, without penalty. Payments shall be applied first to accrued interest and the balance to the outstanding principal balance of the Loan.

4. **Security:** At any time after the date of this Note until all amounts due hereunder are repaid in full, Note Holder reserves the right to demand security from Borrower for the repayment of this Note. Borrower agrees that upon written demand from Note Holder, Borrower shall provide Note Holder with a first priority security interest in collateral valued in aggregate at one and fifty percent (150%) the outstanding balance of the Loan at the date of Note Holder's demand. Valuation of the collateral provided as security by Borrower shall be determined in Note Holder's sole discretion. The security agreement(s) executed by Borrower in accordance with this paragraph shall be in the form provided in Exhibit A attached hereto, or in a form otherwise mutually agreed to by the parties at the time of Note Holder's demand for security.

5. **Default and Acceleration:** Borrower shall be in default under this Note upon any of the following: (a) Borrower fails to pay any principal, interest or other sums required hereunder when due; (b) Borrower's files for relief under bankruptcy laws or any other laws for the benefit of creditors; (c) an involuntary petition is filed against Borrower under any bankruptcy laws, unless such petition is dismissed within 30 days; (d) Borrower fails to provide the security requested by Note Holder as contemplated in paragraph 4 above; or (e) any default of the security agreement or agreements executed in accordance with paragraph 4 above.

Upon the occurrence of any default Note Holder may declare the entire unpaid principal balance of the Loan and all accrued and unpaid interest on this Note immediately due pursuant to applicable law.

6. **Consent and Waiver:** Borrower does hereby:

    a. Agree that no course of dealing or delay or omission or forbearance on the part of the Note Holder in exercising or enforcing any of its rights or remedies shall impair or be prejudicial to any of Note Holder's rights and remedies hereunder or to the enforcement hereof and that the Note Holder may extend, modify or postpone the time and manner of payment and performance of this Note without thereby releasing, discharging or diminishing its rights and remedies against any Borrower; and

    b. Waive notice of acceptance of this Note, notice of the occurrence of any default hereunder or under any instrument securing this Note and presentment, demand, protest, notice of dishonor and notice of protest and notices of any and all action at any time taken or omitted by the Note Holder in connection with this Note or any instrument securing this Note.

7. **Binding Effect:** The covenants and conditions contained in this Note shall apply to the Borrower and its heirs, legal representatives, successors and permitted assigns.

8. **Cumulative Rights:** The parties' rights under this Note are cumulative, and shall not be construed as exclusive of each other unless otherwise required by law.

9. **Severability:** If any part or parts of this Note shall be held unenforceable for any reason, the remainder of the Note shall continue in full force and effect. If any provision of this Note is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

10. **Attorneys Fees:** Borrower shall be responsible for all costs, including court costs and reasonable attorneys' fees, incurred by Note Holder as a result of any default by Borrower under the terms of this Note.

11. **Governing Law and Venue:** This Note is executed in, constitutes a contract under and should be construed in accordance with the laws of the State of North Dakota. Any dispute arising under or in connection with this Note shall come within the jurisdiction of the state and/or federal courts within Williams County, North Dakota and the Western District of North Dakota.

12. **Headings:** The headings of the paragraphs contained in this Note are for convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meaning to the parties hereto.

13. **Payments:** Payment shall be made payable to Note Holder at the address set forth above or such other address as Note Holder may provide to Borrower in writing.

BORROWER:

_____  _____
Joseph DuMouchelle          Melinda Adducci, aka Melinda DuMouchelle

STATE OF Florida    }
                    }
COUNTY OF Lee       }

On this 19 day of February, in the year 2014 before me personally appeared Joseph DuMouchelle and Melinda Adducci, aka Melinda DuMouchelle, known to me (or proved to me) to be the persons who are described in and who executed the within instrument, and acknowledged to me that that person (or they) executed the same.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 6/20/14

NORA A. MOHR
MY COMMISSION # DD 982416
EXPIRES: June 20, 2014
Bonded Thru Notary Public Underwriters

EXHIBIT A

# SECURITY AGREEMENT

This Security Agreement (the "Agreement") is dated as of _____, 201__, by and between _____ (hereinafter referred to as the "Borrower") and _____ (hereinafter referred to as the "Note Holder"). The Borrower and the Note Holder are hereinafter collectively referred to as the "Parties".

## RECITALS

1. Whereas, Note Holder has made certain advances of money to Borrower (the "Loan") as evidenced by that certain Promissory Note dated _____, 201__ (the "Note"), and

2. Note Holder made the Loan to Borrower upon only upon the condition that Borrower's agreement to provide security through the execution and delivery of security agreements upon Note Holder's written demand.

## AGREEMENT

Borrower hereby represents, warrants and agrees as follows:

1. **GRANT:** As security for the payment and performance of the Note, Borrower hereby grants to Note Holder a security interest in all of Borrower's rights, title and interest in the following (collectively referred to as the "Collateral"):

   _____
   _____
   _____
   _____
   _____
   _____

2. **REPRESENTATIONS, WARRANTIES AND COVENANTS:** Borrower hereby represents and warrants that:

   (a) The Collateral will be kept at _____ and will not be removed except in the ordinary course of business.
   (b) Borrower will not sell, dispose or otherwise transfer the Collateral or any interest in the Collateral without prior written consent from the Note Holder.
   (c) Except for the security interest granted above, Borrower is the sole, legal and equitable owner of the Collateral.
   (d) No other security agreement, financing statement, or other security instrument covering the Collateral exists.
   (e) Borrower will not create or allow any other security interest or lien on the Collateral.
   (f) Borrower, upon Note Holder's request, will execute any financing statement or other document necessary to perfect or otherwise record the security interest.
   (g) Borrower will not change its principal residence or principal place of business without giving Note Holder at least seven (7) days prior written notice.

EXHIBIT A

- (h) Borrower will maintain applicable insurance at all times with respect to Collateral against the risk of fire, theft and other such risks and in such amounts as Note Holder may require. The policies shall be payable to the Borrower and Note Holder as their interest appear. The policies shall further provide that the Note Holder's interest in those policies will not be invalidated without at least ten (10) days prior, written notice to Note Holder.
- (i) Borrower will make all necessary repairs and improvements to ensure that the Collateral remain in good working order. Note Holder may examine and inspect the Collateral at any reasonable time.
- (j) Borrower will promptly pay all taxes and assessments due on the Collateral.

3. **DEFAULT:** Borrower shall be in default under this Agreement upon any of the following: (a) default in the payment or performance of the Note, (b) any material breach by Borrower of any warranty, representation, or covenant in this Agreement, (c) dissolution, termination of existence, declaration of insolvency, an assignment for the benefit of creditors or the institution of bankruptcy proceedings, whether voluntary or involuntary.

4. **REMEDIES:** Upon default and at any time thereafter, Note Holder may declare the Loan secured by this Agreement, immediately due and payable and shall have all the rights and remedies of a Note Holder under the Uniform Commercial Code (the "UCC"). Without limiting the generality of the foregoing, Grantor expressly agrees that in any such default Note Holder may take immediate and exclusive possession of the Collateral. Note Holder may require Borrower to make the Collateral available in a mutually convenient location, which Note Holder shall reasonably select. The proceeds of any sale or disposition of any part of the Collateral shall be distributed by the Note Holder in the following order of priorities: (a) any reasonable costs, fees, or expenses, of Note Holder made in connection with the sale/disposition of the Collateral; (b) to Note Holder in an amount equal to any unpaid obligations of the Loan; and (c) any surplus to Borrower, in accordance with the UCC or as a court of competent jurisdiction may direct.

5. **TERMINATION:** This Agreement shall terminate upon the payment and performance in full of the Note.

6. **BINDING EFFECT:** The covenants and conditions contained in this Agreement shall apply to and bind the Parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7. **CUMULATIVE RIGHTS:** The Parties' rights under this Agreement are cumulative, and shall not be construed as exclusive of each other unless otherwise required by law.

8. **WAIVER:** The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement. Furthermore, no waiver by Note Holder of any default shall operate as a waiver of any other default or the same default on a future occasion.

EXHIBIT A

9. **SEVERABILITY:** If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

10. **NOTICE:** Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service, addressed as follows:

NOTE HOLDER:

_____
_____
_____

BORROWER:

_____
_____
_____

Either party may change such addresses from time to time by providing notice as set forth above.

11. **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of North Dakota. Any dispute arising under or in connection with this Note shall come within the jurisdiction of the state and/or federal courts within Williams County, North Dakota and the Western District of North Dakota.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first written above.

**BORROWER:**

_____
Signature

_____
Name

_____
Title

**NOTE HOLDER:**

_____
Signature

_____
Name

_____
Title