# EXHIBIT 2

August 12, 2014 Promissory Note

[See Attached]

# PROMISSORY NOTE

$430,000.00                                                                                      Date: August 12, 2014

FOR VALUE RECEIVED, the undersigned, Joseph DuMouchelle, (hereinafter referred to as "Borrower"), whose address is 17 Kercheval Ave., Gross Point, WI 48236 promises to pay to the order of Thomas T. Ritter whose mailing address is P.O. Box 2138, Williston, ND 58802-2138 and whose physical address is 320 East 11th Street, Williston, ND 58801 (hereinafter referred to as "Note Holder"), the principal sum of Four Hundred Thirty Thousand and 00/100 Dollars ($430,000.00) (hereinafter referred to as the "Loan") together with any accrued and unpaid interest thereon in the manner described below. This Promissory Note is hereinafter referred to as the "Note".

WHEREAS, the undersigned hereby acknowledge receipt of funds in the amount of $350,000 from Thomas T. Ritter, referenced in that certain Promissory Note dated February 12, 2014 between the above parties. That along with accrued interest of $80,000.00, due Thomas T. Ritter on August 12, 2014 and the remaining principal of $350,000.00, the parties wish to extend or renew the new loan amount of $430,000.00 for six months from the above date.

1. **Repayment:** The outstanding principal amount of the Loan and any accrued interest shall be due and payable to Note Holder on or before six (6) months from the date of this Note as set forth above. Provided, however, that the Borrower and Note Holder may extend the date of repayment by mutual written agreement.

2. **Interest:** The annual interest rate on the outstanding principal amount of the Loan from the date of the Loan until payment of the Loan in full shall be least twenty percent (20%), on top, upon sale of the item or items.

3. **Prepayment:** Borrower may prepay this Note in whole or in part, without penalty. Payments shall be applied first to accrued interest and the balance to the outstanding principal balance of the Loan.

4. **Security:** The purpose of this loan is to purchase and resell jewelry items as discussed. At any time after the date of this Note until all amounts due hereunder are repaid in full, Note Holder reserves the right to demand security from Borrower for the repayment of this Note. Borrower agrees that upon written demand from Note Holder, Borrower shall provide Note

1 of 3

Holder with a first priority security interest in collateral valued in aggregate at one and fifty percent (150%) the outstanding balance of the Loan at the date of Note Holder's demand. Valuation of the collateral provided as security by Borrower shall be determined in Note Holder's sole discretion. The security agreement(s) executed by Borrower in accordance with this paragraph shall be in the form provided in Exhibit A attached hereto, or in a form otherwise mutually agreed to by the parties at the time of Note Holder's demand for security.

5. **Default and Acceleration:** Borrower shall be in default under this Note upon any of the following: (a) Borrower fails to pay any principal, interest or other sums required hereunder when due; (b) Borrower's files for relief under bankruptcy laws or any other laws for the benefit of creditors; (c) an involuntary petition is filed against Borrower under any bankruptcy laws, unless such petition is dismissed within 30 days; (d) Borrower fails to provide the security requested by Note Holder as contemplated in paragraph 4 above; or (e) any default of the security agreement or agreements executed in accordance with paragraph 4 above.

   Upon the occurrence of any default Note Holder may declare the entire unpaid principal balance of the Loan and all accrued and unpaid interest on this Note immediately due pursuant to applicable law.

6. **Consent and Waiver:** Borrower does hereby:

   a. Agree that no course of dealing or delay or omission or forbearance on the part of the Note Holder in exercising or enforcing any of its rights or remedies shall impair or be prejudicial to any of Note Holder's rights and remedies hereunder or to the enforcement hereof and that the Note Holder may extend, modify or postpone the time and manner of payment and performance of this Note without thereby releasing, discharging or diminishing its rights and remedies against any Borrower; and

   b. Waive notice of acceptance of this Note, notice of the occurrence of any default hereunder or under any instrument securing this Note and presentment, demand, protest, notice of dishonor and notice of protest and notices of any and all action at any time taken or omitted by the Note Holder in connection with this Note or any instrument securing this Note.

7. **Binding Effect:** The covenants and conditions contained in this Note shall apply to the Borrower and its heirs, legal representatives, successors and permitted assigns.

8. **Cumulative Rights:** The parties' rights under this Note are cumulative, and shall not be construed as exclusive of each other unless otherwise required by law.

9. **Severability:** If any part or parts of this Note shall be held unenforceable for any reason, the remainder of the Note shall continue in full force and effect. If any provision of this Note is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be

deemed to be construed as so limited.

10. **Attorney's Fees:** Borrower shall be responsible for all costs, including court costs and reasonable attorneys' fees, incurred by Note Holder as a result of any default by Borrower under the terms of this Note.

11. **Governing Law and Venue:** This Note is executed in, constitutes a contract under and should be construed in accordance with the laws of the State of North Dakota. Any dispute arising under or in connection with this Note shall come within the jurisdiction of the state and/or federal courts within Williams County, North Dakota and the Western District of North Dakota.

12. **Headings:** The headings of the paragraphs contained in this Note are for convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meaning to the parties hereto.

13. **Payments:** Payment shall be made payable to Note Holder at the address set forth above or such other address as Note Holder may provide to Borrower in writing.

BORROWER:

_____
Joseph DuMouchelle

STATE OF Michigan       }
                        }
COUNTY OF Macomb        }

On this ___7___ day of __November__, in the year 2014 before me personally appeared Joseph DuMouchelle, known to me (or proved to me) to be the person who is described in and who executed the within instrument, and acknowledged to me that that person (or they) executed the same.

*CHERI WATSON*
*Notary Public - Michigan*
*Macomb County*
*My Commission Expires Mar 8, 2020*
*Acting in the County of _____*

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 3-8-2020

Page 3 of 3

[Notary stamp, mirrored/reversed:]

SHERI WATSON
Notary Public - Michigan
Macomb County
My Commission Expires Mar 8, 2020
Acting in the County of _____

[Notary seal: SHERI N. WATSON, NOTARY PUBLIC, WAYNE COUNTY, MI]