# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

JOSEPH DuMOUCHELLE and
MELINDA ADDUCCI,

        Debtors.
_____/

Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

THOMAS RITTER,

        Plaintiff,

v.

JOSEPH DuMOUCHELLE and
MELINDA ADDUCCI,

        Defendants.
_____/

Adv. Pro. No. 20-04381
Hon. Lisa S. Gretchko

**OPINION AND ORDER PURSUANT TO E.D. MICH. LBR 9014-1(e) DETERMINING THAT A HEARING IS UNNECESSARY ON PLAINTIFF'S MOTION TO PERMIT THE FILING OF POST-ARGUMENT BRIEFS, OR FOR OTHER RELIEF, REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING SAID MOTION**

      This matter came before the Court upon Plaintiff's Motion To Permit The Filing Of Post-Argument Briefs, Or For Other Relief, Regarding Plaintiff's Motion for Summary Judgment ("Motion for Additional Briefing"; ECF No. 107) and Defendants' response in opposition thereto ("Opposition to Additional Briefing"; ECF No. 108).

## Background

On May 2, 2023, Plaintiff filed a Motion for Summary Judgment ("SJ Motion"; ECF No. 100) against Joseph DuMouchelle on Counts III, V, and VII of Plaintiff's Second Amended Complaint.

On May 12, 2023—ten days after the SJ Motion was filed in this adversary proceeding—a stipulation between the United States Trustee and Joseph DuMouchelle was filed in the Debtors' main bankruptcy case (Case No. 19-54531; "Main Case") for entry of an order waiving Joseph DuMouchelle's discharge under 11 U.S.C. § 727(a)(10). On May 15, 2023, the Court entered the Order Denying Discharge of Joseph G. DuMouchelle Only Under 11 U.S.C. § 727(a)(10) ("Order Denying Joseph's Discharge"). Plaintiff's counsel received electronic notification of the foregoing stipulation and order, as said counsel filed an appearance in the Main Case on or about April 17, 2020, and has never withdrawn that appearance.

On May 16, 2023, Defendant Joseph DuMouchelle filed a response to the SJ Motion ("Response to SJ Motion"; ECF No. 103). The Response to SJ Motion argued, among other things, that "there is no longer an 'actual case or controversy' at stake as it relates to Plaintiff's claims against Joe," and that the SJ Motion "should be denied (and, in fact, the case should be dismissed with respect to Joe)" and, in support of that argument, cited to the United States Constitution, Article III, § 2, and several cases.

On June 20, 2023, Plaintiff filed a seven page reply brief in support of the SJ Motion ("Reply Supporting SJ Motion"; ECF No. 105), four pages of which addressed the mootness issue,[1] including the cases cited by Defendant Joseph DuMouchelle, plus other cases that Plaintiff cited in support of his position on the mootness issue. On June 23, 2023, the Court held approximately one hour of oral argument on the mootness issue and explained to counsel that the mootness issue affects the Court's subject matter jurisdiction to consider the merits of the SJ Motion.

---

[1] Although Plaintiff sought and obtained permission to file a brief in excess of twenty-five pages regarding the SJ Motion, Plaintiff never requested leave to file a reply brief longer than the seven page limit contained in E.D. Mich. LBR 9014-1(f).

On June 26, 2023—three days after the June 23, 2023 oral argument on the mootness issue—Plaintiff filed the Motion for Additional Briefing. Defendants filed their Opposition to Additional Briefing on July 10, 2023.

## Discussion

The Court has reviewed the Motion for Additional Briefing, the Opposition to Additional Briefing, the SJ Motion, the Response to SJ Motion, the Reply Supporting SJ Motion, and other pertinent pleadings. The Motion for Additional Briefing poses 19 questions that Plaintiff seeks permission to brief. Many of them are hypothetical and describe facts that are not present in the instant case. Others are academic. Others address issues not previously raised by Plaintiff, including potential evidentiary issues and issues regarding the future effect of a possible dismissal of Joseph DuMouchelle from this adversary proceeding on the grounds of lack of subject matter jurisdiction due to mootness. However, the issues and questions listed in the Motion for Additional Briefing are not before the Court. Simply stated, the additional briefing that Plaintiff seeks would not be helpful to the Court in deciding the mootness issue and would be burdensome to Defendants and the Court.

Moreover, Plaintiff's Motion for Additional Briefing seeks relief that is inconsistent with the briefing opportunities and sequence set forth in E.D. Mich. LBR 9014-1(f). Plaintiff is apparently concerned about the Court's ruling on the mootness issue that Defendants' counsel raised with respect to Joseph DuMouchelle in the Response to SJ Motion that was filed on May 16, 2023 (more than one month before Plaintiff filed his Reply Supporting SJ Motion), but that does not constitute cause to abandon the timing and sequence provided in E.D. Mich. LBR 9014-1(f), or to grant the relief requested in the Motion for Additional Briefing so as to permit Plaintiff to brief the 19 questions listed therein.

Pursuant to E.D. Mich. LBR 9014-1(e), the Court finds that a hearing on the Motion for Additional Briefing is unnecessary. The Court is advised in the premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to E.D. Mich. LBR 9014-1(e), the Court declines to hold a hearing on the Motion for Additional Briefing.

**IT IS FURTHER ORDERED** that the Motion for Additional Briefing is denied.

Signed on July 17, 2023



/s/ Lisa S. Gretchko

Lisa S. Gretchko
United States Bankruptcy Judge