UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Melinda J. Adducci

   Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Thomas T. Ritter

   Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci,

   Defendants.
_____/

Adversary Pro. No. 20-04381

**PLAINTIFF'S SECOND SET OF
INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS
JOSEPH DUMOUCHELLE AND MELINDA ADDUCCI**

  Plaintiff Thomas T. Ritter ("Ritter") through his undersigned counsel, serves the following *Second Set of Interrogatories and Document Requests* (collectively, the "Discovery Requests") upon defendants Joseph DuMouchelle and Melinda Adducci, pursuant to Fed. R. Bankr. P. 7033/Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7034/Fed. R. Civ. P. 34 (the "Applicable Rules"). Defendants shall submit their responses within 30 days of the date hereof pursuant to the Applicable Rules. These

Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

## INSTRUCTIONS AND DEFINITIONS

1. In answering the following Discovery Requests, produce all of the requested information and documents in Defendant's possession, custody, or control.

2. These Discovery Requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response, which information or documents were not included in your response, such information or documents must be promptly furnished to the undersigned.

3. The term "including" means including without limitation.

4. The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

5. The term "explain" means provide a comprehensive, accurate, and

detailed explanation of information requested in the propounded interrogatory.

6. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

7. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing from one person or entity to another, or to oneself or to any file, archive or system,

including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication.

8. The term "Adversary Proceeding" shall mean the above captioned adversary proceeding.

9. The term "Complaint" shall mean and refer to Plaintiff's Second Amended Complaint at Dkt. 91 in this matter.

10. The term "Interrogatories" shall mean and refer to these Interrogatories.

11. The term "Answer" shall mean and refer to the Defendants' Answer to Plaintiff's Second Amended Complaint at Dkt. 93 in this matter.

12. The term "Joseph" shall mean and refer to Defendant Joseph DuMouchelle.

13. The term "Defendant Melinda" shall mean and refer to Defendant Melinda Adducci.

14. The term "Defendants" shall mean and refer to Joseph DuMouchelle and Melinda Adducci.

15. The term "Plaintiff" means the plaintiff in this adversary proceeding, Thomas T. Ritter.

16. The terms "you," "your," "yours" shall mean and refer to refer to both Defendants or each Defendant specifically addressed in the particular Interrogatory or Request to Produce.

17. The term "DuMouchelle Jewellers" shall mean and refer to Joseph DuMouchelle Fine & Estate Jewellers, LLC, its affiliated entities, as well as its current and former agents, officers, directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

18. The term "Affiliate(s)" includes but is not limited to DuMouchelle Jewellers and any other foreign or domestic legal entity such as a corporation, limited liability or other legal entity in which Defendant, Joseph or DuMouchelle Jewellers has a direct or indirect interest or ownership in that is equal to or greater than 10 percent of the entity's membership, shares or other evidence of ownership and shall also include any non-Defendant business partner, co-owner, co-venturer or other business relationship by Defendant, Joseph or DuMouchelle Jewellers with any non-Defendant natural persons or legal entities.

19. The term "identify" with respect to a person means to provide, to the fullest extent possible, the person's full name, present (or last known) home and business address, home and business telephone and cell phone number, and last known place of employment.

20. The term "identify" with respect to a document means to provide, to the fullest extent possible, the (1) type; (2) general subject matter; (3) date; (4) author(s); (5) addressee(s); and (6) any other recipient(s).

21. The term "identify" with respect to an inspection, communication or other event, means (1) to state the date of such inspection, communication or other event; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such inspection, communication or other event, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such inspection, communication or other event; and (5) if such documents exist, to identify each such document and each person having custody of the document.

22. If you consider any document or communication to be privileged, separately with regard to each such document or communication, provide the following information:

    (a)    Describe the contents generally and the date of the document or communication;

    (b)    Explain fully the basis for the claimed privilege;

    (c)    Identify the author or maker and all signatures on the document or communication;

    (d)    Identify all persons or entities who have, or have had, access to any such matter referred to or involved in such document or

communication; and

(e) Identify the custodian of the original and all copies of the document.

23. If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

24. The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable.

25. The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests information which might otherwise be construed to be outside the scope of Discovery Requests.

26. All electronic data created by Defendants from January 1, 2014, through present must be preserved. Please ensure that all current back-up tapes, disks or drives are not rewritten. Stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data relating to the issues in this lawsuit. Do not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter. Do not conduct any maintenance such as defragging, reformatting or upgrading any hard drives that may contain data relevant to this litigation. Do not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may

contain electronic data having any relation to this matter.

27. All such electronically stored information must be produced in "native format," including all metadata.

## **INTERROGATORIES**

1. Please identify each and every computer and server used by Defendants, or Affiliates including computers owned by Affiliates that were used by employees during the years 2016-2023 – include the brand of computer or server, whether it is a desktop or laptop computer, the year the computer was purchased and the model name and/or number.

RESPONSE:

2. Do you have possession of any of the computers and servers used by Defendants, Affiliates, or employees of Affiliates during the years 2016-2023? To the extent you do not have possession of each and every computer, provide the last known location of each computer and server that was used by you, Joseph, Affiliates, or employees during the years 2016-2023.

RESPONSE:

3. Identify each computer and server in your possession that is described in the above Response to Interrogatory No. 1.

RESPONSE:

4. For computers or servers used by Defendants, Affiliates, or employees that are no longer in your possession explain in detail the last known location of each, name of person last known to have possession of each, disposition made of each, the date of disposition and the method of disposition and name of person who caused the disposition of each server or computer.

RESPONSE:

5. Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendant, Joseph, or Affiliates during the years 2016-2023, including QuickBooks, RMC, RFC, and ACT.

RESPONSE:

## REQUEST TO PRODUCE

1. Produce all computers and computer servers utilized or accessed by either Defendants, Affiliates, or owned by you, Joseph or Affiliates and used by employees of Affiliates during the period 2016-2023, including those owned personally and those of DuMouchelle Jewellers.

RESPONSE:

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: August 22, 2023   By:   /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Debtors.
_____/

Thomas T. Ritter

   Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

Adversary Pro. No. 20-04381

   Defendants.
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, my office caused to be served a copy of the ***Plaintiff's Second Set Of Interrogatories And Document Requests To Defendants Joseph DuMouchelle and Melinda Adducci*** and this ***Certificate of Service*** by email on Counsel for the Defendants, Patrick A. Foley at [pafoley@jrfpc.net](mailto:pafoley@jrfpc.net), and by using the Court's electronic filing system which will send notice to all ECF participants registered to receive notice.

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: August 22, 2023 By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com