## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bankruptcy Case No. 19-54531 |
| | Hon. Lisa S. Gretchko |
| | Chapter 7 |
| *Debtors.* | |

| | |
|---|---|
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| ~~JOSEPH G. DUMOUCHELLE, and~~ MELINDA J. ADDUCCI, | |
| *Defendant~~s~~.* | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS JOSEPH DUMOUCHELLE AND MELINDA ADDUCCI

**NOW COMES** the Defendant, MELINDA J. ADDUCCI ("Lindy"), by and through her counsel, JOHN R. FOLEY, P.C., who, in response to PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS JOSEPH DUMOUCHELLE AND MELINDA ADDUCCI, hereby state as follows:

### PRIVILEDGE / OBJECTIONS

Lindy is the subject of actual or potential criminal proceedings. Melinda has sought assurances, through her counsel, repeatedly, that she is not being pursued for prosecution. No such assurances have been provided. Further, at a recent court

hearing, counsel for the Plaintiff in this case indicated that he and his clients are working actively with law enforcement to pursue other charges against co-debtor JOSEPH DUMOUCHELLE ("Joe"), and Lindy, and that they had been working actively to prompt the United States Trustee to object to Lindy's receiving a discharge.

Therefore, in light of the foregoing, Lindy asserts her Fifth Amendment Privilege, and does not waive the same by answering these requests.

Further, with respect to any request that may call for documents or communication between her and Joe (her husband), Lindy asserts and invokes Marital/Spousal Privilege, and with respect to any requests that may call for documents or communications between she and her attorney, Lindy asserts Attorney-Client Privilege.

However, in an effort to be responsive, to move this case along, and to show that she did not participate in any fraudulent conduct as alleged, Lindy has provided responsive answers and documents.

These responses are provided without wavier of Lindy's Fifth Amendment Privilege, her Attorney-Client Privilege, or her Marital/Spousal Privilege. and specific preservation of the same.

DocuSign Envelope ID: 1D48E937-2B14-4CE0-ADDE-933D25E76A74

## RESPONSE TO INTERROGATORIES

1. Please identify each and every computer and server used by Defendants, or Affiliates including computers owned by Affiliates that were used by employees during the years 2016-2023 – include the brand of computer or server, whether it is a desktop or laptop computer, the year the computer was purchased and the model name and/or number.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not know this information. Lindy does not have these computers or servers, or any information about them. Per the trustee of the business bankruptcy case (*Joseph DuMouchelle Fine and Estate Jewelers*), *"My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case."* **Exhibit B to *Plaintiff's Motion for Discovery Sanctions*, <u>Gelov v. DuMouchelle & Adducci</u>, Case No. 20-04172-lsg, ECF No. 170, Filed 08/09/23, Page 37 of 39 of PDF.** Lindy has already disclosed to Plaintiff's counsel the information regarding the 2 laptops that she currently has, one being hers, and one being Joes. With respect to the information contained on each, Lindy further asserts that the laptops likely contain information protected her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the provider access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

2. Do you have possession of any of the computers and servers used by Defendants, Affiliates, or employees of Affiliates during the years 2016-2023? To the extent you do not have possession of each and every computer, provide the last known location of each computer and server that was used by you, Joseph, Affiliates, or employees during the years 2016-2023.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not know this information. Lindy does not

Page 3 of 8

DocuSign Envelope ID: 1D48E937-2B14-4CE0-ADDE-933D25E76A74

have these computers or servers, or any information about them. Per the trustee of the business bankruptcy case (*Joseph DuMouchelle Fine and Estate Jewelers*), "*My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case.*" **Exhibit B to *Plaintiff's Motion for Discovery Sanctions*, <u>Gelov v. DuMouchelle & Adducci</u>, Case No. 20-04172-lsg, ECF No. 170, Filed 08/09/23, Page 37 of 39 of PDF.** Lindy has already disclosed to Plaintiff's counsel the information regarding the 2 laptops that she currently has, one being hers, and one being Joes. With respect to the information contained on each, Lindy further asserts that the laptops likely contain information protected her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the provider access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

3. Identify each computer and server in your possession that is described in the above Response to Interrogatory No. 1.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not know this information. Lindy does not have these computers or servers, or any information about them. Per the trustee of the business bankruptcy case (*Joseph DuMouchelle Fine and Estate Jewelers*), "*My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case.*" **Exhibit B to *Plaintiff's Motion for Discovery Sanctions*, <u>Gelov v. DuMouchelle & Adducci</u>, Case No. 20-04172-lsg, ECF No. 170, Filed 08/09/23, Page 37 of 39 of PDF.** Lindy has already disclosed to Plaintiff's counsel the information regarding the 2 laptops that she currently has, one being hers, and one being Joes. With respect to the information contained on each, Lindy further asserts that the laptops likely contain information protected her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the provider access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any

DocuSign Envelope ID: 1D48E937-2B14-4CE0-ADDE-933D25E76A74

disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

4. For computers or servers used by Defendants, Affiliates, or employees that are no longer in your possession explain in detail the last known location of each, name of person last known to have possession of each, disposition made of each, the date of disposition and the method of disposition and name of person who caused the disposition of each server or computer.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not know this information. Lindy does not have these computers or servers, or any information about them. Per the trustee of the business bankruptcy case (*Joseph DuMouchelle Fine and Estate Jewelers*), "*My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case.*" **Exhibit B to *Plaintiff's Motion for Discovery Sanctions*, <u>Gelov v. DuMouchelle & Adducci</u>, Case No. 20-04172-lsg, ECF No. 170, Filed 08/09/23, Page 37 of 39 of PDF.** Lindy has already disclosed to Plaintiff's counsel the information regarding the 2 laptops that she currently has, one being hers, and one being Joes. With respect to the information contained on each, Lindy further asserts that the laptops likely contain information protected her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the provider access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

5. Provide all valid usernames and corresponding passwords to all cloudbased systems used by Defendant, Joseph, or Affiliates during the years 2016-2023, including QuickBooks, RMC, RFC, and ACT.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not have any usernames or passwords to

DocuSign Envelope ID: 1D48E937-2B14-4CE0-ADDE-933D25E76A74

"cloudbased systems used by Defendant, Joseph, or Affiliates during the years 2016-2023, including QuickBooks, RMC, RFC, and ACT." With respect to the access to information on any cloudbased systems, Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege.

Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the same access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

## <u>RESPONSES TO REQUEST TO PRODUCE</u>

1. Produce all computers and computer servers utilized or accessed by either Defendants, Affiliates, or owned by you, Joseph or Affiliates and used by employees of Affiliates during the period 2016-2023, including those owned personally and those of DuMouchelle Jewellers.

**RESPONSE**: Lindy asserts her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Subject to and without waiving her privilege, Lindy responds: Lindy does not know this information. Lindy does not have these computers or servers, or any information about them. Per the trustee of the business bankruptcy case (*Joseph DuMouchelle Fine and Estate Jewelers*), "*My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case.*" **Exhibit B to *Plaintiff's Motion for Discovery Sanctions*, <u>Gelov v. DuMouchelle & Adducci</u>, Case No. 20-04172-lsg, ECF No. 170, Filed 08/09/23, Page 37 of 39 of PDF.** Lindy has already disclosed to Plaintiff's counsel the information regarding the 2 laptops that she currently has, one being hers, and one being Joes. With respect to the information contained on each, Lindy further asserts that the laptops likely contain information protected her Fifth Amendment Privilege, her Attorney-Client Privilege, and her Marital/Spousal Privilege. Because of this, the parties, though counsel, are in the process of working with an e-discovery provider, to have the provider access and download the information from the computers, allow Defendant's counsel a chance to review the same and mark what is believed to be privileged, provide that list to Plaintiff's counsel, workout any disputes regarding the same, including coming to this Court if necessary, and then have any relevant non-privileged information produced to Plaintiff.

DocuSign Envelope ID: 1D48E937-2B14-4CE0-ADDE-933D25E76A74

<u>**VERIFICATION**</u>

By signing below, I swear and affirm that the foregoing responses to discovery are true and accurate to the best of my knowledge, information, and belief.

Melinda (Lindy) Adducci

9/20/2023

Date

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant Lindy*

By: /s/Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email:  pfoley@jrfpc.net

**Dated**: September 21, 2023

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtors.*

Bankruptcy Case No. 19-54531
Hon. Phillip J. Shefferly
Chapter 7

THOMAS T. RITTER,

*Plaintiff,*

v.

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Defendants.*

Adv. Pro. No. 20-04381
Hon. Phillip J. Shefferly

## <u>PROOF OF SERVICE</u>

Patrick A. Foley hereby certifies that on September 21, 2023, he did serve a copy of the foregoing discovery responses, upon counsel for the Plaintiff, THOMAS R. RITTER by emailing a copy of the same, via the Court's CM/ECF e-Filing System to:

Attorney Jay L. Welford  - Email: <u>jwelford@jaffelaw.com</u>

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant Lindy*

By: /s/Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email:  <u>pfoley@jrfpc.net</u>

**Dated**: September 21, 2023