# EXHIBIT 1

| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |

| | |
|---|---|
| Thomas T. Ritter,<br><br>                      Plaintiff,<br><br>vs.<br><br>Joseph DuMouchelle,<br>Melinda Adducci a/k/a Melinda DuMouchelle,<br>and Joseph DuMouchelle Fine & Estate<br>Jewellers, LLC,<br><br>                      Defendant. | Court File No.: 53-2019-CV-01186<br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER FOR JUDGMENT** |

[¶1] This matter is before the Court on Plaintiff Thomas T. Ritter's ("Ritter") Application for Judgment by Default. The Court, now being fully advised, hereby finds:

## FINDINGS OF FACT

[¶2] This action was commenced by personal service of a Summons and Complaint upon attorney David de Reyna who was duly authorized to accept service of the Summons and Complaint for Joseph DuMouchelle ("DuMouchelle") and Melinda Adducci a/k/a Melinda DuMouchelle ("Adducci") and executed an Admission of Service. See Admission of Service (Doc. ID #7). At the same time, the Summons and Complaint was personally served on David de Reyna, as the Registered Agent of Joseph DuMouchelle Fine & Estate Jewellers, LLC on July 10, 2019. See Affidavit of Service (Doc. ID #8).

[¶3] More than twenty-one (21) days have elapsed since service of the Summons and Complaint upon Defendants and Plaintiff did not receive an Answer from Defendants nor did Defendants make an appearance with the Court.

[¶4] All of the allegations as contained in Plaintiff's Complaint (Doc ID# 1) are hereby declared true and correct.

[¶5] Defendants DuMouchelle and Adducci entered into a Promissory Note with Ritter dated February 12, 2014, which was executed by DuMouchelle and Adducci on February 19, 2014. The purpose of the Promissory Note was to purchase and resell jewelry. The Note provides:

> At any time after the date of this Note until all amounts due hereunder are repaid in full, [Plaintiff] reserves the right to demand security from [Defendants DuMouchelle and Adducci] for the repayment of this Note.

The Note further provided Ritter with a first priority security interest in collateral valued in aggregate at 150% of the outstanding balance. Compl., ¶ 7.

[¶6] The Note is to be interpreted according to the laws of North Dakota and specifically granted jurisdiction to this Court as follows:

> **11. Governing Law and Venue**: This Note is executed in, constitutes a contract under and should be construed in accordance with the laws of the State of North Dakota. Any dispute arising under or in connection with this Note shall come within the jurisdiction of the state and/or federal courts within Williams County, North Dakota and the Western District of North Dakota.

Compl., ¶ 8.

[¶7] The Promissory Note provides upon default, Ritter may declare the entire unpaid principal balance of the loan and all interest immediately due and payable. The Note further provides Defendants DuMouchelle and Adducci shall be responsible for all costs, including court costs and reasonable attorney's fees, incurred as a result of default under the Note. Compl., ¶ 9. A copy of the Promissory Note was attached to the Complaint as Exhibit A. (Doc. ID #3).

[¶8] Interest on this Note in the amount of $80,000 plus the original amount of $350,000 were combined for a new Note totaling $430,000, which was dated August 12, 2014. Ritter Aff. ¶ 6. This Note, in the principal amount of $430,000 was renewed and extended many times for six (6) month terms with all principal and interest due on May 16 and November 16 of each year. Id.

2

[¶9] On November 16, 2017, a Renewed and Extended Promissory Note effective May 16, 2017, came due requiring payment of the principal amount of $430,000 plus accrued interest of $64,500. While negotiating an extension for the principal, DuMouchelle and Adducci agreed to pay the existing accrued interest of $64,500. Ritter Aff. ¶ 7. Despite their promises, DuMouchelle and Adducci failed to pay the interest due on November 16, 2017, in the amount of $64,500. Ritter Aff. ¶ 9.

[¶10] On or about January 17, 2018, DuMouchelle executed and delivered to Ritter a Renewed and Extended Promissory Note effective November 16, 2017, in the amount of $430,000.00, plus interest as provided for therein. Compl., ¶ 11.

[¶11] The Renewed and Extended Promissory Note was to be paid in full on or before May 16, 2018. Compl., ¶ 12. A copy of the Renewed and Extended Promissory Note was attached to the Complaint as Exhibit B. (Doc. ID #4)

[¶12] Defendants defaulted under the terms and conditions of the Renewed and Extended Promissory Note. Compl., ¶ 13.

[¶13] In early 2019, while communicating with DuMouchelle regarding the Renewed and Extended Promissory Note, DuMouchelle informed Ritter of a possible investment opportunity. DuMouchelle indicated there was an estate sale pending in Texas that included a 77.12-carat yellow diamond ring, coined "The Yellow Rose." DuMouchelle, an expert in the field of gemstones, explained he could purchase the ring for $12.5 million from the estate sale and subsequently sell the ring for approximately $16 million to $20 million. Compl., ¶ 14.

[¶14] Defendant Adducci, who is DuMouchelle's spouse, also spoke to Ritter regarding purchase of The Yellow Rose and indicated it would be a lucrative investment for all of the parties. Defendant Adducci provided Ritter with photos and appraisal information regarding The Yellow Rose by email on January 25, 2019. Compl., ¶ 16.

3

[¶15] By a letter agreement dated January 31, 2019, Ritter and DuMouchelle entered into an agreement that Ritter would purchase The Yellow Rose from the seller for $12 million, and DuMouchelle would then facilitate the subsequent sale on Ritter's behalf. Based on the amount of profit, the money was to be divided between Ritter and DuMouchelle. Compl., ¶ 17. A copy of the January 31, 2019, Letter Agreement was attached to the Complaint as Exhibit C. (Doc. ID #5).

[¶16] Between January 31, 2019, and February 5, 2019, DuMouchelle, by email, directed Ritter to wire money to purchase The Yellow Rose to various accounts, which DuMouchelle represented and Ritter believed was the account of the seller of The Yellow Rose. Compl., ¶¶ 19-26.

[¶17] Ritter ultimately completed a wire transfer on February 6, 2019, to the Bank of America account of Fine & Estate Appraisers, LLC. Compl., ¶ 27.

[¶18] DuMouchelle later provided Ritter with a Receipt from Joseph DuMouchelle International Auctioneers dated February 6, 2019, for purchase of The Yellow Rose for $12 million. Compl., ¶ 29.

[¶19] In March 2019, DuMouchelle represented to Ritter he had a buyer interested in purchasing The Yellow Rose from Ritter. Ritter expected he would sell The Yellow Rose to the buyer and the buyer would transmit the purchase funds directly to Ritter. Ritter emailed a draft agreement in conformity with this understanding to DuMouchelle on March 21, 2019. Compl., ¶ 32.

[¶20] DuMouchelle, as agent for Ritter, entered into a Letter Agreement dated April 12, 2019, for the subsequent sale of The Yellow Rose for $16.5 million with Sam Haggin, Trustee of the Jennifer H. Rands Trust, which was signed by Sam Haggin on April 19, 2019. Compl., ¶ 33. A copy of the April 12, 2019, letter agreement was attached to the Complaint as Exhibit D. (Doc. ID #6).

4

[¶21] The agreement provided that payment for The Yellow Rose was to be made in full by wire transfer within ten (10) days of signing the agreement, which was executed on April 19, 2019. Compl., ¶ 34.

[¶22] Ritter has received neither The Yellow Rose nor the proceeds from any sale of The Yellow Rose. Defendants have refused to return Ritter's funds or any profit earned on the subsequent sale of The Yellow Rose. Ritter Aff. ¶ 29. The Defendants have further refused to communicate truthfully with Ritter regarding the location of The Yellow Rose or any details regarding the purchase and subsequent sale of The Yellow Rose or provide an accounting detailing the specific use of the funds transmitted by Ritter. Id.

[¶23] **NOW, THEREFORE**, based upon the foregoing Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

[¶24] This Court has jurisdiction over the parties and the subject matter of this action.

[¶25] Defendants DuMouchelle and Adducci entered into a Promissory Note with Ritter dated February 12, 2014, which was executed by DuMouchelle and Adducci on February 19, 2014. The purpose of the Promissory Note was to purchase and resell jewelry.

[¶26] The Promissory Note provides that upon default, Ritter may declare the entire unpaid principal balance of the loan and all interest immediately due and payable. The Note further provides Defendants DuMouchelle and Adducci shall be responsible for all costs, including court costs and reasonable attorney's fees, incurred as a result of default under the Note.

[¶27] On November 16, 2017, a Renewed and Extended Promissory Note effective May 16, 2017, came due requiring payment of the principal amount of $430,000 plus accrued interest of $64,500. An extension was negotiated in which DuMouchelle and Adducci agreed to pay the

existing accrued interest of $64,500. DuMouchelle and Adducci failed to pay the accrued interest of $64,500 as promised.

[¶28] On or about January 17, 2018, DuMouchelle executed and delivered to Ritter a Renewed and Extended Promissory Note effective November 16, 2017, in the amount of $430,000.00, plus interest as provided for therein.

[¶29] The Renewed and Extended Promissory Note was to be paid in full on or before May 16, 2018.

[¶30] Defendants defaulted under the terms and conditions of the Renewed and Extended Promissory Note.

[¶31] In early 2019, while communicating with DuMouchelle regarding the Renewed and Extended Promissory Note, which was now in default, DuMouchelle informed Ritter of a possible investment opportunity. DuMouchelle indicated there was an estate sale pending in Texas that included a 77.12-carat yellow diamond ring, coined "The Yellow Rose." DuMouchelle, an expert in the field of gemstones, explained he could purchase the ring for $12.5 million from the estate sale and subsequently sell the ring for approximately $16 million to $20 million.

[¶32] Defendant Adducci also spoke to Ritter regarding purchase of The Yellow Rose and indicated it would be a lucrative investment for all of the parties. Defendant Adducci provided Ritter with photos and appraisal information regarding The Yellow Rose by email on January 25, 2019.

[¶33] By a letter agreement dated January 31, 2019, Ritter and DuMouchelle entered into an agreement that Ritter would purchase The Yellow Rose from the seller for $12 million, and DuMouchelle would then facilitate the subsequent sale on Ritter's behalf. Based on the amount of profit, the money was to be divided between Ritter and DuMouchelle.

6

[¶34] Between January 31, 2019, and February 5, 2019, DuMouchelle, by email, directed Ritter to wire money to purchase The Yellow Rose to various accounts, which DuMouchelle represented and Ritter believed was the account of the seller of The Yellow Rose.

[¶35] Ritter ultimately completed a wire transfer on February 6, 2019, to the Bank of America account of Fine & Estate Appraisers, LLC.

[¶36] DuMouchelle later provided Ritter with a Receipt from Joseph DuMouchelle International Auctioneers dated February 6, 2019, for purchase of The Yellow Rose for $12 million.

[¶37] In March 2019, DuMouchelle represented to Ritter he had a buyer interested in purchasing The Yellow Rose from Ritter. Ritter expected he would sell The Yellow Rose to the buyer and the buyer would transmit the purchase funds directly to Ritter. Ritter emailed a draft agreement in conformity with this understanding to DuMouchelle on March 21, 2019.

[¶38] DuMouchelle, as agent for Ritter, entered into a Letter Agreement dated April 12, 2019, for the subsequent sale of The Yellow Rose for $16.5 million with Sam Haggin, Trustee of the Jennifer H. Rands Trust, which was signed by Sam Haggin on April 19, 2019.

[¶39] The agreement provided that payment for The Yellow Rose was to be made in full by wire transfer within ten (10) days of signing the agreement, which was executed on April 19, 2019.

[¶40] Ritter has received neither The Yellow Rose nor the proceeds from any sale of The Yellow Rose.

[¶41] Defendants have refused to return Ritter's funds or any profit earned on the subsequent sale of The Yellow Rose. The Defendants have further refused to communicate truthfully with Ritter regarding the location of The Yellow Rose or any details regarding the purchase and subsequent sale of The Yellow Rose or provide an accounting detailing the specific use of the funds transmitted by Ritter.

7

[¶42] Defendants have breached their agreements with Plaintiff regarding the purchase and subsequent sale of The Yellow Rose.

[¶43] Plaintiff Thomas T. Ritter shall be declared the prevailing party and is entitled to ~~attorney's fees,~~ costs, and disbursements.

## ORDER FOR JUDGMENT

[¶44] IT IS HEREBY ORDERED:

[¶45] Plaintiff's Application for Default Judgment is hereby GRANTED.

[¶46] Defendants have breached their agreements with the Plaintiff regarding the purchase and sale of The Yellow Rose and are hereby ordered to pay Plaintiff his damages totaling $16,414,214.61 for the original purchase costs, commission and interest.

[¶47] Defendants defaulted on the Renewed and Extended Promissory Note and Plaintiff is awarded his principal and interest due, which totals $725,817.01 as of August 31, 2019.

[¶48] Plaintiff shall be declared the prevailing party and entitled to recover his costs and disbursements as allowed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this _____ day of _____, 2019.

Signed: 9/12/2019 11:32:54 AM

BY THE COURT:  Kirsten Sjue

_____
Judge of the District Court

STATE OF NORTH DAKOTA                        IN DISTRICT COURT
COUNTY OF WILLIAMS                      NORTHWEST JUDICIAL DISTRICT

| Thomas T. Ritter,<br>                        Plaintiff,<br><br>vs.<br><br>Joseph DuMouchelle,<br>Melinda Adducci a/k/a Melinda DuMouchelle,<br>and Joseph DuMouchelle Fine & Estate<br>Jewellers, LLC,<br>                        Defendant. | Court File No.: 53-2019-CV-01186<br><br>**JUDGMENT** |
|---|---|

[¶1] Upon Order of the District Court for the County of Williams, State of North Dakota, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

[¶2] This action was commenced by personal service of the Summons and Complaint on July 10, 2019, on attorney David de Reyna, who was duly authorized by Joseph DuMouchelle and Melinda Adducci to accept service of the Summons and Complaint in this matter, and executed an Admission of Service. (Doc. ID #7). At the same time, the Summons and Complaint was personally served on David de Reyna as the Registered Agent of Joseph DuMouchelle Fine & Estate Jewellers, LLC. (Doc. ID #8).

[¶3] More than twenty-one (21) days have elapsed since the service of the Summons and Complaint and Plaintiff did not receive an Answer from Defendants.

[¶4] All of the allegations as contained in Plaintiff's Complaint are hereby declared true and correct.

[¶5] Plaintiff is the owner and holder of a Promissory Note dated February 19, 2014, which was renewed and extended numerous times. The most recent Renewed and Extended Promissory Note was effective November 16, 2017. Defendants have defaulted on the Renewed

and Extended Promissory Note and Plaintiff is awarded his principal and interest due, which totals $725,817.01 as of August 31, 2019.

[¶6] In addition, Defendants have breached their agreements with Plaintiff regarding the purchase and sale of The Yellow Rose and are hereby ordered to pay Plaintiff his damages totaling $16,414,214.61 for the original purchase costs, commission and interest.

[¶7] Plaintiff has incurred costs in this action including services fees in the amount of $216.00, clerk's fees in the amount of $80.00 and statutory fees in the amount of $12.00, for a combined total of $308.00 in costs and disbursements.

[¶8] WITNESS, the hand of Honorable __Kirsten M. Sjue__, Judge of the District Court, County of Williams, State of North Dakota.

Date: Signed: 9/16/2019 10:34:12 AM

Jody Fixen by _____ Deputy
CLERK OF DISTRICT COURT