UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci,

        Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Thomas T. Ritter,

        Plaintiff,

v.

Melinda J. Adducci,

        Defendant.
_____/

Adversary Pro. No. 20-04381

**STIPULATION FOR ENTRY OF PROTECTIVE
ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT
MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH
DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND
PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION
AND PRESERVATION OF PRIVILEGE IN THE EVENT OF
<u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>**

Thomas Ritter ("Plaintiff"), and Melinda J. Adducci ("Defendant"), by their respective counsel, stipulate and agree to the entry of the proposed Order attached hereto as **Exhibit 1**.

1

129681160v1

Approved as to form and content:

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
| By: /s/*Jay L. Welford* | By: */s/Patrick A. Foley* (w/permission) |
| Jay L. Welford (P34471) | Patrick A. Foley (P74323) |
| Kimberly Ross Clayson (P69804) | 18572 W. Outer Drive |
| 27777 Franklin, Suite 2500 | Dearborn, MI 48128 |
| Southfield, MI 48034 | 313-274-7377 |
| (248) 351-3000 | pafoley@jrfpc.net |
| jwelford@taftlaw.com | |
| kclayson@taftlaw.com | |
| *Counsel to Plaintiff, Thomas Ritter* | *Counsel for Defendant, Melinda J. Adducci* |
| Dated: October 31, 2023 | Dated: October 31, 2023 |

# EXHIBIT 1

129681160v1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

    Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Lisa S. Gretchko

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendants.
_____/

Adversary Pro. No. 20-04381

**PROTECTIVE ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION AND PRESERVATION OF PRIVILEGE IN THE EVENT <u>OF INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>**

    **THIS MATTER** having come before the Court on the stipulation ("Stipulation"; ECF No. ___) between Plaintiff, Thomas Ritter ("Plaintiff") and Defendant, Melinda J. Adducci ("Defendant"), by their respective counsel, consenting

4

129681160v1

to the terms of this Order. The Court has reviewed the Stipulation and this Order and based thereon, finds cause to enter this Order,

**NOW THEREFORE, IT IS HEREBY ORDERED:**

**I. PRESERVING CONTENT AND ARTIFACTS ON RELEVANT ELECTRONIC DEVICES**

    **A.** Defendant, in response to Plaintiff's discovery requests, identified two lap top computers, a MacBook Pro, 2016 with serial number C02SV2E6HF1T and a MacBook Air, 2019 with serial number SNFVFYT1P2M6X7 (hereinafter the "Electronic Devices") in her possession that Plaintiff seeks to image in connection with Plaintiff's discovery requests.

        **i.** Defendant will make the Electronic Devices available at a mutually convenient date and time, without having to surrender possession of the same, to allow a representative of Vestige Digital Investigations ("Vestige") to make a forensic copy of the hard drives, memory, and/or storage media installed in each of the Electronic Devices.

        **ii.** Imaging shall be made based on hardware and software sent to Defendant by Vestige. Defendant shall follow the directions of Vestige utilizing the hardware and software provided and shall then forthwith return the hardware and software provided by Vestige to Vestige.

    **B.** Despite and regardless of the terminology used in this Order, nothing in this Order shall be deemed a stipulation by Defendant, or by Joseph DuMouchelle, to the relevance, discoverability, admissibility, or right to possession of, or information regarding, any data whatsoever obtained from the Electronic Devices, nor a waiver of any rights of either with respect to the data or the Electronic Devices, including without limitation, any claims of privilege.

    **C.** There is resident on each of the Electronic Devices data that may be

5

129681160v1

20-04381-lsg    Doc 147    Filed 10/31/23    Entered 10/31/23 11:11:06    Page 5 of 13

relevant to the claims or defenses of any party and/or which may lead to the discovery of admissible evidence.

   i. All relevant data can be categorized as Content Data and/or Artifact Data (collectively, "Available Content").

      1. Content Data includes all data generated by a human.

      2. Artifact Data is generated by a computer.

**D.** Preservation of the Available Content resident on the Electronic Devices does NOT include any searching. Preservation is completed by Vestige creating on its evidentiary electronic media a forensic copy (hereinafter each a "Forensic Image") of the hard drives, memory, and/or storage media installed in each of the Electronic Devices. Once created, the Forensic Images permit the extraction and analysis of Content Data and Artifact Data in the manner described in Section II below, without causing any changes to the Content Data or Artifact Data.

**E.** As Vestige creates each Forensic Image, Vestige will verify that each Forensic Image is an exact, reliable copy of the hard drives, memory, and/or available storage media installed in each of the Electronic Devices. Vestige's verification may include calculating a "digital fingerprint" (MD5/SHA1 or other industry standard algorithm hash).

**F.** Vestige shall not provide to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, any list of, nor a copy of, any of the data from the Electronic Devices, including without limitation. The Content Data, Artifact Data, or Forensic Image(s) of the same, except in conformity with the terms of this Order. Further, Vestige shall not disclose or discuss any of the data, or the content thereof, in any manner with Plaintiff or Plaintiff's counsel, or any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, except as allowed herein for purposes of technological explanation generally, and without reference to specific data.

G. Defendant's counsel will be allowed to observe the creation of each Forensic Image of the hard drives, memory, and/or storage media installed in each of the Electronic Devices.

H. Vestige, and its representatives, will perform all work using usual and customary practices and industry standards. Vestige will create each Forensic Image using forensically sound and defensible protocols.

## II. EXTRACTING RELEVANT CONTENT DATA, AND IDENTIFYING AND ANALYZING RELEVANT ARTIFACT DATA

A. Vestige will create a Computer Analysis Team whose members will be responsible for the identification and extraction of relevant Content Data from the Forensic Image(s) and for the identification and interpretation of relevant Artifact Data.

  i. The names and curriculum vitae of each member of the team will be made available upon request.

B. No Vestige personnel will "browse" the Forensic Image(s), hoping to find relevant Content Data or Artifact Data. One or more members of Vestige will analyze the volume, type, format, file characteristics, and properties of data resident upon the Forensic Images and perform the following analytic functions:

  i. explain to the parties any technological characteristics of the data that ought to be considered by the parties so that parties will be able to read, review, redact, produce, and authenticate Available Content;

  ii. Recommend, where applicable, processing of some data by third parties;

  iii. Recommend defensible search protocols, including predictive coding techniques, to properly reduce the amount of manual review necessary and avoid waiver of privilege;

  iv. Apply its expertise to identify in all areas of each Forensic Image,

including in-use space (allocated areas), slack space and unused space (unallocated areas), Available Content and/or Relevant Artifacts;

**C.** The analysis of the Forensic Images will take place at Vestige. Since the Forensic Images can be made in the presence of Defendant's counsel, and subsequently verified via the MD5 (or other appropriate) hash checksum, the presence of Defendant's personal counsel during the analysis of the Forensic Images is unnecessary.

**D.** Vestige will use its computer forensic expertise to assist in the creation of technically feasible protocols or procedures to safeguard against the waiver of privilege due to inadvertent production of documents subject to any claims of privilege, including without limitation: attorney-client and/or work product privilege, and/or spousal privilege

**E.** Vestige shall report the results of its analysis in the following manner:

  **i.** From time to time, Vestige shall prepare the following types of reports:

   **1.** a Report of Available Content Data,

   **2.** an Abstract of Select Provisions of the Report of Available Content (hereinafter the "Abstract"), and

   **3.** a Report of Relevant Artifact Data.

  **ii.** Available Content Data. The Report of Available Content Data will include a listing of all active and deleted user generated content that is resident on the Forensic Images. The Report of Available Content Data will include appropriate metadata.

  **iii.** Relevant Artifact Data. The Report of Relevant Artifact Data shall include Vestige's opinion and all artifacts related to the manner in which Electronic Devices were used, the state of the data resident upon the Electronic Devices (including certification of completeness of data and integrity of data), and any other

relevant computer usage issue.

    iv. Vestige shall file the Report of Relevant Artifact Data and the Report of Available Content Data by serving a copy of each on counsel for Defendant only. No information whatsoever about the Available Content, neither the data itself, nor the reports, shall be communicated to or supplied to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, friend, associate, contractor of Plaintiff, prior to the "Turnover" as defined below.

    v. If the Defendant determines Vestige should withhold any report information, or Available Content for any reason, Defendant should identify what information is being withheld with reasonable particularity so that the Court and Plaintiff can determine whether information withheld is for a proper purpose under this Order or under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Local Rules (ED Mich.) and/or Local Bankruptcy Rules (ED Mich.).

    vi. If the Defendant determines Vestige should withhold any report information, or Available Content on the basis of privilege, Defendant shall prepare a privilege log and for each item withheld: (1) identify each item of information, separate document or communication related to the claim of privilege; (2) state the nature of claim of privilege; (3) state all the facts relied on in support of the claim of privilege; and (4) identify the sender and recipient(s) of each document or communication and each person that you have produced, sent, or provided a copy of such document or communication.

    This paragraph vi. shall not be construed so as to require counsel for Defendant(s) to make any disclosure of any persons to whom he sent information, or received information, even if that information contained information that was also provided to, or received from, his client(s), as such communications are protected as attorney client-work-product, and such further communication of the same information or message(s) does not waive attorney-client privilege.

vii. Within 28 days (4 weeks) of receiving an electronic copy of the Content Report and Artifact Report, counsel for Defendant will redact the Content Report and Artifact Report, prepare a log identifying the items in the Report of Available Content Data and the Report of Relevant Artifact Data, that counsel has redacted and the grounds therefore (privilege, relevance, etc), and serve a copy of the Redacted Reports to counsel for Plaintiff.

viii. Vestige will provide both parties all nonprivileged files following specifications Plaintiff will provide to Vestige ("Turnover").

### III. CONFIDENTIAL INFORMATION

A. Any information contained on Forensic Images that is not reported by Vestige shall be considered Confidential Information and subject to the provisions of this Order.

   i. Any data reported by Vestige that is claimed by Defendant's counsel to be subject to privilege shall be treated as Confidential Information.

   ii. Vestige and its representatives, agree not to reveal to, or discuss with Plaintiff's Counsel any Confidential Information absent a modification of this Protective Order or Court Order.

   iii. Vestige agrees to subject itself to the jurisdiction of the Court and the parties agree that Vestige has standing to request Court intervention to protect Vestige's economic, reputation, and/or legal interests in this matter.

B. The inadvertent or intentional disclosure by Vestige or any representative of Vestige of Confidential Information shall not be deemed a waiver in whole or in part of Defendant's claim of confidentiality or protection under this Order, either as to specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties, and

Defendant's counsel, shall, in any event, upon discovery of inadvertent error, cooperate to restore the confidentiality and protection of the Confidential Information.

C. Nothing in this Order shall prevent the parties from using relevant, non-confidential information derived from the inspection of any Relevant Electronic Device in connection with the trial, hearings, depositions, motions, memoranda or other proceedings in this action. Nor shall this Order prevent the parties from obtaining from Vestige by way of testimony or affidavit, explanations of the process, procedure, or results used or obtained by Vestige.

## IV.   PRIVILEGE REVIEW AND PRODUCTION

A. As outlined above, Defendant will conduct a privilege review of the relevant Content and Artifact Data prior to producing same to Plaintiff.

B. In the event that Producing Party concludes that, due to the volume of relevant Content Data, it cannot complete the privilege review of all relevant Content Data within 28 days, Defendant may request a hearing at which the Court will review the steps taken by Defendant to review the relevant Content Data, the volume of Content Data subject to review, and the resources of the Defendant.

## V.   RETENTION OF JURISDICTION

A. The Court shall retain jurisdiction to address any issues relate to this Order and as to any modifications thereto.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci,

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Debtors.
_____/

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

Adversary Pro. No. 20-04381

    Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, I caused to be served a copy of the *Stipulation For Entry Of Protective Order Governing Imaging And Inspection Of Defendant Melinda Adducci And Former Defendant Joseph Dumouchele's Relevant Electronic Devices And Protection Of Confidential And Privileged Information And Preservation Of Privilege In The Event Of Inadvertent Production Of Privileged Material* and this *Certificate of Service* with the Clerk of the Court, which sends

12

129681160v1

notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/*Jay L. Welford*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Thomas T. Ritter*

Dated: October 31, 2023