# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph G. DuMouchelle and Melinda J. Adducci, | Case No. 19-54531 |
| | Honorable Lisa S. Gretchko |
| Debtors. | |
| _____/ | |
| Thomas T. Ritter, | |
| Plaintiff, | |
| v. | |
| Melinda J. Adducci, | Adversary Pro. No. 20-04381 |
| Defendants. | |
| _____/ | |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION AND PRESERVATION OF PRIVILEGE IN THE EVENT OF <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>**

Thomas T. Ritter ("Plaintiff"), and Melinda J. Adducci ("Defendant"), by their respective counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized

1

representative, stipulate and agree to the entry of the proposed Order attached hereto as **Exhibit 1**, adopting the Agreement Regarding Electronic Discovery, attached hereto as **Exhibit 2**.

Approved as to form and content:

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
| By: /s/*Jay L. Welford* <br> Jay L. Welford (P34471) <br> Kimberly Ross Clayson (P69804) <br> 27777 Franklin, Suite 2500 <br> Southfield, MI 48034 <br> (248) 351-3000 <br> jwelford@taftlaw.com <br> kclayson@taftlaw.com | By: */s/Patrick A. Foley* (w/permission) <br> Patrick A. Foley (P74323) <br> 18572 W. Outer Drive <br> Dearborn, MI 48128 <br> 313-274-7377 <br> pafoley@jrfpc.net |
| *Counsel to Plaintiff, Thomas T. Ritter* | *Counsel for Defendant, Melinda J. Adducci* |
| Dated: November 30, 2023 | Dated: November 30, 2023 |

**VESTIGE DIGITAL INVESTIGATIONS**

By: *[signature]*
Greg Kelley
Its: Chief Technology Officer

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

    Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Lisa S. Gretchko

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendants.
_____/

Adversary Pro. No. 20-04381

**PROTECTIVE ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION AND PRESERVATION OF PRIVILEGE IN THE EVENT OF INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

**THIS MATTER** having come before the Court on the stipulation ("Stipulation"; ECF No. ___) between Plaintiff, Thomas T. Ritter ("Plaintiff") and Defendant, Melinda J. Adducci ("Defendant"), by their respective counsel, and

VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized representative, agreeing and consenting to the terms of this Order. The Court has reviewed the Stipulation and this Order, and the Agreement Regarding Electronic Discovery, and based thereon, finds cause to enter this Order,

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The attached Agreement Regarding Electronic Discovery ("Agreement") attached to this Order is adopted by the Court, for purposes of enforcement of the rights and obligations agreed to thereunder.

2. The adoption of the Agreement in this Order shall not be deemed or construed to be a finding of fact by this Court for any factual statements set forth in the Agreement.

3. Vestige having, by signing this Agreement, voluntarily submitted to the personal jurisdiction of this Court, the Court finds and shall exercise personal jurisdiction over Vestige for enforcement of the terms of the Agreement.

4. The parties shall all govern themselves according to, and shall comply with, the terms of the Agreement.

# Exhibit 2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

    Debtors.

_____/

Chapter 7

Case No. 19-54531

Honorable Lisa S. Gretchko

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendants.

_____/

Adversary Pro. No. 20-04381

## AGREEMENT REGARDING ELECTRONIC DISCOVERY

**THIS AGREEMENT** is entered into by and between Plaintiff, TEODOR GELOV, by and through his counsel, Defendant, MELINDA J. ADDUCCI, by and through her counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized representative.

**WHEREAS**, Defendant, in response to Plaintiff's discovery requests, identified

7

two lap top computers, a MacBook Pro, 2016 with serial number C02SV2E6HF1T and a MacBook Air, 2019 with serial number SNFVFYT1P2M6X7 (hereinafter the "Electronic Devices") in her possession that Plaintiff seeks to image in connection with Plaintiff's discovery requests.

I. **PRESERVING CONTENT AND ARTIFACTS ON RELEVANT ELECTRONIC DEVICES**

   A. Defendant will make the Electronic Devices available at a mutually convenient date and time, without having to surrender possession of the same, to allow a representative of Vestige Digital Investigations ("Vestige") to make a forensic copy of the hard drives, memory, and/or storage media installed in each of the Electronic Devices but in no event, no later than 21 days after the date of this Agreement.

   B. Imaging shall be made based on hardware and software sent to Defendant by Vestige. Defendant shall schedule a telephone call with Vestige's representative to obtain verbal instruction by Vestige for how to utilize the hardware and software provided and shall then forthwith return the hardware and software provided by Vestige to Vestige.

   C. Despite and regardless of the terminology used in this Order, nothing in this Order shall be deemed a stipulation by Defendant, or by Joseph DuMouchelle, to the relevance, discoverability, admissibility, or right to possession of, or information regarding, any data whatsoever obtained from the Electronic Devices, nor a waiver of any rights of either with respect to the data or the Electronic Devices, including without limitation, any claims of privilege.

   D. There is resident on each of the Electronic Devices data that may be relevant to the claims or defenses of any party and/or which may lead to the discovery of admissible evidence.
      i. All relevant data can be categorized as Content Data and/or Artifact Data (collectively, "Available Content").

1. Content Data includes all data generated by a human.

2. Artifact Data is generated by a computer.

E. Preservation of the Available Content resident on the Electronic Devices does NOT include any searching. Preservation is completed by Vestige creating on its evidentiary electronic media a forensic copy (hereinafter each a "Forensic Image") of the hard drives, memory, and/or storage media installed in each of the Electronic Devices. Once created, the Forensic Images permit the extraction and analysis of Content Data and Artifact Data in the manner described in Section II below, without causing any changes to the Content Data or Artifact Data.

F. As Vestige creates each Forensic Image, Vestige will verify that each Forensic Image is an exact, reliable copy of the hard drives, memory, and/or available storage media installed in each of the Electronic Devices. Vestige's verification may include calculating a "digital fingerprint" (MD5/SHA1 or other industry standard algorithm hash).

G. Vestige shall not provide to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, any list of, nor a copy of, any of the data from the Electronic Devices, including but not limited to the Content Data, Artifact Data, or Forensic Image(s) of the same, except in conformity with the terms of this Order and except that Vestige shall provide both Plaintiff's counsel and the Defendant's counsel an abstract report which merely reports an inventory of the relevant content that has been imaged and provided to the Defendant ("Inventory Report")

   i. For a period of 7 days, Plaintiff's counsel will not share this Inventory Report with its client(s).
   ii. The Inventory Report shall not contain any content data or privileged material
   iii. To the extent any privileged material is somehow produced disclosed in the Inventory Report, and the same is pointed out by Defendant's counsel, Plaintiff's counsel agrees to delete any

9

such material immediately before any further distribution, and not to distribute any such material, including to their own client(s).

    iv. After 7 days, provided there are no issues with any privileged materials in the Inventory Report, or any such issues have been resolved, Plaintiff's counsel may turnover the Inventory Report to its client.

**H.** Further, Vestige shall not disclose or discuss any of the data, or the content thereof, in any manner with Plaintiff or Plaintiff's counsel, or any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, except as allowed herein for purposes of technological explanation generally, and without reference to specific data.

**I.** Defendant or Defendant's counsel will be allowed to observe the creation of each Forensic Image of the hard drives, memory, and/or storage media installed in each of the Electronic Devices.

**J.** Vestige, and its representatives, will perform all work using usual and customary practices and industry standards. Vestige will create each Forensic Image using forensically sound and defensible protocols.

## II. EXTRACTING RELEVANT CONTENT DATA, AND IDENTIFYING AND ANALYZING RELEVANT ARTIFACT DATA

**A.** Vestige will create a Computer Analysis Team whose members will be responsible for the identification and extraction of relevant Content Data from the Forensic Image(s) and for the identification and interpretation of relevant Artifact Data.

    i. The names and curriculum vitae of each member of the team will be made available upon request.

**B.** No Vestige personnel will "browse" the Forensic Image(s), hoping to find relevant Content Data or Artifact Data. One or more members of Vestige will analyze the volume, type, format, file characteristics, and properties of data resident upon the Forensic Images and perform the following analytic functions:

    i. explain to the parties any technological characteristics of the data that ought to be considered by the parties so that parties will be able to read, review, redact, produce, and authenticate Available Content;

   ii. Recommend, where applicable, processing of some data by third parties;

  iii. Recommend defensible search protocols, including predictive coding techniques, to properly reduce the amount of manual review necessary and avoid waiver of privilege;

  iv. Apply its expertise to identify in all areas of each Forensic Image, including in-use space (allocated areas), slack space and unused space (unallocated areas), Available Content and/or Relevant Artifacts;

C. The analysis of the Forensic Images will take place at Vestige. Since the Forensic Images can be made in the presence of Defendant's counsel, and subsequently verified via the MD5 (or other appropriate) hash checksum, the presence of Defendant's personal counsel during the analysis of the Forensic Images is unnecessary.

D. Vestige will use its computer forensic expertise to assist in the creation of technically feasible protocols or procedures to safeguard against the waiver of privilege due to inadvertent production of documents subject to any claims of privilege, including without limitation: attorney-client and/or work product privilege, and/or spousal privilege

E. Vestige shall report the results of its analysis in the following manner:

    i. From time to time, Vestige shall prepare the following types of reports:

        1. a Report of Available Content Data,

        2. an Abstract of Select Provisions of the Report of Available

Content (hereinafter the "Abstract"), and

   3. a Report of Relevant Artifact Data.

ii. Available Content Data. The Report of Available Content Data will include a listing of all active and deleted user generated content that is resident on the Forensic Images. The Report of Available Content Data will include appropriate metadata.

iii. Relevant Artifact Data. The Report of Relevant Artifact Data shall include Vestige's opinion and all artifacts related to the manner in which Electronic Devices were used, the state of the data resident upon the Electronic Devices (including certification of completeness of data and integrity of data), and any other relevant computer usage issue.

iv. Vestige shall file the Report of Relevant Artifact Data and the Report of Available Content Data by serving a copy of each on counsel for Defendant only. No information whatsoever about the Available Content, neither the data itself, nor the reports, shall be communicated to or supplied to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, friend, associate, contractor of Plaintiff, prior to the "Turnover" as defined below.

v. If the Defendant or Defendant's counsel determines Vestige should withhold any report information, or Available Content for any reason, Defendant or Defendant's counsel should identify what information is being withheld with reasonable particularity so that the Court and Plaintiff can determine whether information withheld is for a proper purpose under this Order or under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Local Rules (ED Mich.) and/or Local Bankruptcy Rules (ED Mich.).

vi. If the Defendant or Defendant's counsel determines Vestige should withhold any report information, or Available Content on the basis of privilege, Defendant shall prepare a privilege log and for each item withheld: (1) identify each item of information,

12

separate document or communication related to the claim of privilege; (2) state the nature of claim of privilege; (3) state all the facts relied on in support of the claim of privilege; and (4) identify the sender and recipient(s) of each document or communication and each person that you have produced, sent, or provided a copy of such document or communication.

This paragraph vi. shall not be construed so as to require counsel for Defendant(s) or Defendant's counsel to make any disclosure of any persons to whom he sent information, or received information, even if that information contained information that was also provided to, or received from, his client(s), as such communications are protected as attorney client-work-product, and such further communication of the same information or message(s) does not waive attorney-client privilege.

vii. Within 28 days (4 weeks) of receiving an electronic copy of the Content Report and Artifact Report, counsel for Defendant or Defendant's counsel will redact the Content Report and Artifact Report, prepare a log identifying the items in the Report of Available Content Data and the Report of Relevant Artifact Data, that counsel has redacted and the grounds therefore (privilege, relevance, etc), and serve a copy of the Redacted Reports to counsel for Plaintiff.

viii. Plaintiff shall file his objections to any claim of privilege within 28 days (4 weeks) of the date Defendant serves the privilege log described above.

ix. Vestige will provide both parties all nonprivileged files following specifications Plaintiff will provide to Vestige ("Turnover").

x. Resolution of any privilege dispute according to this Agreement is not subject to the parties agreed discovery cut-off deadline.

### III. CONFIDENTIAL INFORMATION

**A.** Any information contained on Forensic Images that is not reported by Vestige shall be considered Confidential Information and subject to the

13

provisions of this Order.

    i. Any data reported by Vestige that is claimed by Defendant or Defendant's counsel to be subject to privilege shall be treated as Confidential Information.

    ii. Vestige and its representatives, agree not to reveal to, or discuss with Plaintiff's Counsel any Confidential Information absent a modification of this Agreement or Court Order denying Defendant's assertion of privilege.

    iii. Vestige agrees to subject itself to the jurisdiction of the Court and the parties agree that Vestige has standing to request Court intervention to protect Vestige's economic, reputation, and/or legal interests in this matter.

**B.** The inadvertent or intentional disclosure by Vestige or any representative of Vestige of Confidential Information shall not be deemed a waiver in whole or in part of Defendant's claim of confidentiality or protection under this Order, either as to specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties, and Defendant's counsel, shall, in any event, upon discovery of inadvertent error, cooperate to restore the confidentiality and protection of the Confidential Information.

**C.** Nothing in this Order shall prevent the parties from using relevant, non-confidential information derived from the inspection of any Relevant Electronic Device in connection with the trial, hearings, depositions, motions, memoranda or other proceedings in this action. Nor shall this Order prevent the parties from obtaining from Vestige by way of testimony or affidavit, explanations of the process, procedure, or results used or obtained by Vestige.

## IV. PRIVILEGE REVIEW AND PRODUCTION

**A.** As outlined above, Defendant or Defendant's counsel will conduct a privilege review of the relevant Content and Artifact Data prior to

20-04381-lsg    Doc 158    Filed 11/30/23    Entered 11/30/23 19:51:10    Page 14 of 16

producing same to Plaintiff.

B. In the event that Defendant or Defendant's Counsel concludes that, due to the volume of relevant Content Data, a privilege review of all relevant Content Data cannot be completed within 28 days, Defendant or Defendant's counsel may request a hearing at which the Court will review the steps taken by Defendant to review the relevant Content Data, the volume of Content Data subject to review, and the resources of the Defendant.

C. Should Defendant or Defendant's Counsel fail to serve a privilege log within the 28 day period or otherwise timely request a hearing as set forth herein, Plaintiff may file a motion with the court to seek a determination that Defendant has waived any claims of privilege.

V. **RETENTION OF JURISDICTION**

A. The parties to this agreement voluntarily agree that the U.S. Bankruptcy Court for the Eastern District of Michigan ("Court") has jurisdiction to address any issues relate to this Order and as to any modifications thereto.
B. Vestige specifically agrees, by entering into this Order, to submit to and grant the Court personal jurisdiction over it, for enforcement of the terms of this agreement.
C. Vestige further agrees that no separate lawsuit or case need be filed or initiated to seek enforcement of this Order, and that any such matter may be addressed in the Court, by way of motions or other papers filed in the above caption case(s).
D. The parties will sign a Stipulated Order to be submitted to the Court adopting this agreement as an order of the Court for purposes of enforcement.

Reviewed, understood, acknowledged, and voluntarily agreed:

| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
|---|---|
| | By: */s/Patrick A. Foley* (w/permission) |

15

By: /s/*Jay L. Welford*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Thomas T. Ritter*

Dated: November 30, 2023

Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
313-274-7377
pafoley@jrfpc.net

*Counsel for Defendant, Melinda J. Adducci*

Dated: November 30, 2023

**VESTIGE DIGITAL INVESTIGATIONS**

By: /s/
Greg Kelley
Its: Chief Technology Officer

Dated: November 30, 2023

16