# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

    Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendant.
_____/

Adversary Pro. No. 20-04381

## FURTHER AGREEMENT OF THE PARTIES REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

DocuSign Envelope ID: A5C490BC-E9B7-4BA2-9238-E6AEFFB7D686

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In the matter of:** | |
| JOSEPH G. DUMOUCHELLE, and | Bankruptcy Petition No. 19-54531 |
| MELINDA J. ADDUCCI, | Hon. Lisa S. Gretchko |
| *Debtor(s).* | Chapter 7 |

| | |
|---|---|
| TEODOR GELOV, | Adv. Pro. No. 20-04172 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

| | |
|---|---|
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCI, | |
| *Defendant.* | |

## AGREEMENT REGARDING E-DISCOVERY PROCESS AND TIMELINE

**THIS AGREEMENT** is entered into by and between THOMAS RITTER and TEODOR GELOV, Plaintiffs each in the two above referenced adversary proceedings ("Plaintiffs") by and through their counsel, Defendant, MELINDA J. ADDUCCI ("Defendant"), by and through her counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized representative. (Plaintiffs, Defendant, and Vestige are referred to herein collectively as the "Parties"),

**WHEREAS** on or about December 19, 2023, the Parties entered into an AGREEMENT REGARDING ELECTRONIC DISCOVERY, which was incorporated into Court order in both cases, on or about the same date;

**WHEREAS**, the parties have agreed to alter/amend/further-define that process, as set forth herein;

Page 1 of 6

**WHEREAS**, Vestige has generated several Excel spreadsheets ("Reports") identifying what Vestige asserts is available Content and Artifact Data ("Data") on each laptop;

**WHEREAS**, Defendant has reviewed the Reports, marked each line item for assertions of privilege and/or objections, and redacted accordingly;

**WHEREAS**, Vestige and Plaintiffs confirm that Vestige has not shared with Plaintiffs, or Plaintiff's counsel, any of the unredacted information from said Excel spreadsheets, nor any of the Data.

**WHEREAS**, as a result of Defendant's initial privilege review, a very large percentage of the information from the Reports, and the Available Data from each laptop has been redacted and withheld by Defendant, and not turned over by Vestige to Plaintiffs or Plaintiff's counsel;

**WHEREAS**, rather than engage in debate over the redaction and withholding of the massive amount of information contained in the Reports, and the corresponding Data, much of which is likely not relevant to the instant case, the parties have agreed to a different approach going forward;

**NOW THEREFORE**, the parties hereby agree as follows:

1. The Reports and the Data will continue to be held by Vestige and not turned over to Plaintiff or Plaintiff's counsel.

2. **Step 1 – Keywords Agreement**

    a. Plaintiffs' counsel and Defendant's counsel will mutually develop a list of keywords ("Keyword List") that Vestige will use to search the Reports and Data, and generate a list of results ("Results List"), and a count of the results generated for each keyword searched ("Count List").

   i. Plaintiffs' counsel and Defendant's counsel will finalize the initial keyword list by June 17, 2024.

3. **Step 2 – Vestige Search & Re-Searches**

   a. Vestige will use the Keyword List to search the Reports and Data, and generate a list of results ("Results List"), and a count of the results generated for each keyword searched ("Count List").

   b. Vestige will <u>not</u> turn over the Results List or Data to Plaintiff or Plaintiff's counsel at any time before the time listed below, and will not discuss with Plaintiff or Plaintiff's counsel the contents of the Results List or Data results of the search(es).

   c. Vestige will produce to Plaintiff's counsel and Defendant's counsel the Count List from the first search by Wednesday June 19, 2024.

   d. Based on the Count List, Plaintiff's counsel and Defendant's counsel may make revisions to the keywords list (multiple times if needed) until a manageable list Results List and Count List has been obtained.

     i. The parties hope to have Vestige run the final search by Friday June 21, 2024.

   e. Once the above search process has been completed, Vestige will turn over, to Defendant's counsel only, the Results List of the final search ("Final Results List"), and all of the corresponding files to each result on the Final Results List ("Files")

     i. The "Files" do not include any files or information from the Data that was not both listed on the Final Results List and provided to Defendant's counsel.

   f. Vestige will not inform Plaintiff or Plaintiff's counsel about, nor turn over to Plaintiff or Plaintiff's counsel, the Final Results List, nor any of the intervening

Results List, nor any of the Files, or any other files from the computers, except as set forth below.

4. **Step 3 – Defendants' Review**

    a. Defendant's counsel will review the Final Results Lists and Files for redaction / objection / privilege assertion on behalf of Melinda Adducci and Joseph DuMouchelle, and will markup and redact the Final Results List in a similar style as was done to the original Reports. ("Response List")

        i. To the extent that Defendant's counsel determines that any of the Files that are not being withheld (ie: that will be produced to Plaintiff's counsel) require internal redaction, Plaintiff's counsel will redact the contents of said Files themselves. ("Redacted Files")

    b. Defendant's counsel will produce to Plaintiffs' counsel, by Friday July 12, 2024 (or 21 days after final Results Lists is produced by Vestige to Defendant's counsel), the following:

        i. the final form of the Response List as redacted by Defendant's counsel

        ii. any Redacted Files, the production of which, as redacted internally, Defendants are not objecting to; and

        iii. any other Files to which Defendants do not object to turnover or assert-privilege.

5. **Step 4 – Plaintiff's Review and Response to Response Lists.**

    a. Plaintiffs' counsel will have 7 days to review the Response List and Redacted Files produced by Defendant.

    b. Plaintiffs' counsel and Defendants counsel will meet and confer by Friday July 19, 2024 regarding any dispute(s) that Plaintiffs' counsel may have.

6. **Step 5 – Court Resolution (If Needed)**

    a. The parties will schedule a status conference with Court on or about Friday, July 26 to resolve any disputes regarding the Response List or the Redacted Files, or the ESI generally.

7. **Step 6 – Production to Plaintiff.**

    a. Defendant shall promptly authorize Vestige to produce the following to Plaintiff's counsel, with CC to Defendant's counsel, the following:

        i. all Files regarding which Defendant has not asserted privileged;

        ii. all Files regarding which Defendant has not objected;

        iii. all Files which have been redacted, and to which Defendant does not object to production of, as redacted; and

        iv. the redacted Response List.

    b. Vestige will only release Files that are withheld on the grounds of privilege, or that are objected to, that are subject to disagreements between Plaintiff(s) and Defendant upon order of the court directing their production.

8. **Step 4 - Depositions**

    a. Defendant's depositions will be scheduled for a Monday in August or September, after the Court has made any necessary rulings, and Plaintiffs have been provided the Response List and non-privileged Files to be produced, including any Redacted Files in lieu of unredacted Files.

b. In the event that Defendant's second deposition cannot be completed on the same day, the parties will schedule the next available Monday to finish the time remaining in that deposition.

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
| By: *Kim Ross Clayson* <br> Kimberly Ross Clayson (P69804) <br> Jay L. Welford (P34471) <br> 27777 Franklin, Suite 2500 <br> Southfield, MI 48034 <br> (248) 351-3000 <br> jwelford@taftlaw.com <br> kclayson@taftlaw.com <br><br> *Counsel to Plaintiff, Teodor Gelov and Plaintiff Thomas T. Ritter* <br><br> Dated: June 26, 2024 | By: *Patrick Foley* <br> Patrick A. Foley (P74323) <br> 18572 W. Outer Drive <br> Dearborn, MI 48128 <br> 313-274-7377 <br> pafoley@jrfpc.net <br><br> *Counsel for Defendant, Melinda J. Adducci* <br><br> Dated: June 26, 2024 |

**VESTIGE DIGITAL INVESTIGATIONS**

By: *[signature]*
Greg Kelley
Its: Chief Technology Officer

Dated: June 26, 2024

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

    Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Thomas T. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendant.
_____/

Adversary Pro. No. 20-04381

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2024, I caused to be served a copy of the *Further Agreement Of The Parties Regarding Discovery Of Electronically Stored Information* and this *Certificate of Service* with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

TAFT STETTINIUS &
HOLLISTER, LLP

By: /s/Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Thomas T. Ritter*

Dated: June 26, 2024