UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:　　　　　　　　　　　　　　　　　　　Chapter 7
Joseph G. DuMouchelle and
Melinda J. Adducci,　　　　　　　　　　　　Case No. 19-54531-lsg

　　　　　　Debtors.　　　　　　　　　　　　Hon. Lisa S. Gretchko
_____/

Thomas T. Ritter,

　　　　Plaintiff,
v.

Melinda J. Adducci,　　　　　　　　　　　　Adversary Pro. No. 20-04381

　　　　Defendant.
_____/

## PLAINTIFF'S REPLY BRIEF

Plaintiff[1], through his undersigned counsel, replies to *Defendant's Brief Regarding Relevancy* [ECF No. 204] ("Brief") as follows:

**Claims in this adversary proceeding**

1. In this adversary proceeding, Plaintiff seeks a determination of nondischargeability of his claim against Defendant who participated in defrauding Plaintiff of $12 million through false pretenses, false representations and material misrepresentations that led Plaintiff to believe he had purchased The Yellow Rose,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Plaintiff's *Motion to Compel* at ECF No. 188.

1

when, in reality, his $12 million was transferred into the DuMouchelle Jewellers' Bank of America Account, rather than the seller's account. Thereafter, instead of purchasing The Yellow Rose, Defendant admitted that she completed a series of bank transactions immediately following Plaintiff's wire transfer deposit wherein she drew down more than $5 million of Plaintiff's $12 million for purposes other than the acquisition of The Yellow Rose. Defendant then lied about the alleged purchase and resale of The Yellow Rose and never returned the $12 million to Plaintiff.

**The ESI Production**

Pursuant to the Parties' agreed ESI Order, Archer Hill conducted a search of laptops belonging to Defendant and Joseph. The search was conducted using Plaintiff's search terms attached to this Reply Brief as **Exhibit 1** (the "Search Terms"). In its search, Archer Hill located 2800 potentially responsive ESI files.[2] Following the search, Archer Hill produced a spreadsheet to Defendant that contained the metadata for all 2800 potentially responsive files and Defendant reviewed the spreadsheet and notated her discovery objections. Plaintiff reviewed the metadata spreadsheet containing Defendant's objections and requests Defendant's production of a total of approximately only 310 of the 2800 potentially responsive ESI files.

Plaintiff selected the 310 ESI files because they include information in the file title or were created within a date range that make it likely the documents contain

---

[2] Defendant has approved and Plaintiff has received production of some of the 2800 ESI files.

relevant information to Plaintiff's claims. The Search Terms are self-evident as relevant to this proceeding, containing, among other things, information regarding DuMouchelle Jewellers' customer or transaction information, as part of The Yellow Rose fraud involving Defendant. The fact that some of the 310 ESI files have date ranges prior to the applicable time-period does not make them irrelevant. Plaintiff is seeking documents, such as "New Business Proposal," "Re: A-RON/DuMouchelle Inventory List (as of 05-02-2017)," "Re: I love you Haggin" and "Drucker Partnership" (Haggin and Drucker are names on forged documents provided to Plaintiff) to determine the source of forged documents and Defendant's relationship to the same.

Defendant's production objections are all based on relevancy grounds. Defendant's objections to production of files on Joseph's laptop are based on Defendant's contention that the relevant time-period in this Adversary Proceeding is January 1, 2018 to October 11, 2019 as well as some general relevancy objections with no further explanation. As to the ESI files on Defendant's laptop, she only objected to production on general relevancy grounds with the indication that 13 of the files also contain "confidential and proprietary business information including customer address and private information."[3]

**ARGUMENT**

---

[3] The business has been closed since 2019 (five years ago). Any PII may be redacted, as well as the portions of bank account numbers, if included. Customer information is not Defendant's property.

**Defendant has failed to meet her burden as to why production should not be compelled.**

Defendant should be compelled to produce the 310 ESI files withheld on relevancy grounds. While Plaintiff, "bears the initial burden of 'proving that the opposing party's answers were incomplete,' and 'explaining how the requested information is relevant,'" once that burden is satisfied, "the burden then shifts to the non-movant 'to explain why discovery should not be permitted.'" *Oxbow Carbon & Minerals LLC v. Union Pac. R.R.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (internal citations omitted), *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007)).

Plaintiff has met the relevancy burden – the 310 ESI files were identified by conducting the ESI search using relevant Search Terms and then upon reviewing the metadata for the files, Plaintiff narrowed down his production request from 2800 to 310 ESI files. Defendant has failed to provide Plaintiff sufficient detail as to the reason she should withhold production on general relevancy grounds and has failed to explain why her date range is an appropriate limitation on production. For example, Defendants relevancy objections do not contain notations such as "family photo," or "personal message regarding third party's health" that would indicate irrelevancy. Having failed to articulate a valid basis for non-production of the 310 ESI files, Defendant should be compelled to authorize Archer Hill's production.

**Defendant has not sufficiently demonstrated the lack of proportionality in Plaintiff's request for review of the 310 ESI files.**

Defendant has failed to demonstrate that Plaintiff's request is not proportional, based on the applicable factors that courts consider when ruling on discovery disputes. In fact, Plaintiff's request *does* meet the Rule 26(b) proportionality requirements. The factors include (1) the importance of the issues at stake; (2) the amount in controversy; (3) the parties relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

With merely 310 of a possible 2800 remaining ESI files that are the subject of Plaintiff's request for production, proportionality is self-evident. Plaintiff is seeking a determination of nondischargeability for the reason that Defendant and the coborrowers defrauded Plaintiff of more than $12 million by creating fictitious sale records to fraudulently convince Plaintiff that he had purchased and would be able to resell The Yellow Rose at a profit. The 310 ESI files Plaintiff is seeking, may, among other things, shed light on the source fraudulent information that was used to improperly mislead Plaintiff about The Yellow Rose Transaction.

The 310 ESI files are readily available for production by Archer Hill. All that is required is for Defendant to grant Archer Hill approval to make the production. Moreover, Plaintiff has agreed to incur the expense of all ESI production. Thus, production is not a burden on Defendant's resources. Production of the 310 ESI files

will allow Plaintiff an ability to determine if there is additional evidence to support his nondischargeability claim.

**Defendant cited caselaw that is inapplicable to her argument to withhold the 310 ESI files on relevancy grounds.**

Defendant cited three cases in her Brief to excuse production of the 310 ESI files. None of the cases are applicable. *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288 (6th Cir. 2007) affirmed the lower court's decision to limit a plaintiff's discovery, where the plaintiff sought a broad set of records dating back 20 years, many of which were in a storage facility. Defendant established that the cost of production and number of labor hours was extreme, at an estimated cost of $44,000 and 2,181 hours of labor to complete. In contrast to *Surles*, Plaintiff seeks production of 310 ESI files that are readily accessible at no cost to Defendant. No further labor is required to forward the production.

*Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 274 (6th Cir. 2021) is also inapplicable. *Helena* merely upheld a lower court's ruling, denying a motion to compel that was a part of a broader appeal of a stay relief matter. The case contains little analysis of the underlying facts to make it relevant to this Court's determination.

Finally, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209 (1984) did not analyze a request for production on relevancy grounds but rather,

whether a protective order prohibiting the defendant's publication of information obtained through discovery was a violation of the defendant's First Amendment rights.

Relying on *Seattle Times,* Defendant complains that Plaintiff will obtain a "plethora of Defendant's private information" that may lead to Defendant's embarrassment. Plaintiff is asking for production of 310 ESI files that met Plaintiff's Search Terms and have file titles that suggest they contain relevant information. Plaintiff's is not seeking a "plethora of Defendant's private information," let alone any personal information. Furthermore, Defendant's argument under *Seattle Times* insinuates that Plaintiff is seeking the ESI files for purposes other than to try his nondischargeability case. Plaintiff is seeking evidence to support his fraud claims at trial. Defendant chose to seek bankruptcy protection from this Court. What comes with that is a duty to disclose her financial affairs and records, if relevant to the proceeding, even if they prove fraudulent conduct. Plaintiff has carefully narrowed the scope of his ESI discovery to 310 remaining ESI files, which should be ordered to be produced.

|  |  |
|---|---|
| | **TAFT STETTINIUS & HOLLISTER, LLP** |
| | By: /s/*Kimberly Ross Clayson* |
| | Jay L. Welford (P34471) |
| | Christopher Cataldo (P39353) |
| | Kimberly Ross Clayson (P69804) |
| | 27777 Franklin, Suite 2500 |
| | Southfield, MI 48034 |
| | (248) 351-3000 |
| | jwelford@taftlaw.com |
| | kclayson@taftlaw.com |
| | ccaltaldo@taftlaw.com |
| Dated: November 4, 2024 | *Counsel to Creditors, Thomas T. Ritter and Teodor Gelov* |

**EXHIBIT 1**

**EXHIBIT 1**
Thomas Ritter v Melinda Adducci, Adv. Pro. No. #20-04381

| Terms | Suggested Terms |
|---|---|
| Ritter | Ritter |
| ~~Tom W/5 Ritter~~ | |
| $350,000 | "*350,000" |
| $430,000 | "*430,000" |
| $64,500 | "*64,500" |
| 77.12 | "77.12" |
| ~~77.12 W/5 carat~~ | |
| ~~77.12 W/5 carat W/5 yellow~~ | |
| ~~77.12 W/5 carat W/5 yellow W/5 diamond~~ | |
| 77ct | 77ct OR "77 ct" |
| ~~77ct W/5 fancy~~ | |
| ~~77ct W/5 fancy W/5 vivid~~ | |
| ~~77ct W/5 fancy W/5 vivid W/5 yellow~~ | |
| 5.27 W/5 carats | "5.27" |
| 12 W/5 million | (12 W/5 mil*) |
| 12,000,000 | "*12,000,000" |
| 12.5 W/5 million | ("12.5" W/4 mil*) |
| 12,500,000 | "*12,500,000" |
| 16.5 W/5 million | ("16.5" W/5 mil*) |
| 16,500,000 | "*16,500,000" |
| January 25, 2019 | (January 25, 2019) or "1/1/2019" or "01/01/2019" or "1/1/19" or "01/01/19" |
| January 28, 2019 | (January 28, 2019) or "1/28/2019" or "01/28/2019" or "1/28/19" or "01/28/19" |
| January 30, 2019 | (January 30, 2019) or "1/30/2019" or "01/30/2019" or "1/30/19" or "01/30/19" |
| January 31, 2019 | (January 31, 2019) or "1/31/2019" or "01/31/2019" or "1/31/19" or "01/31/19" |
| February 1, 2019 | (February 1, 2019) or "2/1/2019" OR 02/01/2019" OR "2/1/19" OR "02/02/19" |
| February 6, 2019 | (February 6, 2019) or "2/6/2019" OR 02/06/2019" OR "2/6/19" OR "02/06/19" |
| February 7, 2019 | (February 7, 2019) or "2/7/2019" OR 02/07/2019" OR "2/7/19" OR "02/07/19" |
| March 24, 2019 | (March 24, 2019) OR "3/1/2019" or "03/01/2019" OR "3/1/19" OR "03/01/19" |
| April 12, 2019 | (April 12, 2019) OR "4/12/2019" OR "04/12/2019" OR "4/12/19" OR "04/12/19" |
| May 13, 2019 | (May 12, 2019) OR "5/13/2019" OR "05/13/2019" OR "5/13/19" OR "05/13/19" |
| June 10, 2019 | (June 10, 2019) OR "6/10/2019" OR "06/10/2019" OR "6/10/19" OR "06/10/19" |
| June 21, 2019 | (June 21, 2019) OR "6/21/2019" OR "06/21/2019" OR "6/21/19" OR "06/21/19" |

**EXHIBIT 1**
Thomas Ritter v Melinda Adducci, Adv. Pro. No. #20-04381

| Terms | Suggested Terms |
|---|---|
| July 2, 2019 | (July 2, 2019) OR "7/2/2019" OR "07/02/2019" OR "7/2/19" OR "07/02/19" |
| September 12, 2019 | (September 9, 2019) OR "9/12/2019" OR "09/12/2019" OR "9/12/19" OR "09/12/19" |
| Hi to Carol | "HI to Carol" |
| 30,045,000 | "*30,450,000" |
| Highland W/5 wealth W/5 management | (Highland W/5 wealth W/5 management) |
| MB W/5 financial W/5 bank | (MB W/5 financial W/5 bank) |
| 71001737 | 71001737 |
| ~~Finemark W/5 Bank W/5 5935546380~~ | |
| 5935546380 | 5935546380 |
| Bank of America W/5 026009593 | 26009593 |
| Receipt W/5 #84688 | (Receipt W/5 *84688) |
| ~~Receipt W/5 2/6/2019~~ | |
| Natural W/5 fancy W/5 vivid W/5 yellow W/5 emerald | (Natural W/5 fancy W/5 vivid W/5 yellow W/5 emerald) |
| Request for HAWB Label | HAWB |
| ~~Request W/5 HAWB W/5 Label~~ | |
| Value W/5 $13,000,000 | (value W/5 "*13,000,000") |
| ~~Hawb W/5 label~~ | Hawb W/5 label |
| 24.52 W/5 23.60 W/5 15.87 | "24.52" W/5 "23.60" W/5 "15.87" |
| Report W/5 number W/5 5131020246 | (Report W/5 number W/5 5131020246) |
| Yellow W/5 rose | Yellow W/5 rose |
| ~~The W/5 Yellow W/5 Rose~~ | |
| 35980 Woodward Avenue | 35980 Woodward |
| ~~2,000,000 W/5 May 13, 2019~~ | |
| ~~Two million W/5 May 13, 2019~~ | |
| Drucker | Drucker |
| ~~Richard W/5 Drucker~~ | |
| 4,250,000 | "*4,250,000" |
| 4,041,925 | "*4,041,925" |
| 1,091,769.44 | "*1,091,769.44" |
| 39,000 | "*39,000" |
| Brinks W/5 depository | |
| ~~Brinks W/5 depository W/5 Texas~~ | |
| ~~Brinks W/5 depository W/5 Michigan~~ | |
| ~~The Jennifer H. Rands Trust~~ | |
| Rands | Rands |
| ~~Jennifer W/5 Rands~~ | |
| Haggin | Haggin |
| ~~Sam W/5 Haggin~~ | |
| ~~Samantha W/5 Haggin~~ | |
| ~~Jennifer W/5 Rands W/5 Trust~~ | |
| bgsuscustomerservice@brinksinc.com | bgsuscustomerservice@brinksinc.com |

**EXHIBIT 1**
Thomas Ritter v Melinda Adducci, Adv. Pro. No. #20-04381

| Terms | Suggested Terms |
|---|---|
| David W/5 Tennenbaum | (Dav* W/5 Tennenbaum) |
| Noble | Noble |
| ~~William W/5 Noble~~ | |
| Mayweather | Mayweather |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph G. DuMouchelle and | |
| Melinda J. Adducci, | Case No. 19-54531-lsg |
| Debtors. | Hon. Lisa S. Gretchko |
| _____/ | |
| Thomas T. Ritter, | |
| Plaintiff, | |
| v. | |
| Melinda J. Adducci, | Adversary Pro. No. 20-04381 |
| Defendant. | |
| _____/ | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 4, 2024, I caused to be served a copy of the *Plaintiff's Reply Brief,* with all accompanying exhibits, with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

**TAFT STETTINIUS & HOLLISTER, LLP**
By: /s/*Kimberly Ross Clayson*
Jay L. Welford (P34471)
Christopher Cataldo (P39353)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com
ccaltaldo@taftlaw.com
*Counsel to Creditors, Thomas T. Ritter and Teodor Gelov*

Dated: November 4, 2024