**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In the Matter of:** | |
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtors*. | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI, *Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE LETTERS

**NOW COMES** Defendant, Melinda J. Adduci ("Defendant"), by and through her counsel, John R. Foley, P.C., and for her *Response to Plaintiff's Motion to Strike Letters*, hereby states as follows:

1. Denied as untrue that the Plaintiff THOMAS T. RITTER ("Plaintiff") can ask this Court to strike the letters filed at ECF Nos. 196, 197, 198, 199, and 200 (the "Letters") pursuant to Fed R. Civ. P. 12(f)/Fed. R. Bankr. P. 7012(b) ("Rule 12(f)"). Rule 12(f) states that this Court "may strike from a pleading...". A "pleading" is defined by Fed R. Civ. P. 7 ("Rule 7") as one of the following: complaint, answer to complaint, answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to answer. Specifically, "[t]he Federal Rules of Civil Procedure do not provide for a

motion to strike documents or portions of documents other than pleadings… A motion to strike is limited to pleadings." *United States v. Crisp*, 190 F.R.D. 546, 550 (E.D. Cal. 1999). "[Rule 12(f)] specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike." *Wimberly v. Clark Controller Company*, 364 F.2d 225, 227 (6th Cir. 1996).

    2.    Denied to the extent that the contents of this paragraph are relevant to a Motion to Strike, as the Letters referenced are not "pleadings," and therefore cannot be stricken.

    3.    Denied to the extent that the Letters contain character evidence, which is relevant to the instant proceeding.

    4.    Admitted to the extent that Rule 12(f) only applies to "pleadings," which the Letters are not.

    5.    Denied to the extent that the case cited by Plaintiff is not binding on this jurisdiction and is not applicable to the current matter. Specifically, in *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 224 F.R.D. 261 (D.D.C. 2004) the plaintiff "filed oppositions [to various motions for summary judgment] and submitted the supporting declaration of Sonya Stewart" *Id* at 263. In that court's jurisdiction, "[i]t is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because

Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents." *Id.* at 263, fn. 1. That is, the *Judicial Watch* court could take the declaration under purview for the purposes of a motion to strike *only* because the declaration was filed in support of a technical pleading. Defendant did not submit the Letters in support of any technical pleading. Therefore, Rule 12(f) does not provide a basis to strike the Letters.

6. Denied as untrue. As explained in paragraph 5, the court in *Judicial Watch* only granted the movant's motion to strike because the non-moving party filed the declaration *in support of* the motion.

7. Denied as untrue, as Rule 12(f) does not provide a basis to strike the Letters. Further denied that Defendant's character has no bearing on this Court's determination of non-dischargeability, as the very nature of Plaintiff's claims under Section 523(a)(2)(A), (2)(B), (4) and (6) of the Bankruptcy Code bring Defendant's character for truthfulness into purview. Plaintiff alleges that Defendant either obtained money through false pretenses, a false written statement, theft through embezzlement, or that Defendant caused a willful and malicious injury. That is, Plaintiff's claims bring Defendant's character for truthfulness into purview, and, therefore, "evidence of truthful character is admissible only after the witness's character for truthfulness [in this case, Defendant] has been attacked." Federal Rules

of Evidence 608(a)[1]. Therefore, the Letters are directly pertinent to the attack on Defendant's character.

8. Denied as untrue, as Rule 12(f) does not provide a basis to strike the Letters. Further denied for the reasons stated in paragraph 7 of this *Response*, specifically that Defendant's character has some bearing on the determination of dischargeability, as Plaintiff has brought Defendant's character for truthfulness into purview. Lastly, Plaintiff's claim that "A debtor/defendant's character has no bearing on a determination of dischargeability under these provisions of the Bankruptcy Code" is not supported by the relevant statutes, which are silent, and Plaintiff provides no citation to any caselaw in support of their position.

9. Denied as untrue, as Rule 12(f) does not provide a basis to strike the Letters.

10. Denied as untrue that the statement referenced is speculative or without actual knowledge, as the writer of said Letter referred to Defendant's character, which is admissible in this matter.

11. Denied as untrue for the same reason as paragraph 10.

12. Denied as untrue insofar that the Letter's writers are all in support of Defendant's character for truthfulness, which was introduced into purview by the Plaintiff's accusations that are the foundation of this adversary proceeding.

---

[1] As applied to the bankruptcy courts through Federal Rules of Evidence 1101.

13. Denied in so far as Rule 12(f) does not provide a basis to strike the Letters.

14. Denied that the requested relief is appropriate.

        Respectfully submitted,
        **JOHN R. FOLEY, P.C.**
        *Counsel for Defendant*

        By: /s/ Patrick A. Foley
        Patrick A. Foley, Esq. (P74323)
        18572 W. Outer Dr.
        Dearborn, MI 48128
        pafoley@jrfpc.net

        Dated: November 4, 2024

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>    *Debtors*. | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER,<br>    *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI,<br>    *Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

## CERTIFICATE OF SERVICE

Patrick A. Foley hereby certifies that on November 4, 2024, a copy of the foregoing *Response to Plaintiff's Motion to Strike Letters* were served electronically via the Court's CM/ECF system, which caused the same to be sent to counsel for Plaintiff, via email to the address(es) of record in the CM/ECF system.

    Respectfully submitted,
    **JOHN R. FOLEY, P.C.**
    *Counsel for Defendant*

    By: /s/ Patrick A. Foley
    Patrick A. Foley, Esq. (P74323)
    18572 W. Outer Dr.
    Dearborn, MI 48128
    pafoley@jrfpc.net

    Dated: November 4, 2024

Page 6 of 6
20-04381-lsg    Doc 207    Filed 11/05/24    Entered 11/05/24 09:57:13    Page 6 of 6