UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

    Debtors.
_____/

Thomas A. Ritter,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendant.
_____/

Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

Adv. Pro. No. 20-4381

**OPINION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OVERRULING DEFENDANT'S RELEVANCY OBJECTION TO PRODUCTION OF ELECTRONICALLY STORED INFORMATION PREVIOUSLY WITHHELD**

Plaintiff and Defendant agreed to a search of certain laptop computers used by Joseph DuMouchelle and Melinda Adducci. Archer Hill is the vendor that the parties agreed upon to search the foregoing laptops for electronically stored information ("ESI"). It is undisputed that Plaintiff has agreed to bear all costs of Archer Hill's services. It is also undisputed that the parties agreed on search terms for Archer Hill to refine the ESI search. Archer Hill has performed its search using

the agreed upon ESI search terms. Based on relevancy objections, Defendant seeks to withhold portions of the ESI search results from Plaintiff. Consequently, Plaintiff filed a Motion to (1) Compel Production of Electronically Stored Information, (2) Reopen Discovery, and (3) Adjourn Trial ("Motion"; ECF No. 188).

On November 4, 2024, Plaintiff filed a reply brief ("Reply Brief"; ECF No. 205) reciting that the ESI search terms resulted in thousands of "hits" that may be relevant. However, Plaintiff's counsel determined (following a review of the metadata for the ESI search results) that approximately 310 documents were likely to be relevant.

On November 8, 2024, the Court held a hearing ("Relevancy Hearing") on the relevancy issues in Plaintiff's Motion.

At the Relevancy Hearing, Plaintiff's counsel stated that after the Reply Brief was filed—and two days before the Relevancy Hearing—Defendant's counsel produced a revised privilege log ("11/6/24 Privilege Log") that Plaintiff's counsel had not yet reviewed. Consequently, at the Relevancy Hearing, Plaintiff's counsel asserted that the "universe" of potentially relevant documents withheld solely on the basis of relevance could be more than the 310 documents referenced in Plaintiff's Reply Brief.

The Relevancy Hearing lasted approximately one hour and 42 minutes. At the conclusion of the Relevancy Hearing, the Court overruled Defendant's relevancy objections on all of the ESI search results that Defendant's counsel sought to withhold solely on the grounds of relevance (including the 310 documents that Plaintiff referenced in the Reply Brief *and* the documents on the 11/6/24 Privilege Log).

On November 20, 2024, a stipulation ("Stipulation"; ECF No. 212) was filed consenting to the form of an Order Overruling Defendant's Relevancy Objection to Production of Electronically Stored Information Previously Withheld ("November 22, 2024 Order"; ECF No. 214). The November 22, 2024 Order states, in pertinent part:

> [S]ubject to the protections of Fed.R.Bankr.P. 7026/Fed.R.Civ.P. 26(b)(5), Plaintiff is entitled to receive, and Archer Hill is hereby authorized and directed to produce, all Relevant Content Data that Defendant previously objected to producing solely on the grounds of relevancy.

On December 6, 2024, Defendant filed a Motion for Reconsideration of the November 22, 2024 Order ("Reconsideration Motion"; ECF No. 216). The Reconsideration Motion asserts that: (i) discovery must be narrowly tailored and relevant, (ii) Plaintiff anticipated and agreed to refine search terms, (iii) Defendant reserved relevance objections, (iv) Plaintiff bears the burden of demonstrating

The Relevancy Hearing lasted approximately one hour and 42 minutes. At the conclusion of the Relevancy Hearing, the Court overruled Defendant's relevancy objections on all of the ESI search results that Defendant's counsel sought to withhold solely on the grounds of relevance (including the 310 documents that Plaintiff referenced in the Reply Brief *and* the documents on the 11/6/24 Privilege Log).

On November 20, 2024, a stipulation ("Stipulation"; ECF No. 212) was filed consenting to the form of an Order Overruling Defendant's Relevancy Objection to Production of Electronically Stored Information Previously Withheld ("November 22, 2024 Order"; ECF No. 214). The November 22, 2024 Order states, in pertinent part:

> [S]ubject to the protections of Fed.R.Bankr.P. 7026/Fed.R.Civ.P. 26(b)(5), Plaintiff is entitled to receive, and Archer Hill is hereby authorized and directed to produce, all Relevant Content Data that Defendant previously objected to producing solely on the grounds of relevancy.

On December 6, 2024, Defendant filed a Motion for Reconsideration of the November 22, 2024 Order ("Reconsideration Motion"; ECF No. 216). The Reconsideration Motion asserts that: (i) discovery must be narrowly tailored and relevant, (ii) Plaintiff anticipated and agreed to refine search terms, (iii) Defendant reserved relevance objections, (iv) Plaintiff bears the burden of demonstrating

relevance, and (v) the Court should have limited its ruling on the relevancy issue to the 310 documents referenced in Plaintiff's Reply Brief.

## Discussion

E.D. Mich. LBR 9024-l(a)(3) applies to the Reconsideration Motion and states, in pertinent part:

> (3) *Grounds.* Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

To establish a "palpable defect," the moving party generally must point to "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The Reconsideration Motion does not allege any newly discovered evidence, intervening change in controlling law, or a need to prevent manifest injustice. Rather, it argues that the Court's ruling constitutes a clear error of law.

First, Defendant argues that discovery must be narrowly tailored and relevant, citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984). However, Defendant's quotation from *Seattle Times* is taken out of context. The surrounding language of the *Seattle Times* opinion notes that "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id*. at 34. Moreover, Defendant's reliance on *Seattle Times* is misplaced, because that case involved a protective order, and the issue before the Supreme Court was whether that protective order violated the First Amendment. The Supreme Court held that "where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Id.* at 37.

This Court rejects Defendant's argument that discovery must be narrowly tailored and relevant, because that argument is inconsistent with the scope of discovery under the Federal Rules of Civil Procedure (which govern this Adversary Proceeding via Fed.R.Bankr.P. 7026). "The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure authorize extremely broad discovery." *Wilmington Trust Co. v. AEP Generating Co.,* 2016 WL 8217102, at *3 (S.D. Ohio, March 28, 2016).

Defendant's second argument is that the June 18, 2024 e-mail from Plaintiff's counsel constitutes Plaintiff's agreement to further refine the ESI search terms. The Court rejects this argument. The quoted language in Ms. Clayson's June 18, 2024 e-mail regarding "refining" search terms is subject to a condition—namely "[i]f we get too many hits on particular search terms . . . ." Based upon Plaintiff's argument at the Relevancy Hearing, that condition never occurred; Plaintiff has <u>not</u> determined that there were too many "hits" on particular search terms. Consequently, Plaintiff wants to see all ESI search results that Archer Hill found and that Defendant has objected to solely on the basis of relevance. That is exactly what the November 22, 2024 Order requires.

The Court also rejects Defendant's third argument that, because Defendant reserved objections to the relevance of the search results, those search results should not be produced to Plaintiff at this discovery stage in the case. Once again, Defendant's argument is inconsistent with Fed.R.Civ.P. 26(b)(1) and Fed.R.Bankr.P. 7026 which provide that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Also, Fed.R.Evid. 401 deems "evidence relevant if it has '*any* tendency to make a fact more or less probable' (emphasis added) . . ." *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prods. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014) (quoting Fed.R.Evid. 401).

Defendant's reliance on *Surles ex rel. Johnson v Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007) is misplaced. Although the *Surles* opinion states that a plaintiff is not permitted to "go fishing," the facts at issue in *Surles* are vastly different from the instant case. In *Surles,* the plaintiff initially moved to compel production of incident reports going back twenty years, and the defendant argued that compliance would be unduly burdensome and expensive. *Id*. at 305. The district court agreed with the defendant and, on appeal, the Sixth Circuit Court of Appeals found that the district court did not abuse its discretion in granting the defendant's request for a protective order. *Id.* at 306.

In the instant case, however, the parties agreed upon the ESI search terms. Consequently, there can be no argument of a "fishing expedition." Also, because Plaintiff paid for Archer Hill to conduct the search and wants to review (at its expense) all ESI search results that Defendant withheld solely based on relevance, there can be no argument of an undue burden on Defendant.

The Court also rejects Defendant's fourth argument that Plaintiff failed to carry the burden of demonstrating relevance. At this discovery stage in the case, "[s]howing relevance is an 'extremely low bar.'" *Weidman v. Ford Motor Co.*, 2021 WL 2349400, at *2 (E.D. Mich. June 9, 2021) (quoting *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prods. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014)). Indeed, "'[r]elevance for purposes of discovery is broadly construed

and the information sought need not be admissible to be discoverable.'" *Henderson v. Waffle House, Inc.*, 2021 WL 6496871, at *2 (M.D. Tenn. April 14, 2021) (quoting *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, 2018 WL 3348728, at *5 (M.D. Tenn. July 9, 2018)). "'If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules.'" *Id*. (quoting *United States v. Carell*, 2011 WL 2078023, at *2 (M.D. Tenn. May 26, 2011)).

Plaintiff argued (both in the Reply Brief and at the Relevancy Hearing) that he seeks the ESI search results to support his fraud claims at trial in this nondischargeability action. The Court finds this argument persuasive, and that Plaintiff has carried his burden of showing relevance for purposes of discovery. And, because Plaintiff paid for Archer Hill to conduct the ESI search, and Plaintiff's counsel (as opposed to Defendant's counsel) will review the documents that Defendant has objected to solely on the basis of relevance, Defendant has not carried her burden of demonstrating why the request is unduly burdensome.

Defendant's final argument is that the Court should have limited production to the 310 documents that Plaintiff referenced in the Reply Brief, and that ordering Archer Hill to produce all ESI search results that Defendant previously objected to producing solely on the grounds of relevance is inconsistent with the concept of proportionality "given the minimal benefit of the additional documents compared

to the substantial burden imposed on Defendant." The Court rejects this argument for several reasons.

First, it is inappropriate for Defendant to provide Plaintiff with a revised privilege log (asserting a relevance objection to additional documents) two days before the Relevancy Hearing, then argue that Plaintiff's discovery should be limited to the 310 documents referenced in Plaintiff's Reply Brief.

Second, Defendant has failed to articulate any burden (much less a substantial one) that she will suffer from requiring Archer Hill to provide more than 310 documents to Plaintiff.

Third, Defendant's final argument presupposes that the information produced pursuant to the November 22, 2024 Order will be of minimal benefit to Plaintiff; however, Defendant does not have the right to make that supposition, or to block Plaintiff's discovery based thereon.

At the Relevancy Hearing, the Court analyzed the proportionality issue and considered the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. The Court found that discovery of the ESI search results is important to determine the communications between Melinda Adducci and Joseph DuMouchelle, who has

been incarcerated after pleading guilty to fraud related to a jewelry transaction. The Court further found that all the criteria for proportionality are met here. The ESI discovery is important in this case with millions of dollars in controversy. Because Defendant has withheld the ESI search results, Plaintiff does not have access to this information. Plaintiff (not Defendant) is paying for Archer Hill's services.

In sum, the Court concludes that the Reconsideration Motion does not demonstrate that the Court made a clear error of law or that there was a palpable defect in the Court's ruling that requires a different disposition of the Motion. Simply put, Defendant disagrees with the Court's ruling as contained in the November 22, 2024 Order. That disagreement does not provide grounds for the Court to reconsider its ruling. Accordingly,

The Reconsideration Motion is denied. The Court will enter a separate order consistent with this Opinion.

**Signed on December 16, 2024**



/s/ Lisa S. Gretchko
———————————————
**Lisa S. Gretchko**
**United States Bankruptcy Judge**