## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtors.*

Bank. Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

THOMAS T. RITTER,

*Plaintiff,*

v.

MELINDA J. ADDUCI,

*Defendant.*

Adv. Pro. No. 20-04381
Hon. Lisa S. Gretchko

## DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE, ORDER RESPONSES TO POST-ESI DISCOVERY REQUESTS, AND TO ALLOW JOSEPH DUMOUCHELLE TO TESTIFY

**NOW COMES** Defendant, MELINDA J. ADDUCCI ("Defendant"), by and through her undersigned counsel, and respectfully moves this Honorable Court to reopen discovery for the limited purpose of ordering Plaintiff to respond to post-ESI discovery attached hereto, and to allow Joseph DuMouchelle to testify in this case.

Defendant, through counsel, for her Motion, states as follows:

### *Procedural Background*

1.     This adversary proceeding was filed on September 22, 2020. Since that time, it has followed a procedural trajectory nearly identical to the related Gelov v. Adducci matter, involving extensive discovery, multiple stays, and a prolonged ESI review.

2.     Defendant served her First Set of Discovery Requests on September 16,

2020. However, Plaintiff never fully responded to the Interrogatories or Requests for Production, filing only limited responses to Requests for Admission.

3.      The case was stayed by a series of stipulations and orders between June 2021 and February 2023, including ECF Nos. 25, 29, 32, 34, 38, 41, and 44.

4.      The stay was effectively lifted in 2022 when the Court issued active deadlines.

5.      On September 16, 2022, the Court entered a Scheduling Order setting trial for November 15–16, 2023 (ECF No. 47). The parties thereafter agreed to extend deadlines several times (see ECF Nos. 95, 102, and 121), with trial ultimately adjourned to April 17–18, 2024.

6.      Plaintiff served new discovery on December 13, 2022 (ECF No. 67), and Defendant responded on January 26, 2023 (ECF No. 68).

7.      Defendant served reciprocal discovery on January 27, 2023 (ECF No. 69), which included, among other requests:

> 9. Produce any and all Documents either consisting of, or evidencing, any and all Communications or Correspondence between You and either of the Defendants, or both.
> 10. Produce any and all Documents relied upon by You in the preparation of the Complaint, or of Your responses hereto, not otherwise produced in response to these requests.
> 11. Produce any and all Documents upon which you intend to rely at time of trial, or earlier by way of motion or response to the Court.

8.     Plaintiff responded in February and March 2023 (Proofs at ECF Nos. 88, 92), but did not provide any meaningful identification of trial witnesses or exhibits, instead deferring to the fact that the same would be produced in the trial preparation process.

9.     Between late 2023 and May of 2025, *at the request of the Plaintiff*, Plaintiff was permitted to engage in extensive ESI discovery, and discovery was extended for a long period of time. To date, Plaintiff has not identified any particular document or finding that he believes supports or bolsters his case.

10.     On May 23, 2025, at a status conference before this Court, the parties confirmed that ESI was complete and the Court referred to mediation. See ECF No. 140 (Minute Entry).

11.     On May 29, 2025, at the direction of the Court, the parties submitted a stipulation to appoint the Hon. Phillip J. Shefferly (Ret.) as mediator, and the Court entered the corresponding order (ECF Nos. 141 and 142).

12.     This case did not settle at mediation on October 6, 2025.

13.     Defendant brings this request in good faith and only after multiple unsuccessful efforts to secure cooperation without motion practice.

### *Post-ESI Discovery Requests*

14.     On July 10, 2025, following completion of the extensive ESI discovery phase, and in anticipation of mediation, Defendant sent an email to Plaintiff's

counsel asking if they would agree to answer a very limited, narrow, and focused post-ESI discovery set. **Exhibit 6-A**.

15.     Plaintiff has declined to respond to the July 10, 2025 discovery, asserting via email that discovery is closed and that all responsive information will be provided through the Joint Final Pretrial Order process. A true and correct copy of this email chain is attached as **Exhibit 6-A.**

16.     Attached as **Exhibit 6-C**, are the Discovery Requests that Defendant intends to issue and is requesting be answered.

17.     These requests seek only: (1) confirmation whether Plaintiff found anything in the ESI that supports his claims; (2) identification of trial witnesses and anticipated exhibits; and (3) disclosure of any offsetting compensation or third-party recovery.

18.     This set included three (3) Requests to Admit, three (3) Interrogatories, and three (3) Requests for Production.

19.     After Plaintiff refused to agree [**Exhibit 6-A**], Defendant decided to wait for mediation to see if this matter would resolve without further time and expense in discovery motion practice. However, the matter has not resolved, and this information is necessary to prepare for trial.

20.     Plaintiff has an ongoing duty to supplement incomplete responses under Rule 26(e).

21.     Defendant has cooperated at every stage of this proceeding and has not previously moved to compel. Plaintiff, by contrast, has avoided meaningful disclosures throughout discovery.

### *Joe's Testimony*

22.     Lastly, following the non-resolution of the Ritter matter at mediation, former Defendant Joseph DuMouchelle ("Joe"), agreed that he would waive his Fifth Amendment right and to testify in this matter.

23.     Defendant concedes that for much of the discovery time in this case, Joe asserted his Fifth Amendment right. Joe's deposition was never noticed by Plaintiff, and was never taken; nor was his deposition pursued by Plaintiff via motion practice.

24.     Further, and importantly, Plaintiff was permitted full ESI discovery of Joe's laptop; meaning Plaintiff already had access to his documents, emails, and digital files. So they have not been prejudiced by any delay in getting documents "from him" through discovery in this case.

25.     Under Fed. R. Civ. P. 26 and 37, made applicable by Fed. R. Bankr. P. 7026 and 7037, the Court has discretion to reopen discovery and compel responses where doing so serves the interests of fairness and completeness.

26.     Discovery may be reopened for good cause when the requests are narrow, proportional, and directed at information that could not have been obtained

earlier. The limited post-ESI requests here meet that standard and will not delay proceedings or prejudice either party.

27.    Rule 26(e) imposes a continuing duty to supplement incomplete or outdated responses. Plaintiff's refusal to provide updated information after completion of ESI violates that obligation and leaves key issues unresolved.

28.    Rule 37 authorizes the Court to compel answers to properly served discovery requests when a party fails to respond. The relief sought is modest, targeted, and consistent with efficient case administration.

29.    Fed. R. Bankr. P. 9006(b)(1) further allows enlargement of time "for cause shown," even after expiration of a discovery period, where fairness requires limited reopening to prevent surprise or incomplete disclosure.

## ARGUMENTS

30.    Trial in this matter is not yet scheduled.

31.    Defendant has done her best to avoid having to file this motion, and to ask the other side to allow Joe to testify, so this Court can have the FULL truth before it at time of trial. Unfortunately, both requests have been denied.

### *Allowing Joe As Witness*

32.    With respect to the addition of Joe as a witness, this Court has broad discretion to allow this. Plaintiff requests that this Court take note of the complicated start to this case, and the very valid reasons for which Joe was asserting his Fifth

Amendment right.

33. Defendant *could* take the position that since Plaintiff never noticed the deposition of Joe, there is nothing prohibiting him from testifying; however, Defendant desires fairness in this case, and to head off any such eve-of-trial arguing; therefore, Defendant acknowledges that for most of this case, Joseph DuMouchelle was unavailable as a witness due to his invocation of the Fifth Amendment, upon advice of criminal counsel, and asks this Court specifically to allow for Joseph to be called as a witness.

34. Joseph's invocation of his Fifth Amendment rights was not opportunistic or evasive, it was made consistently and upon the advice of multiple attorneys from the time of his arrest, driven by his then-active federal criminal prosecution.

35. Mr. DuMouchelle has now affirmatively expressed his willingness to testify in this proceeding. On October 14, 2025, he authored a detailed statement to counsel, in which he explained the reasons for his prior silence, the context of his cooperation with the government, and the compelling personal, legal, and moral motivations behind his decision to now testify.

36. Mr. DuMouchelle confirms that prior to sentencing he fully cooperated with the U.S. Attorney's Office, participated in multiple proffer and bankruptcy sessions, provided physical evidence, and ultimately entered a guilty plea and waiver

of discharge in the bankruptcy case. He explains that he refrained from testifying publicly, even after his conviction, because he was pursuing appeals, a compassionate release motion, and dealing with severe, debilitating medical conditions while incarcerated.

37.    Now, faced with the continued pursuit of his former spouse, whom he characterizes as entirely uninvolved in the underlying fraudulent conduct, Mr. DuMouchelle has expressed a sincere and voluntary desire to testify in order to clarify the factual record.

38.    His testimony is material, HIGHLY-relevant, and non-duplicative. He is the only living person with direct knowledge of how the Yellow Rose transaction was structured, communicated, and executed. The testimony will be narrowly focused and is expected to directly rebut Plaintiff's remaining claims under § 523(a)(2), (4), and (6).

39.    Plaintiff will suffer no prejudice from allowing Joe to testify. Defendant offers to make Mr. DuMouchelle available for deposition via Zoom or phone, at Plaintiff's convenience (and scheduled with the Federal BOP), in advance of trial.

40.    Moreover, Plaintiff has already had access to Mr. DuMouchelle's laptop through the ESI process, and has not been deprived of any opportunity to obtain documentary evidence.

***Discovery Should Be Briefly Reopened***

41.     Reopening discovery for this narrow purpose ensures both sides proceed on a full and accurate record and that the case is resolved on its merits rather than by omission.

42.     The limited discovery that Defendant has filed concurrently with this motion is necessary and proportionate to the needs of the case and will not prejudice Plaintiff. It is narrowly designed to resolve fundamental questions about Plaintiff's theory of proof and damages.

43.     Defendant respectfully requests that the Court reopen discovery solely for the purpose of compelling Plaintiff to answer the post-ESI discovery requests.

44.     Pursuant to E.D. Mich. LBR 9014-1(g), Defendant sought concurrence, but opposing counsel declined. See **Exhibit 6-A**, **Exhibit 6-B**.

**WHEREFORE,** Defendant respectfully requests that this Court enter an Order, as follows:

A. Reopening discovery for the limited purpose of permitting responses to Defendant's First Set of Post-ESI Discovery Requests;

B. Order Plaintiff to provide full and complete responses within thirty (30) days of the service of the Discovery Requests (which will be filed and served once the Court has granted this motion);

C. Grant Defendant leave to call Joseph DuMouchelle as a trial witness; AND

D. Granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net

Dated: October 15, 2025

# Exhibit 1
# Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531 |
| *Debtors.* | Chapter 7 |
| | Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCI, | |
| *Defendant.* | |

## ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE, ORDER RESPONSES TO POST-ESI DISCOVERY REQUESTS, AND TO ALLOW JOSEPH DUMOUCHELLE TO TESTIFY

**THIS MATTER** having come before the Court upon Defendant's Motion to Reopen Discovery for Limited Purpose, Order Responses to Post-ESI Discovery Requests, and to Allow Joseph DuMouchelle to Testify (the "Motion"); the Court having reviewed the Motion, any response(s), and the entire record in this matter; the Court having held a hearing on the Motion; and the Court being otherwise fully advised in the premises;

**NOW THEREFORE;**

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED.

2. Discovery is hereby reopened for the limited purpose of:

a. Permitting Defendant to serve the post-ESI discovery requests submitted with the Motion; and

b. Compelling Plaintiff to provide full and complete written responses thereto.

3. Plaintiff shall provide full and complete responses to the discovery requests within thirty (30) days of service.

4. Defendant is granted leave to call Joseph DuMouchelle as a witness at trial.

5. Plaintiff and Defendant, through counsel, shall cooperating in and coordinate with the Federal Bureau of Prisons as to timing and access to allow Joesph DuMouchelle to testify remotely at trial in this matter.

# Exhibit 2
# Notice & Opportunity
# to Respond

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtors.*

Bank. Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

---

THOMAS T. RITTER,

*Plaintiff,*

v.

MELINDA J. ADDUCI,

*Defendant.*

Adv. Pro. No. 20-04381
Hon. Lisa S. Gretchko

---

## <u>NOTICE OF MOTION AND OPPORTUNITY TO RESPOND</u>

Defendant, by and through her counsel, John R. Foley, P.C., has filed with the Court a motion to reopen discovery and compel Plaintiff to respond to discovery.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion or if you want the court to consider your views on the Motion, **<u>within 14 days</u>**, you or your attorney must:

1.  File with the court a written response or an answer*, explaining your position at:

    - **United States Bankruptcy Court, 211 W. Fort St., 17th Floor, Detroit, MI 48226.**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. You must mail a copy to:

    - **John R. Foley PC, 18572 W. Outer Drive, Dearborn, MI 48128**
    - **Office of the U.S. Trustee, 211 W. Fort St., Suite 700, Detroit, MI 48226**

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and locations of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Attorney for Defendant Melinda Adducci*

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Date: October 15, 2025          Email: pafoley@jrfpc.net

*Response or answer must comply with FED. R. CIV. P. 8(b), (c) and (e).

# Exhibit 3
# Brief in Support

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtors*. | Bank. Case No. 19-54531<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI, *Defendant.* | Adv. Pro. No. 20-04381<br>Hon. Lisa S. Gretchko |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE, ORDER RESPONSES TO POST-ESI DISCOVERY REQUESTS, AND TO ALLOW JOSEPH DUMOUCHELLE TO TESTIFY

**NOW COMES** Defendant, MELINDA J. ADDUCCI ("Defendant"), by and through her undersigned counsel, and in support of her motion to this Court, hereby states as follows:

1.  Defendant incorporates herein be reference, and relies on the same, as through fully set forth herein, the entirety of her Motion.

**WHEREFORE,** Defendant respectfully requests that her motion be granted.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net

Dated: October 7, 2025

# Exhibit 4
# Proof of Service

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531 |
| *Debtors.* | Chapter 7 |
| | Hon. Lisa S. Gretchko |

| | |
|---|---|
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCI, | |
| *Defendant.* | |

## <u>PROOF OF SERVICE</u>

I hereby certify that on October 15, 2025, I caused the foregoing **Motion to Reopen Discovery, Order Responses, and Allow Joseph DuMouchelle to Testidy,** to be served upon the following parties via the Court's CM/ECF e-Filing system:

- Kimberly Ross Clayson    kclayson@taftlaw.com, ttorni@taftlaw.com
- Jay L. Welford    jwelford@taftlaw.com, ttorni@taftlaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net

Dated: October 15, 2025

# Exhibit 5
# Affidavits

## *(None by Defendant)*

# Exhibit 6
# Documentary Exhibits

# Exhibit 6a

**Patrick Foley**

| | |
|---|---|
| **From:** | Clayson, Kim Ross <kclayson@taftlaw.com> |
| **Sent:** | Friday, July 18, 2025 12:31 PM |
| **To:** | Patrick Foley |
| **Cc:** | Olivia Taylor; Ryan Glavin; Jesse Stec |
| **Subject:** | RE: Ritter/Gelov v. Adducci - Post-ESI Discovery |

Again, discovery is closed. We will be required to exchange exhibits prior to trial and the JFPTO will outline everything we intend to use for trial.

Kim

---

**From:** Patrick Foley <pafoley@jrfpc.net>
**Sent:** Friday, July 18, 2025 12:08 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@jrfpc.net>; Jesse Stec <jesse@jrfpc.net>
**Subject:** RE: Ritter/Gelov v. Adducci - Post-ESI Discovery

Kim,

We are headed to mediation in like 2 months, and I have some very simple discovery that I think your clients should give me, in anticipation of that mediation.

Will you agree?

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Friday, July 18, 2025 11:57 AM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Cc:** Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@jrfpc.net>; Jesse Stec <jesse@jrfpc.net>
**Subject:** Re: Ritter/Gelov v. Adducci - Post-ESI Discovery

What you are asking for will be a part of the JFPTO so I don't know why this is a worthwhile cause. I don't see how this is productive and wastes resources that should be focused on mediation.

Kim

On Jul 18, 2025, at 11:51 AM, Patrick Foley <pafoley@jrfpc.net> wrote:

Kim,

Given the situation, I think it makes sense I be allowed follow-up discovery.

I will simply file a motion today.

Thank you.


Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Thursday, July 10, 2025 3:04 PM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Cc:** Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@jrfpc.net>; Jesse Stec <jesse@jrfpc.net>
**Subject:** RE: Ritter/Gelov v. Adducci - Post-ESI Discovery

Patrick,

Hasn't discovery closed?

Kim

**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034


**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,000 attorneys strong.**
Taft has expanded to the **Mountain West region** with the addition of Sherman & Howard,
prominent 130-year-old law firm.  Learn more **here.**

---

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distinguishe
litigation firm. Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Patrick Foley <pafoley@jrfpc.net>
**Sent:** Thursday, July 10, 2025 2:49 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@jrfpc.net>; Jesse Stec <jesse@jrfpc.net>
**Subject:** Ritter/Gelov v. Adducci - Post-ESI Discovery
**Importance:** High

Kim,

Now that ESI has concluded, I would like to issue some discovery in substantially the form attached here. I may include some "all documents you intend to use as exhibits" type questions as well.

Please let me know if you will agree that, if I serve this, you guys will answer/respond without objection as to timing, or if I will have to litigate regarding my right to ask these things.

Thanks.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# Exhibit 6b

| | |
|---|---|
| **From:** | Clayson, Kim Ross <kclayson@taftlaw.com> |
| **Sent:** | Wednesday, October 15, 2025 12:07 PM |
| **To:** | Patrick Foley; Welford, Jay |
| **Cc:** | Cataldo, R. Christopher |
| **Subject:** | RE: Ritter v. Adducci - Request for Concurrence |

Patrick,

We will not agree to reopen discovery or agree to you calling Joe as a witness. You have no legal or factual support for your late-game request. If you make this request to the court, we will seek all appropriate sanctions.

We are ready for trial.

All the best,

Kim



**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
**Dir:** 248.727.1635
**Tel:** 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,100 attorneys strong.**

Taft expands its service offerings by combining with Morris, Manning & Martin (Atlanta and Washington, D.C.), Mrachek Law (Florida), and Sherman & Howard (Mountain West).  Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Patrick Foley <pafoley@jrfpc.net>
**Sent:** Tuesday, October 14, 2025 1:39 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>; Welford, Jay <jwelford@taftlaw.com>
**Subject:** Ritter v. Adducci - Request for Concurrence
**Importance:** High

Kim,

I would like to call Joe as a witness.

Please advise if you guys will stipulate to allow him to testify.

If, in order to agree, you would require to take his deposition, I believe I could stipulate to a Zoom deposition.

Please advise, as this is my request for concurrence.


Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# Exhibit 6c

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtors.*

Bank. Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

THOMAS T. RITTER,
*Plaintiff,*

v.

MELINDA J. ADDUCI,
*Defendant.*

Adv. Pro. No. 20-04381
Hon. Lisa S. Gretchko

## DEFENDANT'S FIRST SET OF POST-ESI DISCOVERY REQUESTS
### (To Plaintiff Thomas Ritter)

**INSTRUCTIONS**

These discovery requests are propounded pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, as incorporated by Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036. Plaintiff is required to respond within thirty (30) days from the date of service hereof.

## I. POST-ESI DISCOVERY

**REQUEST TO ADMIT NO. 1:**

Please admit that, following your complete review and analysis of all documents, communications, and data produced by Defendant Melinda J. Adducci in response to the ESI discovery protocols previously ordered and stipulated to in this adversary proceeding, you did not identify a single document, communication, or email, whether in whole or in part, which supports any element of your claims against Defendant Adducci pursuant to 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).
**RESPONSE:**


**INTERROGATORY NO. 1:**

If you do not admit Request to Admit No. 1, please identify with particularity:

- Each specific ESI document, email, or communication you contend supports any element of your causes of action against Defendant under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6);
- The Bates range or identifying control number of each such item;
- The specific subsection of 11 U.S.C. § 523(a) to which each item is purportedly relevant;
- The factual predicate or legal theory for which you assert the item provides evidentiary support;
- The corresponding motion(s), pleading(s), or submission(s), if any, in which you referenced or relied upon such item(s).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 1:**
Please produce true and complete copies of each document, communication, or electronically stored record identified in your response to Interrogatory No. 1, including any attachment, metadata, or associated material that you contend substantiates any claim against Defendant Adducci under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).

**RESPONSE:**


## II. TRIAL WITNESSES, TESTIMONY & EXHIBITS

**REQUEST TO ADMIT NO. 2:**
Please admit that, as of the date of your response to these discovery requests, you are in possession of sufficient information to identify the witnesses, documents, and subject matter of testimony you presently intend to offer at trial in support of your claims under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).

**RESPONSE:**


**INTERROGATORY NO. 2:**
Identify by name, address, and relationship to the parties each person whom you presently intend to call as a witness at trial, whether live or by deposition. For each such witness, please state:
- The general subject matter of their expected testimony;
- Whether such testimony will be offered in support of liability, damages, or both;
- Whether such testimony is anticipated to be fact, expert, or hybrid in nature;

- Whether such person has been deposed in this matter.
**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**
Please produce true and complete copies of all documents, exhibits, or demonstratives (in any form) that you presently intend to offer at trial, or that you presently anticipate relying upon in support of your claims. This includes any documents you intend to use in cross-examination, impeachment, or rebuttal, to the extent currently known.


## III. COMPENSATION / OFFSET AGAINST DAMAGES

**REQUEST TO ADMIT NO. 3:**
Please admit that you have received compensation, reimbursement, credit, forgiveness, indemnification, restitution, insurance proceeds, clawbacks, settlement payments, or any other financial recovery related in any way to the alleged damages underlying the claims asserted against Defendant in this adversary proceeding.
**RESPONSE:**


**INTERROGATORY NO. 3:**
Please describe in detail any and all received compensation, reimbursement, credit, forgiveness, indemnification, restitution, insurance proceeds, clawbacks, settlement payments, or any other financial recovery related in any way to the alleged damages underlying the claims asserted against Defendant in this adversary proceeding.
**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**
Please produce all documents relating to any recovery or compensation referenced in Interrogatory No. 4, including but not limited to demand letters, pleadings, settlement agreements, insurance claims, wire confirmations, tax disclosures, or correspondence.
**RESPONSE:**

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net

Dated: October _____, 2025

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI,<br>*Debtors.* | Bank. Case No. 19-54531<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER,<br>*Plaintiff,*<br>v.<br>MELINDA J. ADDUCI,<br>*Defendant.* | Adv. Pro. No. 20-04381<br>Hon. Lisa S. Gretchko |

## PROOF OF SERVICE

I hereby certify that on October _____, 2025, I caused the foregoing **Defendant's First Set of Post-Esi Discovery Requests** to be served upon the following parties via the Court's CM/ECF e-Filing system:

- Kimberly Ross Clayson    kclayson@taftlaw.com, ttorni@taftlaw.com
- Jay L. Welford    jwelford@taftlaw.com, ttorni@taftlaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net

Dated: October _____, 2025