**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In the Matter of:**<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI, *Debtors*. | Bank. Case No. 19-54531<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI, *Defendant.* | Adv. Pro. No. 20-04381<br>Hon. Lisa S. Gretchko |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S OCTOBER 15, 2025 MOTION AT ECF 257

**NOW COMES** Defendant, MELINDA J. ADDUCCI ("Defendant"), by and through her undersigned counsel, and for her Reply Brief in support of her October 15, 2025 Motion at ECF 257, states as follows:

**INTRODUCTION**

Plaintiff's 42-page objection (including exhibits) misstates both the record and the law. It portrays a five-year-old case delayed by Defendant, when in reality this adversary has been actively litigated for only two years, since Plaintiff filed his Second Amended Complaint in March 2023 (ECF 91). What followed was nearly two years of Plaintiff-driven electronic discovery, conducted entirely at his insistence. Those inspections, privilege disputes, and ESI hearings consumed late 2023 through mid-2025, ending only with the Court's February 2025 discovery orders and May 23, 2025 mediation referral (ECF 247). Having demanded and obtained that expansion, Plaintiff now claims discovery is closed and seeks to bar

Defendant from (1) serving three narrow post-ESI requests and (2) presenting testimony from Joseph DuMouchelle, whose firsthand account goes to the core of the transaction. Plaintiff's arguments fail on both law and fact.

## I. Plaintiff's Own Discovery Campaign Caused Every Major Adjournment And Delay

The docket tells the story plainly. In August 2023, shortly after filing his Second Amended Complaint, Plaintiff served a second wave of interrogatories, document requests, and deposition notices (ECF 129-131). When Defendant sought protection (ECF 136), the parties entered a Stipulation and Protective Order (ECF 146 & 147) reopening discovery for forensic inspection of devices. The November 7, 2023 Order (ECF 151) then adjourned the scheduled November trial to early 2024 to accommodate Plaintiff's expanded ESI process.

Over the next year and a half, Plaintiff drove the process through repeated stipulations, motions, and privilege disputes, each extending deadlines. By February 2025, the Court had overruled privilege objections and ordered production (ECF 238), after which the matter proceeded to mediation. Throughout, Defendant cooperated - producing devices, preparing privilege logs, and stipulating to extensions - without once obstructing or seeking sanctions. The case stands where it does because Plaintiff chose to reopen discovery and pursue broad ESI review on the eve of trial, not because Defendant now seeks limited, post-ESI clarification.

## II. Good Cause Exists Under Rule 16(B)(4) And Bankruptcy Rule 7016

F.R.C.P. 16(b)(4), incorporated by Bankruptcy Rule 7016, allows modification of a scheduling order "only for good cause and with the judge's consent." The Sixth Circuit's controlling precedent, *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003); *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002); *Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011), makes clear that "good cause" turns primarily on diligence and only secondarily on prejudice to the non-movant.

District courts in this Circuit routinely exercise that discretion to reopen or extend discovery when fairness so requires. See *AFT Michigan v. Project Veritas*, No. 17-13292 (E.D. Mich. Mar. 14, 2022) (Parker, J.) (granting extension "for the limited purpose of allowing [party] to depose [witness]" where necessary to complete the record) (**Exhibit A to this Reply Brief**).

Defendant satisfies that standard. Defendant acted diligently by seeking concurrence in July 2025 immediately after completion of the ESI phase and before any new trial date was set. Her request is narrow: three follow-up discovery requests and permission to examine one witness. There is no prejudice to Plaintiff, who already possesses the entire ESI universe, has known for years that Joseph DuMouchelle was the principal actor in the transaction, and will have full opportunity to depose him remotely before trial. Under *Hall v. Navarre*, 118 F.4th

749 (6th Cir. 2024), the five-factor test favors reopening: the issue arose after ESI completion; the additional discovery clarifies dispositive facts; Defendant has been diligent; and Plaintiff's non-cooperation, not Defendant's conduct, caused delay.

**III. The Hall v. Navarre Factors Support both the Post-ESI Discovery and the Testimony from Joseph DuMouchelle**

In assessing whether to permit additional discovery under Rule 16, the Sixth Circuit considers: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to discovery requests." *Hall v. Navarre*, 118 F.4th 749, 755 (6th Cir. 2024). Each factor supports reopening here.

**(1) When the moving party learned of the issue.** Defendant could not have sought this discovery or testimony earlier. The post-ESI requests arise directly from Plaintiff's own electronic-discovery campaign, which did not conclude until the Court confirmed completion on May 23, 2025. Only then could Defendant determine what, if anything, Plaintiff's forensic review had uncovered. Likewise, Defendant learned on October 14, 2025 that Joseph DuMouchelle, a main participant in the transaction, had waived his Fifth Amendment privilege. Until that date, his testimony was legally unavailable. The issues therefore arose only recently, following the end of Plaintiff's prolonged ESI phase.

**(2) How the discovery would affect the ruling below.** The additional discovery

will clarify and streamline trial. Defendant's three short interrogatories, admissions, and requests for production simply ask whether Plaintiff found any evidence in the ESI he compelled, identify his intended witnesses and exhibits, and disclose any offsetting recoveries. The answers will narrow the issues and avoid unnecessary trial proof. Likewise, Joseph's testimony goes directly to intent, knowledge, and the structure of the "Yellow Rose" transaction, the core of the §523 claims, and ensures judgment rests on a complete record, not speculation.

**(3) The length of the discovery period.** Though the case was filed in 2020, the operative discovery period began anew with Plaintiff's Second Amended Complaint (March 2023) and was extended repeatedly at Plaintiff's request to accommodate forensic imaging and privilege litigation. From late 2023 through May 2025, Plaintiff controlled the schedule through numerous stipulations (ECF 146, 147, 151, 162, 182, 195, 213, 238). Defendant cooperated throughout, producing devices, privilege logs, and data, and has never before moved to reopen discovery.

**(4) Whether Defendant was dilatory.** Defendant has been diligent. She served discovery in 2020 and again in 2023, responded timely, and conferred in good faith. When Plaintiff refused to answer her limited post-ESI requests in July 2025, she deferred to mediation to avoid burdening the Court and filed this motion only after mediation failed in October 2025. That sequence reflects diligence, not delay.

**(5) Whether the adverse party was responsive.** Plaintiff has not been. Since 2020

he has failed to provide full responses to interrogatories or document requests, produced no meaningful witness or exhibit list, and refused to supplement after completing his ESI review. His July 2025 statement that "discovery is closed" defies Rule 26(e)'s continuing-duty requirement. Plaintiff's non-responsiveness created the very gaps this motion seeks to close.

The Hall factors overwhelmingly favor Defendant. The issues arose only after Plaintiff's ESI process ended and Joseph opted to testify; the discovery is narrow and material; the lengthy history stems from Plaintiff's own actions; Defendant has been diligent; and Plaintiff has been unresponsive. Good cause is clear.

## IV. Plaintiff's Age-Of-Case Argument Is Misleading

Plaintiff repeatedly insists this adversary has been "pending for five years." That characterization ignores both the procedural resets and his own actions. The operative complaint (2nd Amended Complaint) was not filed until March 2023, meaning the current case has been pending for just over 2 years. The prior three years consisted largely of stays and preliminary pleadings while Joseph DuMouchelle's criminal case resolved. Moreover, nearly the entire post-2023 period was consumed by Plaintiff's own ESI campaign, which he initiated, expanded, and extended through mid-2025. Defendant did not delay this case; she complied with every stipulation and order that Plaintiff proposed. It is therefore disingenuous to invoke "five years of litigation" while omitting that Plaintiff has been the sole author of

nearly every continuance since 2023.

## V. Plaintiff's Request For Sanctions Is Unfounded and Meritless

Plaintiff's request for sanctions under Bankruptcy Rule 9011 is baseless and procedurally improper. Rule 9011(c)(2)(A) requires that the motion be made separately, and Rule 9011(c)(2)(B) requires 21 day-notice and correction time. Plaintiff followed none of these required procedural steps. Regardless, substantively, Defendant's motion is well-grounded in fact, law, and procedure. The Court should summarily disregard the 9011 request.

## CONCLUSION

After years of procedural complexity, nearly all of it generated by Plaintiff's own discovery demands, Defendant seeks only to complete the record through limited, proportional discovery and one key witness. The Court plainly has discretion to reopen discovery for good cause. That cause exists here.

**WHEREFORE**, Defendant respectfully requests that this Court grant her October 15, 2025 Motion at ECF 257.

Respectfully submitted,<br>
**JOHN R. FOLEY, P.C.**<br>
*Counsel for Defendant*

Dated: October 23, 2025

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Dr.
Dearborn, MI 48128
pafoley@jrfpc.net

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In the Matter of:**<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>        *Debtors*. | Bank. Case No. 19-54531<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER,<br>        *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI,<br>        *Defendant.* | Adv. Pro. No. 20-04381<br>Hon. Lisa S. Gretchko |

## PROOF OF SERVICE

I hereby certify that on October 23, 2025, I caused the foregoing *Reply Brief in Support of October 15, 2025 Motion at ECF 257*, to be served upon the following parties via the Court's CM/ECF e-Filing system:

- Kimberly Ross Clayson    kclayson@taftlaw.com, ttorni@taftlaw.com
- Jay L. Welford    jwelford@taftlaw.com, ttorni@taftlaw.com

    Respectfully submitted,
    **JOHN R. FOLEY, P.C.**

    By: */s/ Patrick A. Foley*
    Patrick A. Foley (P74323)
    18572 W. Outer Drive
    Dearborn, MI 48128
    (313) 274-7377
    pafoley@jrfpc.net

    Dated: October 23, 2025

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS and
MARISA L. JORGE,

    Defendants.
_____/

Civil Case No. 17-13292
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO TAKE DEPOSITION FROM R. SEDDON (ECF NO. 193)

Before the Court is Plaintiff AFT Michigan's motion to extend the discovery deadline to take the deposition of non-party Richard Seddon, filed July 22, 2021. (ECF No. 193.) The motion has been fully briefed. (ECF Nos. 196, 198.) Finding the facts and legal arguments adequately presented in the parties' briefs, the Court is disposing of oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants the motion.

**Background**

Discovery in this matter closed on June 30, 2020.[1] (ECF No. 164.) On July 22, 2021, Plaintiff AFT Michigan ("AFT") filed the pending motion to take the deposition of Mr. Seddon, who worked for Defendant Project Veritas for some period between 2016 and 2018, and supervised Defendant Marisa Jorge in her infiltration of AFT. Mr. Seddon was not an employee of Project Veritas. Instead, he was an independent contractor. AFT indicates that it has been attempting to locate Mr. Seddon since this litigation began in order to depose him but was unable to do so due to Mr. Seddon's efforts to keep his personal information (including his address) private. (*See* Murray Decl. ¶¶ 6, 7-9, ECF No. 193-1 at Pg ID 6135.)

According to AFT Manager Bradford Murray, who performed the search to locate Mr. Seddon, Mr. Seddon's address in Wyoming was located only "recently." (*Id.* ¶ 10, Pg ID 6135.) On June 26, 2021, Mr. Seddon was served with a subpoena for his deposition in Wyoming.[2] (*Id.* ¶ 10, Pg ID 6135; *see also* Service Return, ECF No. 193-2 at Pg ID 6137.) The subpoena directs Mr. Seddon to produce at the deposition "any document, whether tangible or electronic, relating to work

---

[1] By stipulation, the parties did extend discovery to July 31, 2020, but only to complete depositions timely noticed and served before the June 30 deadline. (ECF No. 145 at Pg ID 3829-31.)

[2] The subpoena noticed the deposition for August 16, 2021. (*See* Subpoena, ECF No. 198-1.)

2

performed for, with on [sic] on behalf of Project Veritas; any document relating to compensation paid by Project Veritas for services performed for it[.]" (ECF No. 198-1 at Pg ID 6298 (capitalization removed).)

Four days after serving Mr. Seddon, AFT provided notice of the deposition to counsel for Defendants Project Veritas and Marisa Jorge. (6/30/21 Cousens Email, ECF No. 196-2 at Pg ID 6211-12.) The notice indicates that Mr. Seddon is directed to bring the same documents listed in the subpoena to his deposition. (Notice, ECF No. 196-3 at Pg ID 6214-15.) Despite a request from Defendants' counsel for a copy of the subpoena (6/30/21 Mersino Email, ECF No. 196-2 at Pg ID 6211), AFT only provided a copy when it attached the subpoena as an exhibit to its reply brief in support of the pending motion (*See* Subpoena, ECF No. 198-1.)

Defendants first argue that AFT's subpoena is procedurally defective and presumptively prejudicial because a copy was not provided to Defendants before service on Mr. Seddon, as required by Federal Rule of Civil Procedure 45(a)(4). Due to the subpoena not being served on them, Defendants maintain that they lacked knowledge of the documents sought from Mr. Seddon and the opportunity to object to the production of those documents. Defendants further maintain that this procedural defect renders the subpoena "void and unenforceable." (Resp. at 4, ECF No. 196 at Pg ID 6189 (citing *Florida Media Inc. v. World Publ'ns, LLC*, 236 F.R.D 693 (M.D. Fla. 2006).)

3

Defendants next argue that the subpoena was defective because it was issued and served after the discovery deadline. A subpoena issued after discovery closed, Defendants assert, must be quashed. (*Id.* at 5, Pg ID 6190 (citing *Martin v. Oakland Cnty.*, No. 06-cv-12602, 2008 WL 4647863, at *1-2 (E.D. Mich. Oct. 21, 2008) (quoting *Fabery v. Mid-South OB-GYN*, No. 06-2136, 2008 U.S. Dist. LEXIS 39679, at *3-5 (W.D. Tenn. May 15, 2008)).³

Defendants also ask the Court to deny AFT's motion because AFT attached supporting materials that allegedly violate the parties' stipulated protective order. Specifically, Defendants assert that the transcripts from James O'Keefe's and Ms. Jorge's depositions, including the excerpted portions appended to AFT's motion, were designated confidential.

Defendants also argue that AFT fails to establish good cause to reopen discovery, that discovery already produced contradicts the factual assertions AFT makes to support its motion regarding Mr. Seddon's involvement with the infiltration of AFT, relatedly that the proposed discovery is irrelevant, and that the information sought is overly broad. Lastly, Defendants maintain that they will

---

³ In their response brief, Defendants provide the Westlaw citation for *Fabery* that is set forth in the magistrate judge's decision in *Martin v. Oakland County*, No. 2:06-cv-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008). It is not the correct cite. Despite being decided in 2008, this decision in *Fabery* is curiously published in Westlaw at 2000 WL 35641544.

suffer prejudice if AFT's motion is granted. The only harm Defendants specifically identify is that "approving service of said subpoena *post hoc*" interferes with their interest in preventing the disclosure of documents unrelated to the subject of this case (i.e., the infiltration of AFT). (Resp. at 19, ECF No. 196 at Pg ID 6204.)

## Applicable Law and Analysis

Rule 16 of the Federal Rules of Civil Procedure states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citation omitted). The Sixth Circuit has identified five factors relevant to deciding whether to allow additional time for discovery:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests.

*Id.* (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)) (additional citations omitted). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* (quoting *Bentkowski*, 637 F.3d at 696)) (alterations omitted). As the Sixth Circuit

5

has explained elsewhere: "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted).

AFT establishes through Mr. Murray's declaration that it has been diligently attempting to locate Mr. Seddon since the initiation of this litigation and that it located him only after the discovery deadline. Contrary to Defendants' assertions, the Court does not find it necessary that Mr. Murray or AFT provide a more detailed description of the steps taken to locate Mr. Seddon. It accepts Mr. Murray's statements, made under the penalty of perjury, that continued efforts to locate Mr. Seddon have been made for the past three years but have been unsuccessful, not due to a lack of diligence, but rather the "extreme measures" taken by Mr. Seddon "to hide his identity and location and keep his public records 'footprint' secret." (Murray Decl. ¶ 7, ECF No. 193-1 at Pg ID 6135.) Defendants offer nothing to suggest that Mr. Seddon could have been easily found.

AFT's diligence is not undermined by the fact that subpoenas for Mr. Seddon's deposition were issued only in March and June 2020, when his involvement with Project Veritas' infiltration of AFT had been discussed months

6

earlier during the depositions of Ms. Jorge and Mr. O'Keefe in December 2019 and January 2020, respectively.[4]  AFT had to locate Mr. Seddon before issuing those initial subpoenas.  And as Mr. Murray indicates, this was a difficult task.  AFT's attempts to serve Mr. Seddon in Montana in March and June 2020, as well as their efforts to serve him in Virginia (*Id.* ¶ 6, Pg ID 6135), reflect diligence to complete his discovery before the discovery deadline.

Defendants fail to identify possible prejudice if the Court reopens discovery for the limited purpose of allowing AFT to depose Mr. Seddon.  Despite the close of discovery, discovery remains outstanding.  The magistrate judge has issued decisions allowing discovery (*see* R&R, ECF No. 152); however, that discovery has not been completed due to the pendency of objections to the magistrate judge's decision (Objections, ECF Nos. 157, 158).  As a result, Mr. Seddon's deposition

---

[4] Defendants fail to establish that the portions of the deposition transcripts attached to AFT's motion are confidential.  To support the assertion, Defendants submit emails referencing attached transcripts, "marked for confidentiality pursuant to the [parties'] protective order."  (Klein Emails, ECF No. 196-4 at Pg ID 6127-18.)  The transcripts unsurprisingly are not included in Defendants' exhibit.  (*Id.*)  However, in the protective order, the parties expressly acknowledge that it "does not confer blanket protections" and "that the protection it affords . . . extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles."  (*See* Protective Order ¶ 2, ECF No. 89 at Pg ID 2301.)  Further, the parties agree to a procedure for marking only *pages* of transcripts confidential.  (*Id.* ¶ 7(b)(ii)(2), Pg ID 2307.)  Notably, the protective order allows the parties to submit confidential information to the Court to *inter alia* prosecute the matter, albeit under seal.  (*Id.* ¶¶ 9(a), 10(a)(iv), 13(c), Pg ID 2310, 2312, 2316.)

will not add further delay to these proceedings. Defendants are aware of the documents being sought from Mr. Seddon and may object to the disclosure of those documents to the extent they have standing to do so.

For that reason, Defendants are not prejudiced by AFT's failure to serve them with a copy of the subpoena before it was served on Mr. Seddon in violation of Rule 45(a)(4). *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.). Significantly, AFT sent the notice of the subpoena to Defendants' counsel a few days after the subpoena was served. Further, the documents the subpoena directs Mr. Seddon to bring to his deposition are the same documents referenced in the notice. Unlike the District Court for the Middle District of Florida, *see Florida Media*, 236 F.R.D. at 695, the Courts in the Sixth Circuit decline to quash subpoenas based on a technical violation of Rule 45(a)(4) where the moving party suffered no prejudice.[5] *See, e.g., Sys. Prods. & Solutions, Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *6 (E.D. Mich. Aug. 8, 2014) (citing *Black v.*

---

[5] *Florida Media* is also distinguishable because there, unlike here, the plaintiff's attorney provided no notice of the subpoenas he issued. 236 F.R.D. at 694. Plaintiff's counsel would not even provide defense counsel with a list of who had been subpoenaed. *Id*.

8

*Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014)); *Friedberg v. Madison Realty Invs., Inc.*, No. 1:16-mc-0003, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011) ("The Court can move past a technical violation of Rule 45(a)(4) and examine the merits of the matter when the movant has not been prejudiced by the violation.")).

The subpoena served on Mr. Seddon was not void because it was issued after the close of discovery. "A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order[.]" *Martin*, 2008 WL 4647863, at *1 (quoting *Fabery*, 2008 U.S. Dist. LEXIS 39679, at *3). Nevertheless, the service of a subpoena after the close of discovery simply subjects it to a motion to quash and "the decision to quash . . . 'must necessarily be committed to the sound discretion of the trial court . . . .'" *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (citing *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984)). But Defendants lack standing to challenge this non-party subpoena on the basis of timeliness. *See Croskey v. BMW of N. Am., Inc.*, No. 2005 WL 8154367, at *2 (E.D. Mich. Jan. 31, 2005) ("BMW challenges the subpoena solely on the bases of non-compliance with Fed. R. Civ. P. 45; timeliness; and burden and/or expense to dealers and BMW. . . . BMW lacks

9

standing to challenge the subpoena on this bases."); *cf. Fabery*, 2008 U.S. Dist. LEXIS 39679, at *7 (quashing subpoena served *upon the defendant* after the discovery deadline).

AFT establishes that it seeks relevant evidence from Mr. Seddon. Mr. Seddon can provide information with respect to Project Veritas' infiltration of AFT, even if he was not involved during the entire course of the investigation. He possibly knows who made the decision to infiltrate AFT even if he became involved after the decision was made, how the documents from AFT were used, and how the action was being supported. The fact that AFT may have covered the same subjects with other witnesses does not diminish the materiality of his testimony. AFT certainly can pursue discovery it believes might test the veracity of previously disclosed evidence. Defendants' assertion the subpoena is overly broad is not a basis for Defendants to seek to quash it. "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a non-party." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (citation omitted); *see also Sys. Prods. & Sols.*, 2014 WL 3894385, at *7 (quoting *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)).

10

Finally, Defendants assert only a vague interest in preventing disclosure of the documents sought from Mr. Seddon. In any event, they have not asserted a claim of privilege and that is the only challenge they have standing to raise. *Id.*

## Conclusion

In short, the Court finds good cause to extend the discovery deadline for the limited purpose of allowing AFT to depose Mr. Seddon. Defendants do not assert a viable challenge to the subpoena.

Accordingly,

**IT IS ORDERED** that AFT Michigan's Motion to Take Deposition from R. Seddon (ECF No. 193) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 14, 2022