# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

JOSEPH DuMOUCHELLE and
MELINDA J. ADDUCCI,
              Debtors.

Case No. 19-54531
Chapter 7
Hon. Lisa S. Gretchko

_____/

THOMAS RITTER,
              Plaintiff,

v.

MELINDA J. ADDUCCI,
              Defendant.

Adv. Pro. No. 20-04381-lsg
Hon. Lisa S. Gretchko

_____/

## OPINION DENYING DEFENDANT'S MOTION TO REOPEN DISCOVERY AND TO ALLOW JOSEPH DUMOUCHELLE TO TESTIFY

## Introduction

On October 15, 2025, Defendant Melinda Adducci filed a Motion to Reopen Discovery for Limited Purpose, Order Responses to Post-ESI Discovery Requests, and to Allow Joseph DuMouchelle to Testify ("Motion to Reopen"; ECF No. 257). Plaintiff filed an objection ("Objection"; ECF No. 259), and Melinda Adducci filed a reply ("Reply"; ECF No. 263). On October 27, 2025, the Court held a hearing ("Hearing") on the Motion to Reopen, the Objection, and the Reply.

This Opinion explains why the Court denies the Motion to Reopen.

## Background Facts

This adversary proceeding was commenced on September 22, 2020. Initially, Joseph DuMouchelle ("Mr. DuMouchelle") and his wife, Melinda Adducci ("Ms. Adducci"), were both defendants.[1]

When this adversary proceeding was commenced, a criminal case was pending against Mr. DuMouchelle in the United States District Court for the Eastern District of Michigan ("Criminal Case"; District Court Case No. 20-cr-20245). Mr. DuMouchelle pled guilty to Count I (Wire Fraud, 18 U.S.C. § 1343). On July 28, 2022, U.S. District Judge Goldsmith entered a criminal judgment against Mr. DuMouchelle and ordered him incarcerated for 151 months (*See* Criminal Case; ECF No. 115).[2]

Between the September 22, 2020 commencement of this adversary proceeding and the July 28, 2022 date of the criminal judgment against Mr. DuMouchelle, there was a looming issue of potential Fifth Amendment privilege and its potential impact on discovery.

---

[1] On July 17, 2023, this Court entered its opinion and order determining that this adversary proceeding is moot as to Mr. DuMouchelle due to: (i) his May 12, 2023 stipulation (filed in the lead bankruptcy case, Case No. 19-54531) waiving his Chapter 7 discharge, and (ii) the Court's May 15, 2023 Order (entered in the lead bankruptcy case) denying his Chapter 7 discharge. Consequently, on July 17, 2023, the Court entered an order dismissing Mr. DuMouchelle from this adversary proceeding.

[2] On July 29, 2022, Mr. DuMouchelle appealed the criminal judgment against him. On February 14, 2023, the Sixth Circuit Court of Appeals affirmed the District Court's judgment.

Against that backdrop, on December 2, 2020, Plaintiff filed a Report of the Parties' Rule 26(f) conference ("First 26(f) Report"; ECF No. 10). That report proposed, in pertinent part, that:

> 2. All discovery is to be completed 120 days after Defendants' waiver of their Fifth Amendment privilege or the Court's determination as to the applicability of such privilege, but not later than August 30, 2021.

On December 7, 2020, the Court entered an Adversary Proceeding Scheduling Order ("First Scheduling Order"; ECF No. 11) that approved the First 26(f) Report. In November and December 2020, the parties filed initial disclosures; both sides disclosed, *inter alia,* Mr. DuMouchelle as a person likely to have discoverable information (*See* ECF Nos. 9, 13, and 16).

**Stipulated Orders Staying Discovery**

Based on stipulations among Plaintiff, Mr. DuMouchelle, and Ms. Adducci, this Court entered approximately seven stipulated orders that: (i) stayed this adversary proceeding to a specified date, due to the pendency of the Criminal Case against Mr. DuMouchelle, and (ii) set a scheduling conference to be held near or on the last day of the stay period, so that the parties could advise the Court with respect to the status of the Criminal Case and its impact on discovery in this adversary proceeding.

The last such stipulated order (ECF No. 44) was entered on August 24, 2022, approximately one month after entry of the July 28, 2022 criminal judgment against Mr. DuMouchelle. That stipulated order stayed this adversary proceeding through September 12, 2022, and set a scheduling conference for that date.

### Second 26(f) Report; Stipulated Extensions of Discovery

On September 7, 2022, the parties filed a second Report of Parties' Rule 26(f) Conference ("Second 26(f) Report"; ECF No. 45) proposing a May 22, 2023 discovery deadline. Following the September 12, 2022 status conference, on September 16, 2022, the Court entered an Adversary Proceeding Scheduling Order (ECF No. 47) that incorporated the agreed-upon May 22, 2023 discovery deadline, scheduled the final pretrial conference for November 6, 2023, and scheduled trial for November 15-16, 2023. In October 2022, the parties filed new initial disclosures; both sides disclosed, *inter alia,* Mr. DuMouchelle as a person likely to have discoverable information (*See* ECF Nos. 48, 49, and 50).

On April 27, 2023, the parties filed a stipulation (ECF No. 96) agreeing to extend the discovery cut off deadline to August 21, 2023, and agreeing to extend other deadlines as well. This stipulation recited that the parties will be "ready for trial on or after January 15, 2024." Following a May 8, 2023 status conference, the Court entered a stipulated order (ECF No. 102) that: (i) extended the discovery cut off deadline to August 21, 2023, (ii) extended other deadlines, (iii) adjourned the final pretrial conference to January 22, 2024, and (iv) adjourned the trial to January 31-February 1, 2024.

### Dismissal of Mr. DuMouchelle from this Adversary Proceeding

On May 2, 2023, Plaintiff filed a Motion for Summary Judgment against Mr. DuMouchelle ("SJ Motion"; ECF No. 100). On May 16, 2023, Mr. DuMouchelle filed an objection to the SJ Motion (ECF No. 103) stating that the SJ Motion should be denied for, *inter alia,* mootness and lack of subject matter jurisdiction because his discharge had been denied in the lead bankruptcy case and,

consequently, he should be dismissed from this adversary proceeding seeking to determine nondischargeability.

Indeed, on May 12, 2023, a stipulation signed by Mr. DuMouchelle, Ms. Adducci, their bankruptcy counsel, and the United States Trustee was filed in the lead bankruptcy case (Case No. 19-54531, ECF No. 454) waiving Mr. DuMouchelle's Chapter 7 discharge.[3] On May 15, 2023, this Court entered a stipulated order in the lead bankruptcy case (Case No. 19-54531, ECF No. 455) denying Mr. DuMouchelle's Chapter 7 discharge.

Following a June 23, 2023 hearing on the SJ Motion, on July 17, 2023, the Court: (i) issued an opinion and order (ECF No. 115) denying Plaintiff's motion to permit post-argument briefing, (ii) issued an opinion (ECF No. 116) determining that this adversary proceeding is moot as to Mr. DuMouchelle, (iii) entered an order (ECF No. 117) denying the SJ Motion against Mr. DuMouchelle due to lack of subject matter jurisdiction, and (iv) entered an order (ECF No. 118) dismissing Mr. DuMouchelle from this adversary proceeding due to lack of subject matter jurisdiction.

**Parties Stipulate to Additional Extensions**

On July 13, 2023, a few days before the Court issued its order dismissing Mr. DuMouchelle from this adversary proceeding, Plaintiff, Mr. DuMouchelle, and Ms. Adducci filed a stipulation (ECF No. 109) agreeing to extend the discovery cut off deadline to November 20, 2023, and agreeing to extend certain other deadlines as well. The Court held a status conference on this stipulation and, on July 25, 2023, entered a stipulated order (ECF No. 121) that: (i) extended the discovery cut

---

[3] Paragraph 9 of this stipulation recites that the United States Trustee will not contest Ms. Adducci's right to receive a Chapter 7 discharge.

off deadline to November 20, 2023, (ii) extended other deadlines, (iii) adjourned the final pretrial conference to April 8, 2024, and (iv) adjourned the trial to April 17-18, 2024.

On October 30, 2023 (after Mr. DuMouchelle was dismissed from this adversary proceeding), Plaintiff and Ms. Adducci filed a stipulation (ECF No. 146) agreeing to extend the discovery cut off deadline to February 20, 2024, and agreeing to extend other deadlines as well. This stipulation recited that the parties will be "ready for trial on or after June 20, 2024." Following a hearing on this stipulation, on November 7, 2023, the Court entered a stipulated order (ECF No. 151) that: (i) extended the discovery cut off deadline to February 20, 2024, (ii) extended other deadlines, (iii) adjourned the final pretrial conference to July 1, 2024, and (iv) adjourned the trial to July 10-11, 2024.

On December 8, 2023, Plaintiff and Ms. Adducci filed a stipulation (ECF No. 161) agreeing to extend the discovery cut off deadline to May 19, 2024, and agreeing to extend certain other deadlines as well. This stipulation recited that "the adjourned dates do not affect the final pretrial hearing date and trial dates." On December 11, 2023, the Court entered a stipulated order ("December 11, 2023 Order"; ECF No. 162) that: (i) extended the parties' expert report deadline to May 5, 2024, (ii) <u>extended the discovery cut off deadline to May 19, 2024,</u> and (iii) extended the dispositive motion deadline to June 1, 2024. This order did *not* adjourn the final pretrial conference or the trial.

On June 25, 2024, Plaintiff and Ms. Adducci filed a stipulation (ECF No. 181) agreeing to adjourn: (i) the final pretrial conference from July 1, 2024 to October 7, 2024, and (ii) the trial from July 10-11, 2024 to October 16-17, 2024. On June 28, 2024, the Court entered a stipulated order (ECF No. 183) granting the parties' requested adjournments.

**September 16, 2024 Pretrial Disclosures and September 30, 2024 Joint Pretrial Statement**

Plaintiff and Ms. Adducci filed their respective pretrial disclosures on September 16, 2024 at ECF Nos. 185 and 186 (collectively, "Pretrial Disclosures"), insofar as Fed.R.Civ.P. 26(a)(3) (made applicable to this adversary proceeding via Fed.R.Bankr.P. 7026) required the parties to file their pretrial disclosures thirty days prior to trial. On September 30, 2024, Plaintiff and Ms. Adducci filed a Joint Pretrial Statement ("Joint Pretrial Statement"; ECF No. 190).

None of these filings listed Mr. DuMouchelle as a "will call" or "may call" witness.

**ESI Issues**

Meanwhile, on April 24, 2024, Plaintiff and Ms. Adducci filed a stipulation (ECF No. 170) acknowledging issues regarding the discovery of voluminous amounts of electronically stored information ("ESI"). Following a May 6, 2024 hearing, on May 7, 2024, the Court entered a stipulated order extending (to May 22, 2024) Ms. Adducci's deadline to produce a privilege log and adjourning the date for her deposition from May 1, 2024 to June 10, 2024 ("May 7, 2024 Order"; ECF No. 173).

Paragraphs 1 and 3 of the May 7, 2024 Order referred to the May 19, 2024 discovery cut off deadline contained in the Court's December 11, 2023 Order (ECF No. 162) and did *not* extend that May 19, 2024 deadline except for the limited purposes explicitly set forth in the May 7, 2024 Order itself.

The ESI issues persisted for many months and included skirmishes over a protective order, privilege issues, and relevance.

On June 26, 2024, the parties filed a Further Agreement Regarding Discovery of ESI (ECF No. 182), relating to the production of ESI and the deposition of Ms. Adducci.

On September 30, 2024, a little more than two weeks before the trial was set to begin on October 16, 2024, Plaintiff filed a Motion to (1) Compel Production of ESI Records, (2) Reopen Discovery and (3) Adjourn Trial (ECF No 188), together with a motion for an expedited hearing thereon. Following an expedited hearing and status conference, on October 11, 2024, the Court entered an order (ECF No. 195) that: (i) adjourned the final pretrial conference and the trial without date, (ii) reopened discovery <u>for the limited purpose of completing ESI discovery</u>, and (iii) referenced and adopted the Court's October 7, 2024 minute entry that set various deadlines in the ongoing skirmishes over ESI.

On November 8, 2024, the Court held a hearing on various ESI issues. On November 22, 2024, the Court entered two orders (ECF Nos. 214 and 215) on ESI issues. The first such order overruled Ms. Adducci's objection to producing ESI based on relevancy and directed the production of ESI that had been withheld solely on that basis (ECF No. 214). The other such order was a stipulated order that, *inter alia*: (1) required Ms. Adducci to provide an ESI privilege log by November 22, 2024, (2) required briefs from the parties by January 24, 2025 addressing any spousal, attorney-client, or other privilege disputes over the production of ESI, and (3) set a February 24, 2025 hearing to address any remaining ESI privilege disputes (ECF No. 215).

On February 7, 2025, the parties filed a Joint Statement Summarizing Remaining Issues of Privilege as to ESI Discovery indicating that there was only a dispute regarding spousal privilege (ECF No. 227). Following additional briefing, on February 24, 2025, the Court held a hearing on the remaining ESI issues. At the

conclusion of that hearing, the Court issued an oral bench opinion and, on February 27, 2025, the Court entered an Order Overruling Defendant's Objection to Production of Electronically Stored Information Withheld on Spousal Privilege Grounds (ECF No. 238) that required production, within 7 days, of ESI that had been withheld on spousal privilege grounds.

On May 1, 2025, the parties filed a stipulation (ECF No. 239) for an order scheduling a status conference to determine the adjourned dates for the trial and related dates. The Court initially set that status conference for May 12, 2025 (ECF No. 240); however, the parties stipulated to adjourn it to May 23, 2025 (ECF No. 243) and the Court entered a stipulated order to that effect (ECF No. 244).

**May 23, 2025 Status Conference; Case Referred to Mediation**

During the May 23, 2025 status conference, Ms. Clayson appeared for Plaintiff; Mr. Foley appeared for Ms. Adducci. In response to the Court's inquiry about the status of discovery, Ms. Clayson stated that the parties were <u>done with discovery</u> and ready to schedule the trial (ECF No. 245, starting at 1:00 Minute)**.**

Mr. Foley did not disagree with her.

During this status conference, the Court invoked its power pursuant to E.D. Mich. LBR 7016-2 to order the parties to engage in mediation. On May 29, 2025, the parties filed a stipulation for mediation (ECF No. 246) designating the Hon. Phillip J. Shefferly (Ret.) as the mediator and setting October 1, 2025 as the deadline to complete mediation, and the Court entered an order to that effect (ECF No. 247).

On October 8, 2025, the Mediator's Certification was filed (ECF No. 255) indicating that the parties were unable to resolve this adversary proceeding through mediation.

## Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a), 157(b) and E.D. Mich. LR 83.50(a). Plaintiff's claims are core proceedings under 28 U.S.C. § 157(b)(2)(I).

## Analysis

Discovery in this adversary proceeding has been a years-long journey, with significant Court involvement.

At the Hearing, Ms. Adducci's counsel admitted that the discovery cut off deadline was May 19, 2024.

**Sections I, II, and III of the Proposed Discovery Attached to the Motion to Reopen**

Ms. Adducci's Motion to Reopen was filed nearly 1.5 *years* after discovery closed and seeks, *inter alia,* to have this Court modify the December 11, 2023 Order (ECF No. 162) so that Ms. Adducci can conduct additional discovery, allegedly for a "limited purpose."

Paragraph 14 of the Motion to Reopen states that, prior to mediation, Ms. Adducci's counsel asked Plaintiff's counsel "if they would agree to answer a very limited, narrow, and focused post-ESI discovery set." However, the proposed discovery attached to the Motion to Reopen is not limited, narrow, or focused.

Section I of the proposed discovery (titled "Post-ESI Discovery") seeks an admission that Plaintiff's discovery of ESI did not identify any document, communication, or email supporting any element of Plaintiff's claims or, alternatively, a response to an interrogatory seeking an explanation of what ESI

was found and what element of Plaintiff's claim (or part of Plaintiff's legal or factual theory) that ESI supports, and then requests production of that ESI.

Section II of the proposed discovery (titled "Trial Witnesses, Testimony & Exhibits") (i) seeks Plaintiff's admission that he has sufficient information to identify his witnesses for the trial, (ii) seeks Plaintiff's response to an interrogatory requesting identification of those witnesses, the subject matter of their expected testimony, whether that testimony will be offered in support of liability or damages (or both), and whether that testimony is expected to be fact, expert, or hybrid in nature, and whether that witness has been deposed in this adversary proceeding, and (iii) requests production of documents that Plaintiff intends to offer at trial (including documents that Plaintiff intends to use in cross-examination, impeachment, or rebuttal, to the extent currently known).

Section III (titled "Compensation/Offset Against Damages") (i) seeks Plaintiff's admission that he has received compensation, reimbursement, credit, forgiveness, indemnification, restitution, insurance proceeds, clawbacks, settlement payments, or any other financial recovery related to the damages underlying the claims alleged in this adversary proceeding, (ii) seeks Plaintiff's interrogatory response containing a detailed description of the foregoing "compensation, reimbursement, etc.," and (iii) requests production of documents relating thereto.

Fed.R.Civ.P. 16(b)(4) (made applicable to this adversary proceeding via Fed.R.Bankr.P. 7016) states that "[a] schedule may be modified only for good cause and with the judge's consent." In *Hall v. Navarre*, the Sixth Circuit Court of Appeals stated that when it reviews a district court's denial of an extension of time for discovery under Rule 16, it considers five factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the

moving party was dilatory; and (5) whether the adverse party was responsive to … discovery requests." *Hall v. Navarre*, 118 F.4th 749, 755 (6th Cir. 2024) (quoting *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011)).

Virtually every factor weighs against granting the Motion to Reopen as it relates to the issuance of additional discovery by Ms. Adducci. Section II of the proposed discovery relates to trial witnesses. Section III of the proposed discovery relates to possible compensation to Plaintiff and possible offsets to his damages. These are not new issues; indeed, identification of witnesses and the amount of damages are issues inherent in any lawsuit. During the Hearing, Ms. Adducci's counsel admitted that Section III of the proposed discovery attached to the Motion to Reopen "occurred to him late."

That is an understatement. Discovery regarding witnesses and damages should have occurred before the May 19, 2024 discovery cut off deadline. Although the parties stipulated to stay discovery from the inception of this case until September 12, 2022 (due to the Criminal Case), discovery was then open for approximately 1 year, 8 months--until May 19, 2024. With respect to the requests for admissions, interrogatories, and request for production of documents contained in Sections II and III of the Motion to Reopen, Ms. Adducci should have taken that discovery long ago.

With respect to Section I of the proposed discovery attached to the Motion to Reopen, Ms. Adducci contends that Plaintiff "failed to supplement" his response to her prior discovery seeking production of documents to be used at trial.

The record reflects that Defendants'[4] January 27, 2023 First Set of Discovery Requests to Plaintiff (ECF No. 69, p. 14) sought production of documents that Plaintiff intends to rely upon at trial. On February 28, 2023, Plaintiff filed a certificate of service (ECF No. 88) stating that he served a response to Defendants' interrogatories and requests for production of documents. On March 10, 2023, Plaintiff filed a certificate of service (ECF No. 92) stating that he served Plaintiff's First Amended Response to Defendants' First Set of Discovery Requests. There is nothing in the record indicating that Plaintiff further amended (or supplemented) his response to Defendants' January 27, 2023 First Set of Discovery Requests (or to Ms. Adducci's request for production of documents contained therein).

However, since September 16, 2024, when Plaintiff filed his Pretrial Disclosures (ECF No. 185) disclosing his exhibit list, Ms. Adducci has known which documents Plaintiff intends to use at trial. More importantly, the Objection to the Motion to Reopen (ECF No. 259, p. 3) admits that: "following his ESI Discovery, Plaintiff made a determination that there were no additional exhibits to present at trial."

And, during the Hearing, Plaintiff's counsel confirmed the foregoing statement and also confirmed that Plaintiff intends to use *only* the exhibits identified in his Pretrial Disclosures (ECF No. 185) filed on September 16, 2024.

So, while Plaintiff might not have provided timely supplementation pursuant to Fed.R.Civ.P. 26(e) (made applicable to this adversary proceeding via Fed.R.Bankr.P. 7026) regarding documents that Plaintiff will use at trial, in light of

---

[4] As of January 27, 2023, Mr. DuMouchelle and Ms. Adducci were both defendants in this adversary proceeding. Mr. DuMouchelle was not dismissed from this adversary proceeding until July 17, 2023.

the foregoing admissions and commitments on the record by Plaintiff's counsel, Ms. Adducci now knows what the "universe" of Plaintiff's exhibits is going to be.

Consequently, there is no cause to grant the Motion to Reopen with respect to Sections I, II, or III of the proposed discovery attached to the Motion to Reopen.

**Ms. Adducci's Request to Allow Mr. DuMouchelle to Testify at Trial**

The Motion to Reopen also seeks permission for Mr. DuMouchelle to testify at trial stating, in pertinent part:

> 34. Joseph's invocation of his Fifth Amendment rights was not opportunistic or evasive, it was made consistently and upon the advice of multiple attorneys from the time of his arrest, driven by his then-active federal criminal prosecution.
>
> 35. Mr. DuMouchelle has now affirmatively expressed his willingness to testify in this proceeding. On October 14, 2025, he authored a detailed statement to counsel, in which he explained the reasons for his prior silence, the context of his cooperation with the government, and the compelling personal, legal, and moral motivations behind his decision to now testify.

It is undisputed that Mr. DuMouchelle invoked the Fifth Amendment for years, and that he can still continue to invoke the Fifth Amendment in response to any question asked.

It is also undisputed that Plaintiff never sought to take Mr. DuMouchelle's deposition in this adversary proceeding, and never issued an interrogatory asking for identification of possible defense witnesses. Without citation to any authority, Ms. Adducci's counsel argues that, in light of these two facts, Mr. DuMouchelle can simply be "added as a witness."

The Motion to Reopen (at paragraph 39) offers to produce Mr. DuMouchelle for a deposition (via Webex or Zoom) before trial and, based

on that offer, asserts that Plaintiff will suffer no prejudice from allowing Mr. DuMouchelle to testify at trial. At the Hearing, Ms. Adducci's counsel argued that he is trying to avoid a motion *in limine* on the eve of trial surrounding the issue of whether Mr. DuMouchelle can testify at trial.

In response, Plaintiff's counsel argues that, as far back as 2019, Mr. DuMouchelle invoked the Fifth Amendment in state court litigation involving Mr. Gelov and, consequently, Plaintiff's counsel assumed that Mr. DuMouchelle would continue to do so, and that issuing a deposition notice (or subpoena) to Mr. DuMouchelle would be a "fool's errand." Plaintiff's counsel had no explanation as to why there was no interrogatory issued regarding identification of defense witnesses.

The Court notes that, indeed, Mr. DuMouchelle used a "blanket" invocation of the Fifth Amendment while he was a defendant in this adversary proceeding (*See, e.g.*, ECF Nos. 7, 68, and 93). The "detailed statement to counsel" referenced in paragraph 35 of the Motion to Reopen (explaining why Mr. DuMouchelle was previously unwilling to testify in this adversary proceeding, and why he has now changed his mind) was directed to Mr. Foley, in his capacity as counsel for Ms. Adducci and Mr. DuMouchelle. It was not filed with the Court or shared with Plaintiff's counsel. Consequently, neither Plaintiff nor the Court has seen Mr. DuMouchelle's October 14, 2025 "expression of willingness" to now testify in this adversary proceeding.

At the Hearing, Plaintiff's counsel argued that there is nothing detailing the parameters of Mr. DuMouchelle's "expression of willingness" to testify in this adversary proceeding. Although paragraph 38 of the Motion to Reopen recites that Mr. DuMouchelle's testimony at trial will be

"narrowly focused and is expected to directly rebut Plaintiff's remaining claims under § 523(a)(2), (4), and (6)," if discovery is reopened to permit Plaintiff to depose Mr. DuMouchelle before trial, then *Plaintiff* would have control over the deposition questions, and they are not likely to be limited, narrow, or focused.

Mr. DuMouchelle is currently incarcerated in a federal prison in Florida. The parties acknowledge that the logistics of arranging his deposition via Zoom or Webex would be cumbersome and time-consuming—thus further delaying this adversary proceeding which has been pending for years.

The parties also acknowledge that Mr. DuMouchelle could still invoke the Fifth Amendment. So, even if the Court were to grant the Motion to Reopen, and even if the parties went through the logistical acrobatics of arranging Mr. DuMouchelle's deposition from prison in Florida, there is nothing to prevent Mr. DuMouchelle from claiming that he has a Fifth Amendment right[5] to decline answering questions from Plaintiff's counsel that are beyond the scope of what *he* wants to talk about.

The October 14, 2025 timing of Mr. DuMouchelle's "expression of willingness" to testify in this adversary proceeding is troubling and appears to be an attempt to delay trial in this adversary proceeding. This would not be a new tactic for Mr. DuMouchelle. Indeed, the docket sheets in the Criminal Case reflect that, in the three-week period before Mr. DuMouchelle's sentencing on July 28, 2022, there was a flurry of activity

---

[5] The Court makes no determination in this Opinion as to the substance or scope of any invocation of the Fifth Amendment.

that appears to have been designed to delay that sentencing including: (i) an emergency motion seeking a two-week adjournment of the sentencing date (Criminal Case; ECF No. 75, filed by Mr. DuMouchelle's criminal counsel), (ii) a request for replacement of counsel for ineffectiveness of counsel (Criminal Case; ECF No. 82, filed by Mr. DuMouchelle himself) plus an emergency motion to adjourn the hearing on that request (Criminal Case; ECF No. 87, filed by Mr. DuMouchelle's criminal counsel), (iii) an emergency motion for instruction from the District Court (Criminal Case; ECF No. 83, filed by Mr. DuMouchelle's criminal counsel) plus a motion (filed by Mr. DuMouchelle himself) seeking to suppress and deny that motion (Criminal Case; ECF No. 84), (iv) a motion to withdraw Mr. DuMouchelle's guilty plea (Criminal Case; ECF No. 88, filed by Mr. DuMouchelle's criminal counsel), and (v) Mr. DuMouchelle's request for withdrawal of his counsel (Criminal Case; ECF No. 89, filed by Mr. DuMouchelle himself).[6]

Mr. DuMouchelle had ample time before now to express his "willingness" to testify in this adversary proceeding against his wife. On September 16, 2024, Ms. Adducci filed her Pretrial Disclosures which did not list Mr. DuMouchelle as either a "will call" or "may call" witness (ECF No. 186). Neither party listed Mr. DuMouchelle as a "will call" or "may call" witness in the Joint Pretrial Statement filed by the parties on September 30, 2024 (ECF No. 190, pp. 24-25). Following Ms. Adducci's Pretrial Disclosures and the Joint Pretrial Statement (both filed in September 2024), the parties engaged in several *months* of skirmishes regarding the production

---

[6] Pursuant to Fed.R.Evid. 201, this Court can take judicial notice of the papers filed in the Criminal Case and does so here.

of ESI. During that time, Ms. Adducci could have raised the issue of potentially calling Mr. DuMouchelle as a witness, and Plaintiff would then have had the opportunity to seek to depose Mr. DuMouchelle.

Instead, it was not until October 2025 that Mr. DuMouchelle expressed his "willingness" to testify and Ms. Adducci filed the Motion to Reopen indicating her desire to call him as a witness, months after: (i) the parties argued and the Court decided the ESI issues, (ii) a May 23, 2025 status conference at which Plaintiff's counsel (Ms. Clayson) indicated that the parties were done with discovery and Mr. Foley (Ms. Adducci's counsel) did not disagree, (iii) the Court ordered the parties to mediation, and (iv) the parties participated in mediation. Simply stated, it is too late for Mr. DuMouchelle to now express that he is "willing" to testify in this adversary proceeding.

In *Gutierrez-Rodriguez v. Cartagena*, the First Circuit Court of Appeals held that it was within the district court's discretion to bar a defendant from testifying at trial, when that defendant invoked the Fifth Amendment, decided not to give deposition testimony, and held that position throughout the next six months prior to trial. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989). "The district court's decision to bar Soto's testimony did not burden his due process rights, it merely forced him to abide by his decision and protected plaintiff from any unfair surprise at trial. A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." *Id.* "If a party is free to shield himself with the privilege during discovery, while having the full benefit of his testimony at trial, the whole process of discovery could be seriously hampered." *Id.* at 576 (quoting

8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2018, at 149 (1970)).

Similarly, in *S.E.C. v. Drexel Burnham Lambert, Inc.*, the court precluded the Posners (two of the defendants) from testifying as to any matter on which they had previously declined to testify on Fifth Amendment grounds. *S.E.C. v. Drexel Burnham Lambert Inc.*, 837 F. Supp. 587, 606 n.6 (S.D.N.Y. 1993), *aff'd*, *S.E.C. v. Posner*, 16 F.3d 520 (2d Cir. 1994). Citing to *Gutierrez,* the trial court held that "it 'would be an abuse of the fifth amendment to allow [the defendant] to claim the privilege against self-incrimination during discovery and concurrently subject plaintiff to the possibility that at the eleventh hour he might waive the privilege and testify at trial.'" *Id.* (quoting *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 575-77 (1st Cir. 1989)).

And, in *In re Hanson,* the bankruptcy court barred a defendant from testifying in a nondischargeability action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) because that defendant had asserted his Fifth Amendment privilege throughout prior civil proceedings in state court and earlier in the bankruptcy case. *In re Hanson,* 225 B.R. 366, 371 (Bankr. W.D. Mich. 1998). Citing to, *inter alia, Guiterrez*, the bankruptcy court held that "[a]llowing Hanson to waive the Fifth Amendment privilege at trial in the Bankruptcy Court after he invoked it throughout the state court proceeding, the 2004 examination and discovery would have allowed him to first impale his accusers and then twist the knife." *Id.* at 371-72.

This Court agrees.

The foregoing cases barred a *defendant's own testimony* in civil lawsuits in which the defendant, personally, had "skin in the game." However, Mr.

DuMouchelle is no longer a defendant in this adversary proceeding. Thus, the facts of this adversary proceeding are even more persuasive and compelling than the facts in *Guiterrez*, *Drexel Burnham Lambert*, and *Hanson*.

For all of these reasons, the Motion to Reopen is denied. The Court will enter a separate order consistent with this Opinion.

**Signed on November 6, 2025**



/s/ Lisa S. Gretchko

Lisa S. Gretchko
United States Bankruptcy Judge