**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531-lsg |
| *Debtors*. | Chapter 7 |
| | Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381-lsg |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE CORRECTED POST-TRIAL BRIEF

**NOW COMES** Defendant Melinda J. Adducci, by and through her counsel, John R. Foley, P.C., and objects to Plaintiff's Ex Parte Motion for Leave to File Corrected Post-Trial Brief [ECF No. 339], and in support states:

1. The Court's April 8, 2026 Order [ECF No. 325] limited each post-trial brief to fifty pages. LBR 9029-1(h) requires double-spacing, with limited exceptions not applicable to Plaintiff's Post-Trial Brief.

2. On June 15, 2026, Plaintiff filed his Post-Trial Brief [ECF No. 334] and a separate four-page document captioned as an attachment [ECF No. 335]. ECF No. 334 was sixty-two pages, containing roughly eleven pages of single-spaced Roman-numeral preamble that included substantive argument, twelve pages of single-spaced Statement of Facts, and approximately three additional pages of single-spaced

narrative within Argument II. ECF No. 335 was not authorized by the Court's Order. If the 12 pages of single-spaced font is doubled, the document exceeds roughly 70 pages.

3. On June 16, 2026 at 3:09 p.m., Defendant requested Plaintiff's concurrence in a stipulated remedy and identified each non-conformity in writing. **See Exhibit A.**

4. Plaintiff's lead counsel responded twenty minutes later, at 3:29 p.m., not with a substantive position, but with the question, "*What rules prohibit a table of contents and table of authority?*" Defendant had not objected to either, but merely that they were to be included in the page count, especially where they address substance. *See* **Exhibit A.** The question was a deflection from the non-conformities Defendant had actually raised.

5. At 4:30 p.m. on June 16, 2026, Defendant responded in writing, restated the operative non-conformities with specificity, and asked for a position by close of business. **See Exhibit A**. Plaintiff's lead counsel replied at 4:46 p.m. that Defendant's "time demands are unreasonable" and that Plaintiff would respond "by tomorrow." **See Exhibit A**. No substantive position was offered.

6. MIEB-LBR 9029-1(h) speaks for itself: "… **(h) Format and Type Size.** All papers filed with the court must be on 8-1/2 inch x 11 inch white paper of

good quality, plainly typewritten, printed or prepared by a clearly legible duplication process, and double-spaced, except for quoted material and footnote. … ."

7.      On the morning of June 17, 2026, nearly twenty (20) hours after Defendant's concurrence request and two days after the briefing deadline, Plaintiff's lead counsel emailed at 10:45 a.m. asserting that, "[p]ursuant to the local rules, we need to have a meet and confer to discuss your objections," and accusing Defendant of having failed to request one "yesterday." **See Exhibit A.** The invocation misstates the rule. LBR 9014-1(i)'s meet-and-confer obligation applies only to "a matter relating to discovery to which F.R.Bankr.P. 7026 through 7037 apply." A post-trial-brief non-conformity is not a discovery matter. The rule was not implicated. The invocation served only to manufacture a procedural pretext that, if accepted, would push the dispute past close of business and into a second day of delay.

8.      At 2:26 p.m. on June 17, 2026, Plaintiff's lead counsel circulated, for the first time, a proposed stipulation and a revised brief, and stated that "[i]f I do not hear from you today, we will seek the same relief on an ex parte basis tomorrow." **See Exhibit A.** The revised brief was not a conforming refile of ECF No. 334. As a side-by-side review confirms, it was a substantively revised document.

9.      It should be noted that Plaintiff's counsel stated that the ex parte motion would be sought "tomorrow" (it was ultimately filed, in a rush to the Courthouse, *today*), a tactic intended to delay the undersigned filing of his own motion to strike,

and one which Defendant's counsel relied on while continuing to extend the time for Plaintiff's counsel to agree to Defendant's counsel proposed stipulation.

10. At 2:41 p.m. on June 17, 2026, Defendant responded in writing, declined to concur, identified the substantive revisions, and transmitted a counter-proposed Stipulation. **See Exhibit A; Exhibit B.**

11. Defendant's counter-proposal authorized exactly the relief the non-conformity warranted: withdrawal of ECF Nos. 334 and 335 and _agreed to authorize_ a single conforming refile of Plaintiff's brief fifty pages or fewer, double-spaced throughout, all-in, exclusive of proof of service, with no attachments, and no substantive revision, supplementation, or amendment in response to Defendant's Post-Trial Brief [ECF No. 336]. **See Exhibit B.**

12. _To be clear, Defendant's counsel is aware that the proposed stipulated order mis-cited to LBR 9004-1(a)(3) rather than the accurate LBR 9029-1(h), which controls. This, however, would have been an easy correction. Plaintiff's counsel, however, did not choose that path._

13. It should be noted Defendant's proposed stipulation at Exhibit B is completely reasonable. Withdraw your non-conforming filings, correct, and file by Friday, within the requirements. Defendant did not even demand an equivalent extension of time to file the Reply Brief. Plaintiff rejected this offer.

14. At 3:11 p.m. on June 17, 2026, Plaintiff's counsel did not respond to Defendant's counter-proposal. Counsel instead represented that "[n]one of the arguments have changed and none are a supplement or respond to your brief," and again demanded a telephone call, accusing Defendant of "gamesmanship and hiding behind your keyboard." **See Exhibit A.** The representation was not accurate. The revised brief is sixty-four pages, two pages longer than ECF No. 334, and remains non-conforming on its face.

15. At 4:31 p.m. on June 17, 2026, Defendant responded in writing, set out the changes specifically, and confirmed that the only resolution short of motion practice was the conforming refile reflected in Exhibit B. **See Exhibit A, and Exhibit B.**

**16. After all of that, at the close of business on June 17, 2026, two days after the briefing deadline, Plaintiff filed the present Ex Parte Motion, attaching the revised brief as an exhibit.**

17. Then, at 4:46 p.m. on June 17, 2026, Plaintiff's lead counsel declined to engage further, stating: "I am not going to litigate this with you by email. . . . We have presented to the court, and the court will determine the outcome." **Exhibit A.**

18. Plaintiff's repeated invocation of a "meet and confer" obligation, *see* **Exhibit A**, misstates the rule. The meet-and-confer obligation in LBR 9014-1(i) applies only to "matter[s] relating to discovery to which F.R.Bankr.P. 7026 through

7037 apply." A motion concerning a non-conforming post-trial brief is not a discovery matter. LBR 9014-1(i) was not implicated. The rule that *was* implicated, LBR 9014-1(h), Plaintiff disregarded.

19. Regardless, it is plain to see from the email chain **Exhibit A,** and Defendant's proposed stipulation, **Exhibit B**, that Defendant's counsel made a good faith effort to resolve the issue easily and without punishment of the Plaintiff in any way.

20. The Ex Parte Motion seeks relief that exceeds what the non-conformity required. ECF No. 334 was over by twelve (12) pages (and more if the single-spacing is removed). The remedy that fits is a conforming refile, the same brief, brought within 50 pages. Plaintiff instead seeks leave to file a different brief. That is not correction. That is supplementation, post-deadline, after reading Defendant's Post-Trial Brief [ECF No. 336]. No party is entitled to a second post-trial brief.

21. Granting the Ex Parte Motion would prejudice Defendant. The Court's April 8, 2026 Order set a single post-trial brief per side, capped at 50 pages, on a fixed deadline. Allowing Plaintiff what amounts to additional time to prepare a revised brief, after Defendant's brief is of record and after the deadline has passed, gives Plaintiff a unilateral advantage the Order did not contemplate and Defendant has not been afforded.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court

enter an Order:

A.   Denying Plaintiff's Ex Parte Motion for Leave to File Corrected Post-Trial Brief [ECF No. 339];

B.   Directing that, if Plaintiff is permitted to refile, the refiled brief shall be a conforming refile of ECF No. 334, a single document of 50 pages or fewer, double-spaced, with no substantive revision, supplementation, or amendment, and no response to arguments or authorities in Defendant's Post-Trial Brief [ECF No. 336]; and

C.   Granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@jrfpc.net
*Counsel for Defendant, Melinda J. Adducci*

Dated: June 17, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI,<br>　　　　　　　　　　*Debtors.* | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER,<br>　　　　　　　　　*Plaintiff,*<br>v.<br>MELINDA J. ADDUCCI,<br>　　　　　　　　　*Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

## <u>CERTIFICATE OF SERVICE</u>

Patrick A. Foley hereby certifies that on June 17, 2026, he electronically filed the foregoing *Objection to Ex Parte Motion* with the Clerk of the Court using the Court's CM/ECF system, which caused the same to be electronically served, via email, to all counsel of record.

　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　**JOHN R. FOLEY, P.C.**

Date: June 17, 2026　　　　　By: */s/ Patrick A. Foley*
　　　　　　　　　　　　　　　　Patrick A. Foley, Esq. (P74323)
　　　　　　　　　　　　　　　　18572 W. Outer Drive
　　　　　　　　　　　　　　　　Dearborn, MI 48128
　　　　　　　　　　　　　　　　Phone: (313) 274-7377
　　　　　　　　　　　　　　　　Fax: (313) 274-5946
　　　　　　　　　　　　　　　　Email: pafoley@jrfpc.net
　　　　　　　　　　　　　　　　*Counsel for Defendant*

# Exhibit A

**Patrick Foley**

---

| | |
|---|---|
| **From:** | Clayson, Kim Ross <kclayson@taftlaw.com> |
| **Sent:** | Wednesday, June 17, 2026 4:46 PM |
| **To:** | Patrick Foley; Welford, Jay; Cataldo, R. Christopher |
| **Cc:** | Kelcie M. Foley; Olivia Taylor; Ryan Glavin; Jesse Stec |
| **Subject:** | RE: Ritter v. Adducci - Request for Concurrence |

I am not going to litigate this with you by email. I have had many important and urgent matters today to address too but have made time to adequately address this with you and you by a reasonable conversation. You have been too busy for a call but have had plenty of time to write long emails. We have presented to the court, and the court will determine the outcome.

Thank you,

Kim



**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel:248.351.3000
27777 Franklin Road, Suite 2500
Southfield, MI 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,250 attorneys strong.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Tuesday, June 16, 2026 3:09 PM
**To:** Welford, Jay <jwelford@taftlaw.com>; Clayson, Kim Ross <kclayson@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>
**Cc:** Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** Ritter v. Adducci - Request for Concurrence

All:

The Court imposed a strict 50-page limit on the post-trial brief.

The PDF of your brief is 62 pages, and you filed an extra attachment.

First, excluding the caption, your brief includes 11 pages of preamble material that is not required or authorized in the FRBP or local court rules for a brief of this kind, and which includes substantive arguments.

Second, your brief then contains, starting on page 2, twelve (12) pages of single-spaced Statement of Facts.

Third, starting on page 27 of your brief (page 39 of the PDF), your contains approximately 3 pages of single-spaced Prior Inconsistent Statements under Argument 2.

Fourth, in addition to the 62-page brief (ECF No. 334), Plaintiff filed a separate four-page document captioned as an exhibit or attachment (ECF No. 335), consisting of a transaction summary table purporting to attribute specific bank transactions to the Defendant.

The Court rules require double-spacing size 14 font. With that adjustment, your brief would be will in excess of 50 pages (likely 70 or more). The Court's April 7, 2026 post-trial briefing order authorized one post-trial brief not to exceed 50 pages. It did not authorize the filing of attachments, exhibits, or supplemental materials in connection with that brief. ECF No. 335 is therefore unauthorized and should be stricken along with the overlength brief.

Please advise if you concur in striking your post-Trial brief (334) and the attachment at 335.

Thank you.

Sincerely,
Patrick A. Foley, Esq.



**JOHN R. FOLEY, P.C.**
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**email**: pafoley@foleypc.com
**website**: www.foleypc.com

The information contained in this transmission is confidential and may be attorney-client privileged. It is intended only for the use of the named recipient.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or its contents is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by replying to this e-mail or by notifying sender at phone number (313) 274-7377 and by email to pafoley@foleypc.com and delete this message and any attachment from your system.  Thank you.

# Patrick Foley

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Wednesday, June 17, 2026 4:31 PM |
| **To:** | Clayson, Kim Ross |
| **Cc:** | Welford, Jay; Cataldo, R. Christopher; Kelcie M. Foley; Olivia Taylor; Ryan Glavin; Jesse Stec |
| **Subject:** | RE: Ritter v. Adducci - Request for Concurrence |

Kim,

I am not hiding behind a keyboard. I am handling two Chapter 11 matters today, with a client physically in my office. I have responded to every email you have sent within the workday. A phone call is not what is needed here in any event. This is not a misunderstanding to be talked through. It is a question of compliance with the Court's Order and the Local Rules. I have explained our position in writing, plainly. I have offered a Stipulation that resolves the issue cleanly. You have refused.

Your representation that the revised brief only "corrects" the formatting issues we raised is not accurate, and I have now reviewed both briefs side by side.

First, on page count and formatting: the revised brief is 64 pages, two pages *longer* than the 62-page original. That alone refutes any claim that the changes are cosmetic or limited to formatting. By your own table of contents, it is 49 pages of body text plus roughly eleven pages of Roman-numeral preamble, still over the Court's 50-page limit when the preamble is counted, as it must be. And the single-spacing violations under LBR 9004-1(a)(3) that prompted our concurrence request in the first place, the Statement of Facts and the "Inconsistent Statements" section under Argument II, remain in single-spaced narrative prose in the revised brief, not in the numbered-paragraph structure of the rest of the document. The formatting non-compliance is uncured.

Second, and more seriously, the revised brief *does* contain substantive revisions made directly in response to Defendant's Post-Trial Brief (ECF No. 336). These are not stylistic edits. They are new arguments and revised factual assertions. By way of example:

- ECF No. 334 concedes, on the question of wire instructions, that "it is unknown whether" Defendant provided the account number and routing number to Joseph. The revised brief replaces that concession with an affirmative assertion that "Defendant likely gave" those instructions, with no new evidence to support the change. That is a substantive revision to a contested factual inference, introduced after Plaintiff had the opportunity to read Defendant's brief.
- The revised brief adds an entirely new entry to the Inconsistent Statements section under Argument II, "Reading the Purchase Agreement", that does not appear anywhere in ECF No. 334. That entry targets Defendant's deposition and trial testimony on Exhibit J10 and directly addresses Defendant's scienter defense as argued in ECF No. 336.
- The revised brief adds an entirely new passage in Argument Section II leveraging the Court's own question at trial about whether Defendant had a medical condition impairing her memory, and characterizing Defendant's testimony as a "litigation posture." Neither the passage nor the characterization appears anywhere in ECF No. 334.
- The revised brief adds the "dustpan" metaphor in the answer to Question 2 of Section IV, new argumentative framing that does not appear in ECF No. 334 and that responds directly to Defendant's post-trial argument that Melinda Adducci's role was passive and directed entirely by Joseph.
- Section J of the revised brief's Statement of Facts, covering the North Dakota default judgment and the $10,703,971.41 disbursement figure, is elevated to a standalone labeled subsection in the Table of Contents. It does not appear as a standalone subsection in ECF No. 334.

That is precisely the conduct Paragraph 6 of the Stipulation we sent this morning was drafted to prevent, and it is precisely the prejudice our concurrence request was intended to avoid. Plaintiff does not get to file a non-conforming brief on the deadline, read Defendant's conforming brief, and then refile a sharpened brief that takes advantage of having seen our arguments. That advantage is not available to Plaintiff by stipulation, by ex parte application, or by any other procedural vehicle, and it is certainly not available as a reward for Plaintiff's own decision to file a non-conforming brief in the first instance.

The Stipulation we sent earlier remains available. A true conforming refile of ECF No. 334, 50 pages or fewer, double-spaced throughout, all in, exclusive of proof of service, with no attachments and no substantive revisions made in response to ECF No. 336, is the only resolution we will accept short of filing our motion.

Absent an executed Stipulation on those terms by 5:00 p.m. today, we will file.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 3:11 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

This does not count as a meet and confer, I have tried to call you and you are not taking my calls. If you wish to resolve this rather than attempting gamesmanship and hiding behind your keyboard, you should call me to resolve. We are trying to work reasonably with you. We reduced word count and reformatted the statement of facts. None of the arguments have changed and none are a supplement or respond to your brief. We have reply briefs for that opportunity.

Thank you,

Kim

---

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Wednesday, June 17, 2026 2:41 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Kim,

20-04381-lsg    Doc 342    Filed 06/17/26    Entered 06/17/26 19:09:20    Page 13 of 22

We have reviewed the revised brief you circulated this afternoon. We do not concur, and we will not stipulate to its filing.

The document you sent is not a conforming refile of ECF No. 334. It is a substantively revised brief that sharpens Plaintiff's arguments in direct response to Defendant's Post-Trial Brief (ECF No. 336). That is precisely the conduct Paragraph 6 of the attached Stipulation is drafted to prevent, and it is precisely the prejudice our concurrence request was intended to avoid. Plaintiff does not get to file a 62-page non-conforming brief on the deadline, read Defendant's conforming brief, and then refile a sharpened brief that takes advantage of having seen our arguments. That advantage is not available to Plaintiff by stipulation, by ex parte application, or by any other procedural vehicle, and it is certainly not available as a reward for Plaintiff's own decision to file a non-conforming brief in the first instance.

If Plaintiff files the revised brief in its current form, whether by stipulation, by ex parte application, or otherwise, we will oppose and move to strike. Your suggestion that Plaintiff intends to seek the same relief on an ex parte basis tomorrow is not a permissible use of ex parte procedure. Ex parte relief is unavailable where the relief sought materially prejudices the opposing party, and a motion for leave to file a substantively revised post-trial brief after sight of the opposing brief is, by definition, prejudicial. Any such filing will be met with an immediate objection.

Attached is a proposed Stipulation for Entry of Order Regarding Plaintiff's Post-Trial Brief, together with the proposed Order. Plaintiff may withdraw ECF Nos. 334 and 335 and refile a single conforming brief, 50 pages or fewer, double-spaced throughout, all in, exclusive of proof of service, that is a true refile of ECF No. 334 and does not revise, supplement, or amend the substance of the brief in response to ECF No. 336. That is the only resolution we will accept short of filing our motion.

Absent an executed Stipulation on those terms in hand by 4:30 p.m. today, we will file.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 2:26 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

I have not heard from you despite my text message to you and the below email. Attached is a proposed stipulation and the revised brief to resolve your objections. If you concur, please advise that I may add your name to the stipulation and file with the court. If I do not hear from you today, we will seek the same relief on an ex parte basis tomorrow and advise the court of our effort to resolve this with your consent.

Thank you,

Kim

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 10:45 AM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

Pursuant to the local rules, we need to have a meet and confer to discuss your objections. That is a request that you should have made yesterday. However, we are interested in getting this resolved and are prepared to resolve your objections through an amended brief which we expect to have ready today. In order to do that, you and I need to discuss the appropriate way to bring this to the court's attention. Please advise of your availability today. I am free at 1pm, 2:30pm, 3pm and 4:30pm. Failing your response to this email, we will seek ex parte relief to file a corrected brief addressing your objections and advise the court of our effort to timely resolve your objections with agreement.

Thank you,

Kim

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Tuesday, June 16, 2026 4:30 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Kim,

Thank you for your response, but you have answered a question we did not ask.

The issue is straightforward. The Court's April 8, 2026 Order (ECF No. 325) limits each post-trial brief to 50 pages. ECF No. 334 is, by its own footer, 62 pages. Nothing in the Order, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules authorizes the first twelve pages to be numbered separately in Roman numerals and excluded from the page count, particularly where, as here, the Statement of Issues contains substantive argument. Separately, LBR 9004-1(a)(3) requires double-spacing except for quoted material, and the Statement of Facts (pp. 2–13) and portions of Argument II (pp. 27–30) are single-spaced narrative prose that falls within no exception. Finally, ECF No. 335 was filed without any authorization in the Order, which permitted one brief and nothing further.

Please advise by close of business, whether Plaintiff concurs.


Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.

Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Tuesday, June 16, 2026 3:29 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** Re: Ritter v. Adducci - Request for Concurrence

Patrick,

What rules prohibit a table of contents and table of authority? Please specify.

Kim

**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel:248.351.3000
27777 Franklin Road, Suite 2500
Southfield, MI 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,250 attorneys strong.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

On Jun 16, 2026, at 3:09 PM, Patrick Foley <pafoley@foleypc.com> wrote:

All:

The Court imposed a strict 50-page limit on the post-trial brief.

The PDF of your brief is 62 pages, and you filed an extra attachment.

First, excluding the caption, your brief includes 11 pages of preamble material that is not required or authorized in the FRBP or local court rules for a brief of this kind, and which includes substantive arguments.

Second, your brief then contains, starting on page 2, twelve (12) pages of single-spaced Statement of Facts.

Third, starting on page 27 of your brief (page 39 of the PDF), your contains approximately 3 pages of single-spaced Prior Inconsistent Statements under Argument 2.

Fourth, in addition to the 62-page brief (ECF No. 334), Plaintiff filed a separate four-page document captioned as an exhibit or attachment (ECF No. 335), consisting of a transaction summary table purporting to attribute specific bank transactions to the Defendant.

The Court rules require double-spacing size 14 font. With that adjustment, your brief would be will in excess of 50 pages (likely 70 or more). The Court's April 7, 2026 post-trial briefing order authorized one post-trial brief not to exceed 50 pages. It did not authorize the filing of attachments, exhibits, or supplemental materials in connection with that brief. ECF No. 335 is therefore unauthorized and should be stricken along with the overlength brief.

Please advise if you concur in striking your post-Trial brief (334) and the attachment at 335.

Thank you.


Sincerely,
Patrick A. Foley, Esq.
<image001.jpg>
**JOHN R. FOLEY, P.C.**
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**email**: pafoley@foleypc.com
**website**: www.foleypc.com

The information contained in this transmission is confidential and may be attorney-client privileged. It is intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or its contents is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by replying to this e-mail or by notifying sender at phone number (313) 274-7377 and by email to pafoley@foleypc.com and delete this message and any attachment from your system. Thank you.

# Exhibit B

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531-lsg |
| *Debtors.* | Chapter 7 |
| | Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381-lsg |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## STIPULATION FOR ENTRY OF ORDER REGARDING PLAINTIFF'S POST-TRIAL BRIEF

Plaintiff Thomas T. Ritter, by and through counsel, and Defendant Melinda J. Adducci, by and through counsel, hereby stipulate and agree as follows:

1. On April 8, 2026, this Court entered its Order Setting Post-Trial Briefing Schedule (ECF No. 325), which directed each party to file a post-trial brief not to exceed 50 pages in length by June 15, 2026.

2. On June 15, 2026, Plaintiff filed his Post-Trial Brief at ECF No. 334 and a separate Attachment A at ECF No. 335.

3. The parties stipulate that ECF Nos. 334 and 335 shall be withdrawn from the docket.

4. The parties further stipulate that Plaintiff shall file a single, conforming post-trial brief no later than Friday, June 19, 2026 at 5:00 p.m.

5. A conforming post-trial brief, for purposes of this Stipulation and the Order entered hereon, means a single document of 50 pages or fewer, double-spaced throughout, exclusive of the proof of service only. No attachments, exhibits, appendices, or supplemental filings of any kind are authorized in connection with the refiled brief.

6. The refiled brief shall be a conforming refile of Plaintiff's original post-trial brief. Plaintiff shall not use the refiling as an opportunity to revise, supplement, or amend the substance of the brief, or to address arguments,

authorities, or evidence raised or presented in Defendant's Post-Trial Brief (ECF No. 333).

7. All other deadlines set forth in the Court's April 8, 2026 Order (ECF No. 325), including the July 13, 2026 deadline for reply briefs not to exceed 14 pages, remain in full force and effect.

8. The parties request that this Court enter the Order set forth below.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
| By: */s/Kimberly Ross Clayson* | By: */s/Patrick A. Foley* |
| Jay L. Welford (P34471) | Patrick A. Foley (P74323) |
| R. Christopher Cataldo (P39353) | 18572 W. Outer Drive |
| Kimberly Ross Clayson (P69804) | Dearborn, MI 48128 |
| 27777 Franklin, Suite 2500 | 313-274-7377 |
| Southfield, MI 48034 | pafoley@jrfpc.net |
| (248) 351-3000 | |
| jwelford@taftlaw.com | |
| ccataldo@taftlaw.com | |
| kclayson@taftlaw.com | |
| | |
| *Counsel to Plaintiff, Thomas T. Ritter* | *Counsel for Defendant, Melinda J. Adducci* |
| | |
| Dated: June 17, 2026 | Dated: June 17, 2026 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

In the Matter of:

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtors.* | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, *Plaintiff,* <br>v.<br>MELINDA J. ADDUCCI, *Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

## ORDER REGARDING PLAINTIFF'S POST-TRIAL BRIEF

**THIS MATTER** having come before the Court upon the Stipulation of the parties for entry of an Order Regarding Plaintiff's Post-Trial Brief; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Post-Trial Brief (ECF No. 334) and Attachment A (ECF No. 335) are hereby withdrawn from the docket.

2. Plaintiff shall file a single, conforming post-trial brief no later than **Friday, June 19, 2026 at 5:00 p.m.**

3. A conforming post-trial brief means a single document of 50 pages or fewer, double-spaced throughout, in compliance with E.D. Mich. LBR 9004-1(a)(3), exclusive of the proof of service only. No attachments, exhibits,

appendices, or supplemental filings of any kind are authorized in connection with the refiled brief.

4. The refiled brief shall constitute a conforming refile of Plaintiff's original post-trial brief. Plaintiff shall not revise, supplement, or amend the substance of the brief, or address arguments, authorities, or evidence raised or presented in Defendant's Post-Trial Brief (ECF No. 333), in the refiled brief.

5. Defendant may object to the extent that there are any substantive changes or expansions in Plaintiff's new brief.

6. All other deadlines set forth in the Court's April 8, 2026 Order (ECF No. 325), including the July 13, 2026 deadline for reply briefs not to exceed 14 pages, remain in full force and effect.