**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

| | |
|---|---|
| **In the Matter of:** | |
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531-lsg |
| *Debtors*. | Chapter 7 |
| | Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381-lsg |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## <u>DEFENDANT MELINDA J. ADDUCCI'S MOTION TO STRIKE PLAINTIFF'S POST-TRIAL BRIEF (ECF NO. 334) AND ATTACHMENT (ECF NO. 335)</u>

**NOW COMES** Defendant, Melinda J. Adducci, by and through counsel, and pursuant to 11 U.S.C. § 105(a), the inherent authority of this Court, the Court's April 8, 2026 Order Setting Post-Trial Briefing Schedule (ECF No. 325), and E.D. Mich. LBR 9014-1(f), 9029-1(a), and 9029-1(h), respectfully moves this Court for an order striking Plaintiff's Post-Trial Brief (ECF No. 334) and the accompanying Attachment A (ECF No. 335) and directing Plaintiff to refile a conforming brief within the page limit fixed by this Court. In support thereof, Defendant states as follows:

1. On April 8, 2026, following the conclusion of the four-day bench trial held March 23 through March 26, 2026, this Court entered its Order Setting Post-Trial Briefing Schedule (ECF No. 325).

2. Paragraph 1 of the April 8, 2026 Order provides, in clear and unambiguous terms, that "Plaintiff and Defendant shall each file a post-trial brief (not to exceed 50 pages in length) by June 15, 2026."

3. The April 8, 2026 Order does not authorize the filing of any exhibit, attachment, appendix, supplement, or other materials accompanying the post-trial briefs, nor does it permit any party to exceed the 50-page limit imposed therein.

4. The 50-page limit set by this Court in the April 8, 2026 Order accordingly represented a generous departure upward from the usual motion-related 25-page default fixed by court rule, and no further enlargement is available except upon ex parte application and order of this Court.

5. E.D. Mich. LBR 9029-1(h) provides that "[a]ll papers filed with the court must be…double spaced, except for quoted material and footnotes." The rule recognized no further exception.

6. On June 15, 2026, Plaintiff filed his Post-Trial Brief at ECF No. 334.

7. ECF No. 334 is, by the document's own footer, a 62-page filing, the pages of which are marked "Page 1 of 62" through "Page 62 of 62." On its face, the document exceeds this Court's 50-page limit by twelve pages.

8. The first twelve pages of ECF No. 334, consisting of a table of contents, a table of authorities, and a statement of issues, are paginated in romanettes (i through xi), and the brief's main text begins at a page numbered "1." No provision

of the April 8, 2026 Order, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the Local Rules of this Court authorizes a party to paginate preliminary pages of a brief in romanettes and exclude them from an applicable page limit. (Yes, the appellate rules do so, but those are not incorporated in this matter, nor did the Court's order provide for the same.)

9. The exclusion of those twelve pages from the page count cannot in any event be justified on the ground that they are merely prefatory, because the Statement of Issues set forth on pages x through xi presents substantive legal arguments framed as dispositive questions and is material to the merits of the brief.

10. Plaintiff at no time prior to filing ECF No. 334 sought leave of this Court, ex parte or otherwise, to file a brief in excess of the 50-page limit imposed by the April 8, 2026 Order.

11. In addition to exceeding the page limit on its face, ECF No. 334 violates the double-spacing requirement of LBR 9029-1(h) in two material respects.

12. First, the Statement of Facts of ECF No. 334, appearing at brief pages 2 through 13 (PDF pages 14 through 25), consists of approximately twelve pages of single-spaced narrative prose. The Statement of Facts contains no extended quoted material and no footnotes that would qualify for the exception set forth in LBR 9029-1(h).

13. Second, the "Inconsistent Statements" portion of Argument II of ECF

No. 334, appearing at brief pages 27 through 30 (PDF pages 39 through 42), consists of approximately four pages of single-spaced narrative prose. That section likewise contains no extended quoted material falling within the exception recognized by LBR 9029-1(h).

14. Together, the two non-conforming sections of ECF No. 334 comprise approximately sixteen pages of single-spaced narrative prose that, if reformatted in compliance with LBR 9029-1(h), would expand to approximately twenty-eight to thirty double-spaced pages.

15. Reformatted in compliance with LBR 9029-1(h), Plaintiff's Post-Trial Brief would total between approximately seventy-four and seventy-six pages, exceeding this Court's 50-page limit by between twenty-four and twenty-six pages.

16. The single-spacing of substantial narrative portions of ECF No. 334 thus permitted Plaintiff to insert into the brief substantive content materially in excess of what the Court's 50-page limit would otherwise allow, and to do so without seeking the leave of the Court.

17. Also on June 15, 2026, Plaintiff filed at ECF No. 335 a separate four-page document captioned "Attachment A," consisting of a transaction summary table purporting to attribute specific banking transactions to Defendant.

18. Footnote 2 of ECF No. 334, appearing at brief page 13, expressly cross-references and incorporates ECF No. 335 as part of Plaintiff's substantive argument.

19. ECF No. 335 was filed without leave of Court. The April 8, 2026 Order authorized one post-trial brief per side, subject to the 50-page limit, and authorized nothing further. No order of this Court permits the filing of any attachment, exhibit, appendix, or supplemental submission in connection with the post-trial briefs.

20. The substance of ECF No. 335, having been incorporated by reference into ECF No. 334 at footnote 2, constitutes additional argument and evidentiary material that Plaintiff was not authorized to file separately and that, if included within the four corners of ECF No. 334, would further compound the page-limit violation described above.

21. The relief Defendant seeks is grounded in two independent and reinforcing sources of authority.

22. First, this Court possesses authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code and to take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules." The April 8, 2026 Order is an order of this Court within the meaning of § 105(a), and enforcement of its 50-page limit is plainly within the Court's statutory authority.

23. Second, this Court possesses inherent authority to enforce compliance with its own procedural orders and with the rules governing practice before it.

24. Plaintiff's violations do not stand in isolation. On the afternoon of June 17, 2026, while this Motion was being prepared, Plaintiff's counsel circulated a purported "corrected" version of ECF No. 334. That document is not a correcting refile. It is longer than ECF No. 334, and Plaintiff sought leave to file it on an ex parte basis. That filing should not be permitted to cure the non-conformities raised here. The remedy for Plaintiff's violations is a true conforming refile of ECF 334, not the substitution of a new brief, revised after sight of Defendant's brief.

25. To the extent Plaintiff seeks to refile a brief that revises, supplements, or amends the substance of ECF No. 334, that relief is not properly sought *ex parte*. LBR 9014-1(f), authorizes a party to apply *ex parte* only for leave to exceed the applicable page limit; substantive substitution of a post-deadline brief, over the opposing party's objection, requires a noticed motion under LBR 9014-1, a showing of good cause, and an opportunity for Defendant to be heard.

26. The violations described above are not technical or de minimis. They concern the central procedural directive of the April 8, 2026 Order, namely, the limit on the length of post-trial briefing in a closely contested adversary proceeding now fully submitted on the merits. Permitting Plaintiff to file a brief that exceeds the page limit by approximately twenty-five percent on its face, and by approximately fifty percent when its formatting is corrected, together with a separately docketed attachment for which no leave was obtained, would render the page limit a nullity

and would prejudice Defendant, who confined her own brief to the 50 pages this Court allowed.

27. Despite this issue having been created by Plaintiff's counsel, Defendant's counsel offered to resolve this entire situation easily and promptly. **Exhibit A, Exhibit B.** Instead, Plaintiff's counsel snubbed that request, and rushed to the Court to seek retroactive relief, after being in non-compliance, and sought that relief on an ex parte basis where the relief is not available ex parte, and did so despite telling Defendant's counsel they were not filing until the next day.

28. The appropriate remedy is to strike ECF Nos. 334 and 335, and proceed on the record, the trial proofs, and Defendant's Post-Trial Briefing. The Court should not extend Plaintiff the very relief that Defendant's counsel offered and that Plaintiff's counsel declined.

29. Pursuant to LBR 9014-1(h), the undersigned sought concurrence in the relief requested by this Motion by electronic mail to counsel for Plaintiff on June 16 and June 17, 2026. Concurrence was not provided within the time requested. **Exhibits A and B.**

**WHEREFORE**, Defendant Melinda J. Adducci respectfully requests that this Court enter an order:

A. Striking Plaintiff's Post-Trial Brief (ECF No. 334);

B. Striking Plaintiff's Attachment A (ECF No. 335);

C.     Granting such other and further relief as this Court deems just and

proper.

<div style="margin-left: 50%;">

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
(313) 274-7377
pafoley@foleypc.com
Counsel for Defendant

Dated: June 17, 2026

</div>

# Exhibit 1
# Proposed Order

| | |
|---|---|
| **In the Matter of:** | |
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bank. Case No. 19-54531-lsg |
| *Debtors*. | Chapter 7 |
| | Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381-lsg |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## ORDER GRANTING DEFENDANT MELINDA J. ADDUCCI'S MOTION TO STRIKE PLAINTIFF'S POST-TRIAL BRIEF (ECF NO. 334) AND ATTACHMENT (ECF NO. 335)

**THIS MATTER** having come before the Court upon *Defendant Melinda J. Adducci's Motion to Strike Plaintiff's Post-Trial Brief (ECF No. 334) and Attachment (ECF No. 335)* (the "Motion"); the Court having reviewed the Motion and any responses thereto; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE**;

 **IT IS HEREBY ORDERED** as follows:

1. The Motion is GRANTED.

2. Plaintiff's Post-Trial Brief (ECF No. 334) is hereby STRICKEN from the record.

3.      Plaintiff's Attachment A (ECF No. 335) is hereby STRICKEN from the record.

4.      The matter shall proceed on the proofs as submitted, as well as Defendant's Post-Trial Brief.

**IT IS SO ORDERED**.

# Exhibit 2
# Notice & Opportunity to Respond

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>    *Debtors*. | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER,<br>    *Plaintiff,*<br>v.<br>MELINDA J. ADDUCCI,<br>    *Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

## NOTICE OF MOTION AND OPPORTUNITY TO RESPOND

**PLEASE TAKE NOTICE** that Defendant MELINDA J. ADDUCCI, by and through counsel, John R. Foley, P.C., has filed with the Court a *Motion to Strike Plaintiff's Post-Trial Brief (ECF 334) And Attachment (ECF 335)*.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion or if you want the court to consider your views on the Motion, **within 14 days**, you or your attorney must:

1.  File with the court a written response or an answer*, explaining your position at:

    - **United States Bankruptcy Court, 211 W. Fort St., 17th Floor, Detroit, MI 48226.**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. You must mail a copy to:

- **John R. Foley PC, 18572 W. Outer Drive, Dearborn, MI 48128**
- **Office of the U.S. Trustee, 211 W. Fort St., Suite 700, Detroit, MI 48226**

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and locations of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

<div style="margin-left: 40%;">

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

</div>

Date: June 17, 2026

*Response or answer must comply with FED. R. CIV. P. 8(b), (c) and (e).

# Exhibit 3
# Brief in Support

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtors*. | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| THOMAS T. RITTER, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCCI, *Defendant.* | Adv. Pro. No. 20-04381-lsg<br>Hon. Lisa S. Gretchko |

### DEFENDANT MELINDA J. ADDUCCI'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S POST-TRIAL BRIEF (ECF NO. 334) AND ATTACHMENT (ECF NO. 335)

**NOW COMES** Defendant, Melinda J. Adducci, by and through her undersigned counsel, and who, for the following Brief in Support of *Motion to Strike Plaintiff's Post-Trial Brief (ECF No. 334) and Attachment (ECF No. 335),* hereby states as follows:

1. Defendant incorporates her *Motion to Strike Plaintiff's Post-Trial Brief (ECF No. 334) and Attachment (ECF No. 335)* as though the same were fully set forth herein, as the basis for her Brief in Support.

**WHEREFORE**, Defendant Melinda J. Adducci respectfully requests that this Honorable Court enter an order:

A. Striking Plaintiff's Post-Trial Brief (ECF No. 334);

B. Striking Plaintiff's Attachment A (ECF No. 335); and

Page 1 of 2

C. Granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,
**JOHN R. FOLEY, P.C.**

Date: June 17, 2026

By: */s/ Patrick A. Foley*
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

*Counsel for Defendant*

# Exhibit 4
# Proof of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                          *Debtors*.

Bank. Case No. 19-54531-lsg
Chapter 7
Hon. Lisa S. Gretchko

THOMAS T. RITTER,
                          *Plaintiff,*
v.

MELINDA J. ADDUCCI,
                          *Defendant.*

Adv. Pro. No. 20-04381-lsg
Hon. Lisa S. Gretchko

## <u>CERTIFICATE OF SERVICE</u>

Patrick A. Foley hereby certifies that on June 17, 2026, he electronically filed the foregoing *Motion to Strike Plaintiff's Post-Trial Brief (ECF 334) And Attachment (ECF 335)* with the Clerk of the Court using the Court's CM/ECF system, which caused the same to be electronically served, via email, to all counsel of record.

Respectfully Submitted,
**JOHN R. FOLEY, P.C.**

Date: June 17, 2026

By: */s/ Patrick A. Foley*
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net
*Counsel for Defendant*

# Exhibit 5
# Affidavits

*(None by Defendant)*

# Exhibit 6
# Documentary Exhibits

# Exhibit 6a

# Patrick Foley

| | |
|---|---|
| **From:** | Clayson, Kim Ross <kclayson@taftlaw.com> |
| **Sent:** | Wednesday, June 17, 2026 4:46 PM |
| **To:** | Patrick Foley; Welford, Jay; Cataldo, R. Christopher |
| **Cc:** | Kelcie M. Foley; Olivia Taylor; Ryan Glavin; Jesse Stec |
| **Subject:** | RE: Ritter v. Adducci - Request for Concurrence |

I am not going to litigate this with you by email. I have had many important and urgent matters today to address too but have made time to adequately address this with you and you by a reasonable conversation. You have been too busy for a call but have had plenty of time to write long emails. We have presented to the court, and the court will determine the outcome.

Thank you,

Kim



**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel:248.351.3000
27777 Franklin Road, Suite 2500
Southfield, MI 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,250 attorneys strong.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Tuesday, June 16, 2026 3:09 PM
**To:** Welford, Jay <jwelford@taftlaw.com>; Clayson, Kim Ross <kclayson@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>
**Cc:** Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** Ritter v. Adducci - Request for Concurrence

All:

The Court imposed a strict 50-page limit on the post-trial brief.

The PDF of your brief is 62 pages, and you filed an extra attachment.

First, excluding the caption, your brief includes 11 pages of preamble material that is not required or authorized in the FRBP or local court rules for a brief of this kind, and which includes substantive arguments.

Second, your brief then contains, starting on page 2, twelve (12) pages of single-spaced Statement of Facts.

Third, starting on page 27 of your brief (page 39 of the PDF), your contains approximately 3 pages of single-spaced Prior Inconsistent Statements under Argument 2.

Fourth, in addition to the 62-page brief (ECF No. 334), Plaintiff filed a separate four-page document captioned as an exhibit or attachment (ECF No. 335), consisting of a transaction summary table purporting to attribute specific bank transactions to the Defendant.

The Court rules require double-spacing size 14 font. With that adjustment, your brief would be will in excess of 50 pages (likely 70 or more). The Court's April 7, 2026 post-trial briefing order authorized one post-trial brief not to exceed 50 pages. It did not authorize the filing of attachments, exhibits, or supplemental materials in connection with that brief. ECF No. 335 is therefore unauthorized and should be stricken along with the overlength brief.

Please advise if you concur in striking your post-Trial brief (334) and the attachment at 335.

Thank you.


Sincerely,
Patrick A. Foley, Esq.



**JOHN R. FOLEY, P.C.**
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**email**: pafoley@foleypc.com
**website**: www.foleypc.com

The information contained in this transmission is confidential and may be attorney-client privileged. It is intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or its contents is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by replying to this e-mail or by notifying sender at phone number (313) 274-7377 and by email to pafoley@foleypc.com and delete this message and any attachment from your system. Thank you.

# Patrick Foley

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Wednesday, June 17, 2026 4:31 PM |
| **To:** | Clayson, Kim Ross |
| **Cc:** | Welford, Jay; Cataldo, R. Christopher; Kelcie M. Foley; Olivia Taylor; Ryan Glavin; Jesse Stec |
| **Subject:** | RE: Ritter v. Adducci - Request for Concurrence |

Kim,

I am not hiding behind a keyboard. I am handling two Chapter 11 matters today, with a client physically in my office. I have responded to every email you have sent within the workday. A phone call is not what is needed here in any event. This is not a misunderstanding to be talked through. It is a question of compliance with the Court's Order and the Local Rules. I have explained our position in writing, plainly. I have offered a Stipulation that resolves the issue cleanly. You have refused.

Your representation that the revised brief only "corrects" the formatting issues we raised is not accurate, and I have now reviewed both briefs side by side.

First, on page count and formatting: the revised brief is 64 pages, two pages *longer* than the 62-page original. That alone refutes any claim that the changes are cosmetic or limited to formatting. By your own table of contents, it is 49 pages of body text plus roughly eleven pages of Roman-numeral preamble, still over the Court's 50-page limit when the preamble is counted, as it must be. And the single-spacing violations under LBR 9004-1(a)(3) that prompted our concurrence request in the first place, the Statement of Facts and the "Inconsistent Statements" section under Argument II, remain in single-spaced narrative prose in the revised brief, not in the numbered-paragraph structure of the rest of the document. The formatting non-compliance is uncured.

Second, and more seriously, the revised brief *does* contain substantive revisions made directly in response to Defendant's Post-Trial Brief (ECF No. 336). These are not stylistic edits. They are new arguments and revised factual assertions. By way of example:

- ECF No. 334 concedes, on the question of wire instructions, that "it is unknown whether" Defendant provided the account number and routing number to Joseph. The revised brief replaces that concession with an affirmative assertion that "Defendant likely gave" those instructions, with no new evidence to support the change. That is a substantive revision to a contested factual inference, introduced after Plaintiff had the opportunity to read Defendant's brief.
- The revised brief adds an entirely new entry to the Inconsistent Statements section under Argument II, "Reading the Purchase Agreement", that does not appear anywhere in ECF No. 334. That entry targets Defendant's deposition and trial testimony on Exhibit J10 and directly addresses Defendant's scienter defense as argued in ECF No. 336.
- The revised brief adds an entirely new passage in Argument Section II leveraging the Court's own question at trial about whether Defendant had a medical condition impairing her memory, and characterizing Defendant's testimony as a "litigation posture." Neither the passage nor the characterization appears anywhere in ECF No. 334.
- The revised brief adds the "dustpan" metaphor in the answer to Question 2 of Section IV, new argumentative framing that does not appear in ECF No. 334 and that responds directly to Defendant's post-trial argument that Melinda Adducci's role was passive and directed entirely by Joseph.
- Section J of the revised brief's Statement of Facts, covering the North Dakota default judgment and the $10,703,971.41 disbursement figure, is elevated to a standalone labeled subsection in the Table of Contents. It does not appear as a standalone subsection in ECF No. 334.

That is precisely the conduct Paragraph 6 of the Stipulation we sent this morning was drafted to prevent, and it is precisely the prejudice our concurrence request was intended to avoid. Plaintiff does not get to file a non-conforming brief on the deadline, read Defendant's conforming brief, and then refile a sharpened brief that takes advantage of having seen our arguments. That advantage is not available to Plaintiff by stipulation, by ex parte application, or by any other procedural vehicle, and it is certainly not available as a reward for Plaintiff's own decision to file a non-conforming brief in the first instance.

The Stipulation we sent earlier remains available. A true conforming refile of ECF No. 334, 50 pages or fewer, double-spaced throughout, all in, exclusive of proof of service, with no attachments and no substantive revisions made in response to ECF No. 336, is the only resolution we will accept short of filing our motion.

Absent an executed Stipulation on those terms by 5:00 p.m. today, we will file.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 3:11 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

This does not count as a meet and confer, I have tried to call you and you are not taking my calls. If you wish to resolve this rather than attempting gamesmanship and hiding behind your keyboard, you should call me to resolve. We are trying to work reasonably with you. We reduced word count and reformatted the statement of facts. None of the arguments have changed and none are a supplement or respond to your brief. We have reply briefs for that opportunity.

Thank you,

Kim

---

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Wednesday, June 17, 2026 2:41 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Kim,

We have reviewed the revised brief you circulated this afternoon. We do not concur, and we will not stipulate to its filing.

The document you sent is not a conforming refile of ECF No. 334. It is a substantively revised brief that sharpens Plaintiff's arguments in direct response to Defendant's Post-Trial Brief (ECF No. 336). That is precisely the conduct Paragraph 6 of the attached Stipulation is drafted to prevent, and it is precisely the prejudice our concurrence request was intended to avoid. Plaintiff does not get to file a 62-page non-conforming brief on the deadline, read Defendant's conforming brief, and then refile a sharpened brief that takes advantage of having seen our arguments. That advantage is not available to Plaintiff by stipulation, by ex parte application, or by any other procedural vehicle, and it is certainly not available as a reward for Plaintiff's own decision to file a non-conforming brief in the first instance.

If Plaintiff files the revised brief in its current form, whether by stipulation, by ex parte application, or otherwise, we will oppose and move to strike. Your suggestion that Plaintiff intends to seek the same relief on an ex parte basis tomorrow is not a permissible use of ex parte procedure. Ex parte relief is unavailable where the relief sought materially prejudices the opposing party, and a motion for leave to file a substantively revised post-trial brief after sight of the opposing brief is, by definition, prejudicial. Any such filing will be met with an immediate objection.

Attached is a proposed Stipulation for Entry of Order Regarding Plaintiff's Post-Trial Brief, together with the proposed Order. Plaintiff may withdraw ECF Nos. 334 and 335 and refile a single conforming brief, 50 pages or fewer, double-spaced throughout, all in, exclusive of proof of service, that is a true refile of ECF No. 334 and does not revise, supplement, or amend the substance of the brief in response to ECF No. 336. That is the only resolution we will accept short of filing our motion.

Absent an executed Stipulation on those terms in hand by 4:30 p.m. today, we will file.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 2:26 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

I have not heard from you despite my text message to you and the below email. Attached is a proposed stipulation and the revised brief to resolve your objections. If you concur, please advise that I may add your name to the stipulation and file with the court. If I do not hear from you today, we will seek the same relief on an ex parte basis tomorrow and advise the court of our effort to resolve this with your consent.

Thank you,

Kim

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Wednesday, June 17, 2026 10:45 AM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Patrick,

Pursuant to the local rules, we need to have a meet and confer to discuss your objections. That is a request that you should have made yesterday. However, we are interested in getting this resolved and are prepared to resolve your objections through an amended brief which we expect to have ready today. In order to do that, you and I need to discuss the appropriate way to bring this to the court's attention. Please advise of your availability today. I am free at 1pm, 2:30pm, 3pm and 4:30pm. Failing your response to this email, we will seek ex parte relief to file a corrected brief addressing your objections and advise the court of our effort to timely resolve your objections with agreement.

Thank you,

Kim

**From:** Patrick Foley <pafoley@foleypc.com>
**Sent:** Tuesday, June 16, 2026 4:30 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** RE: Ritter v. Adducci - Request for Concurrence

Kim,

Thank you for your response, but you have answered a question we did not ask.

The issue is straightforward. The Court's April 8, 2026 Order (ECF No. 325) limits each post-trial brief to 50 pages. ECF No. 334 is, by its own footer, 62 pages. Nothing in the Order, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules authorizes the first twelve pages to be numbered separately in Roman numerals and excluded from the page count, particularly where, as here, the Statement of Issues contains substantive argument. Separately, LBR 9004-1(a)(3) requires double-spacing except for quoted material, and the Statement of Facts (pp. 2–13) and portions of Argument II (pp. 27–30) are single-spaced narrative prose that falls within no exception. Finally, ECF No. 335 was filed without any authorization in the Order, which permitted one brief and nothing further.

Please advise by close of business, whether Plaintiff concurs.


Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.

Phone: (313) 274-7377
Email: pafoley@foleypc.com

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Tuesday, June 16, 2026 3:29 PM
**To:** Patrick Foley <pafoley@foleypc.com>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Cataldo, R. Christopher <ccataldo@taftlaw.com>; Kelcie M. Foley <kmfoley@foleypc.com>; Olivia Taylor <otaylor@jrfpc.net>; Ryan Glavin <rglavin@foleypc.com>; Jesse Stec <jrstec@foleypc.com>
**Subject:** Re: Ritter v. Adducci - Request for Concurrence

Patrick,

What rules prohibit a table of contents and table of authority? Please specify.

Kim

**Kimberly Ross Clayson**
Partner
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Road, Suite 2500
Southfield, MI 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,250 attorneys strong.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

On Jun 16, 2026, at 3:09 PM, Patrick Foley <pafoley@foleypc.com> wrote:

All:

The Court imposed a strict 50-page limit on the post-trial brief.

The PDF of your brief is 62 pages, and you filed an extra attachment.

First, excluding the caption, your brief includes 11 pages of preamble material that is not required or authorized in the FRBP or local court rules for a brief of this kind, and which includes substantive arguments.

Second, your brief then contains, starting on page 2, twelve (12) pages of single-spaced Statement of Facts.

Third, starting on page 27 of your brief (page 39 of the PDF), your contains approximately 3 pages of single-spaced Prior Inconsistent Statements under Argument 2.

Fourth, in addition to the 62-page brief (ECF No. 334), Plaintiff filed a separate four-page document captioned as an exhibit or attachment (ECF No. 335), consisting of a transaction summary table purporting to attribute specific bank transactions to the Defendant.

The Court rules require double-spacing size 14 font. With that adjustment, your brief would be will in excess of 50 pages (likely 70 or more). The Court's April 7, 2026 post-trial briefing order authorized one post-trial brief not to exceed 50 pages. It did not authorize the filing of attachments, exhibits, or supplemental materials in connection with that brief. ECF No. 335 is therefore unauthorized and should be stricken along with the overlength brief.

Please advise if you concur in striking your post-Trial brief (334) and the attachment at 335.

Thank you.


Sincerely,
Patrick A. Foley, Esq.
<image001.jpg>
**JOHN R. FOLEY, P.C.**
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**email**: pafoley@foleypc.com
**website**: www.foleypc.com

The information contained in this transmission is confidential and may be attorney-client privileged. It is intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or its contents is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by replying to this e-mail or by notifying sender at phone number (313) 274-7377 and by email to pafoley@foleypc.com and delete this message and any attachment from your system. Thank you.

# Exhibit 6b

20-04381-lsg    Doc 343    Filed 06/17/26    Entered 06/17/26 19:25:26    Page 30 of 34

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtors*.

THOMAS T. RITTER,

*Plaintiff,*

v.

MELINDA J. ADDUCCI,

*Defendant.*

Bank. Case No. 19-54531-lsg
Chapter 7
Hon. Lisa S. Gretchko

Adv. Pro. No. 20-04381-lsg
Hon. Lisa S. Gretchko

## STIPULATION FOR ENTRY OF ORDER REGARDING PLAINTIFF'S POST-TRIAL BRIEF

Plaintiff Thomas T. Ritter, by and through counsel, and Defendant Melinda J. Adducci, by and through counsel, hereby stipulate and agree as follows:

1. On April 8, 2026, this Court entered its Order Setting Post-Trial Briefing Schedule (ECF No. 325), which directed each party to file a post-trial brief not to exceed 50 pages in length by June 15, 2026.

2. On June 15, 2026, Plaintiff filed his Post-Trial Brief at ECF No. 334 and a separate Attachment A at ECF No. 335.

3. The parties stipulate that ECF Nos. 334 and 335 shall be withdrawn from the docket.

4. The parties further stipulate that Plaintiff shall file a single, conforming post-trial brief no later than Friday, June 19, 2026 at 5:00 p.m.

5. A conforming post-trial brief, for purposes of this Stipulation and the Order entered hereon, means a single document of 50 pages or fewer, double-spaced throughout, exclusive of the proof of service only. No attachments, exhibits, appendices, or supplemental filings of any kind are authorized in connection with the refiled brief.

6. The refiled brief shall be a conforming refile of Plaintiff's original post-trial brief. Plaintiff shall not use the refiling as an opportunity to revise, supplement, or amend the substance of the brief, or to address arguments,

authorities, or evidence raised or presented in Defendant's Post-Trial Brief (ECF No. 333).

7.     All other deadlines set forth in the Court's April 8, 2026 Order (ECF No. 325), including the July 13, 2026 deadline for reply briefs not to exceed 14 pages, remain in full force and effect.

8.     The parties request that this Court enter the Order set forth below.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER, LLP** | **JOHN R. FOLEY, P.C.** |
| By: */s/Kimberly Ross Clayson* | By: */s/Patrick A. Foley* |
| Jay L. Welford (P34471) | Patrick A. Foley (P74323) |
| R. Christopher Cataldo (P39353) | 18572 W. Outer Drive |
| Kimberly Ross Clayson (P69804) | Dearborn, MI 48128 |
| 27777 Franklin, Suite 2500 | 313-274-7377 |
| Southfield, MI 48034 | pafoley@jrfpc.net |
| (248) 351-3000 | |
| jwelford@taftlaw.com | |
| ccataldo@taftlaw.com | |
| kclayson@taftlaw.com | |
| | |
| *Counsel to Plaintiff, Thomas T. Ritter* | *Counsel for Defendant, Melinda J. Adducci* |
| | |
| Dated: June 17, 2026 | Dated: June 17, 2026 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**In the Matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                              *Debtors.*

Bank. Case No. 19-54531-lsg
Chapter 7
Hon. Lisa S. Gretchko

THOMAS T. RITTER,
                              *Plaintiff,*

v.

MELINDA J. ADDUCCI,
                              *Defendant.*

Adv. Pro. No. 20-04381-lsg
Hon. Lisa S. Gretchko

## ORDER REGARDING PLAINTIFF'S POST-TRIAL BRIEF

**THIS MATTER** having come before the Court upon the Stipulation of the parties for entry of an Order Regarding Plaintiff's Post-Trial Brief; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Post-Trial Brief (ECF No. 334) and Attachment A (ECF No. 335) are hereby withdrawn from the docket.

2.      Plaintiff shall file a single, conforming post-trial brief no later than **Friday, June 19, 2026 at 5:00 p.m.**

3.      A conforming post-trial brief means a single document of 50 pages or fewer, double-spaced throughout, in compliance with E.D. Mich. LBR 9004-1(a)(3), exclusive of the proof of service only. No attachments, exhibits,

appendices, or supplemental filings of any kind are authorized in connection with the refiled brief.

4. The refiled brief shall constitute a conforming refile of Plaintiff's original post-trial brief. Plaintiff shall not revise, supplement, or amend the substance of the brief, or address arguments, authorities, or evidence raised or presented in Defendant's Post-Trial Brief (ECF No. 333), in the refiled brief.

5. Defendant may object to the extent that there are any substantive changes or expansions in Plaintiff's new brief.

6. All other deadlines set forth in the Court's April 8, 2026 Order (ECF No. 325), including the July 13, 2026 deadline for reply briefs not to exceed 14 pages, remain in full force and effect.